IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARTH O. GREEN ENTERPRISES, INC., a Utah corporation; GARTH O. GREEN, an individual; and MICHAEL GREEN, an individual,<br><br>    Plaintiffs, Counterclaim Defendants<br><br>v.<br><br>RANDALL HARWARD, an individual; RICHARD HARWARD, an individual; HARWARD IRRIGATION SYSTEMS, INC., a Utah corporation; GRASS VALLEY HOLDINGS, L.P.; RICHARD N. REESE, an individual; STANDARD PLUMBING SUPPLY COMPANY, INC., a Utah corporation; DOES 1-10; and ROE CORPORATIONS 1-X;<br><br>    Defendants, Counterclaim Plaintiffs. | **MEMORANDUM DECISION AND ORDER**<br><br>**DENYING THE GREEN PARTIES' MOTION TO REMAND [6]**<br><br>**DENYING THE GREEN PARTIES' MOTION FOR EXTENSION [29]**<br><br>**AND**<br><br>**REFERRING GRASS VALLEY'S MOTION FOR ESTIMATION [23] TO BANKRUPTCY JUDGE MOSIER**<br><br>Case No. 2:15-cv-00556-DN<br><br>District Judge David Nuffer |

There are three pending motions in this bankruptcy case for which the automatic reference to the bankruptcy court has been withdrawn: (1) a motion to remand to state court ("6 Motion to Remand");[1] (2) a motion for estimation of claims ("23 Motion for Estimation");[2] and (3) a motion for extension of time to respond to the motion for estimation ("29 Motion for Extension").[3] This memorandum decision and order addresses each of these motions.

---

[1] Motion to Remand, Motion to Abstain and Responsive Statement to Notice of Removal and Supporting Memorandum ("6 Motion to Remand"), docket no. 6, filed August 26, 2015.

[2] Motion for Estimation of Claims ("23 Motion for Estimation"), docket no. 23, filed November 13, 2015.

[3] Ex Parte Motion for Extension of Time ("29 Motion for Extension"), docket no. 29, filed November 25, 2015.

**6 MOTION TO REMAND**

28 U.S.C. § 1452 provides that cases involving bankruptcy matters may be removed to federal district court, and

> [t]he court to which such claim or cause of action is removed *may* remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.[4]

Therefore, under § 1452, the decision whether to remand is within a district court's discretion and is not appealable. Here, remand is not appropriate because the reasons set forth by the Green Parties[5] are insufficient to support a remand. The Green Parties' reasons for remand are as follows:

(1) The Motion to Remand has been timely filed;
(2) The District Court lacks subject matter jurisdiction over the removed action pursuant to 28 U.S.C. § 1334 and there is no other basis for subject matter jurisdiction;
(3) The District Court is required to abstain from the removed State Court Action pursuant to 28 U.S.C. § 1334(c)(2); and
(4) The Notice of Removal does not comply with Rule 9027 of the Federal Rules of Bankruptcy Procedure.[6]

First, mere timely filing of a motion does not warrant granting of a motion. Rather, timely filing is required of all motions. While the Green Parties are correct that timely filing is one of the factors to consider when deciding whether to abstain,[7] timely filing alone is not sufficient to

---

[4] 28 U.S.C. § 1452(b) (emphasis added).

[5] The "Green Parties" are identified in the 29 Motion for Extension as "Garth O. Green Enterprises, Inc., Michael Green, Garth Green, GW Green Family Limited Partnership and Wendy Green." 29 Motion for Extension at 1.

[6] 6 Motion to Remand at 3.

[7] Reply Memorandum in Support of Motion to Remand, Motion to Abstain and Responsive Statement to Notice of Removal and Supporting Memorandum ("6 Reply") at 21, docket no. 16, filed October 5, 2015 (citing *In re Midgard Corp.*, 204 B.R. 764, 779 (10th Cir. B.A.P. 1997)).

grant the 6 Motion to Remand. Thus, remand is not appropriate simply because the motion was filed on time.

Second, this court does not lack subject matter jurisdiction under § 1334. District courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[8] This case—which is the adversary case filed originally in bankruptcy court by Standard Plumbing—"arises in" and is "related to" title 11. "Proceedings 'arising in' a bankruptcy case are those that could not exist outside of a bankruptcy case, but that are not causes of action created by the Bankruptcy Code."[9] "A proceeding is 'related to' a bankruptcy case if it could have been commenced in federal or state court independently of the bankruptcy case, but the outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy."[10] This case does not raise causes of action created by the Bankruptcy Code, but it could not exist outside the bankruptcy case filed by Grass Valley because it is an adversary case filed pursuant to Grass Valley's chapter 11 bankruptcy, which is undoubtedly governed by title 11. Therefore, this case "arises in" title 11.[11] Also, since the outcome of this adversary proceeding could conceivably have an effect on the estate being administered in bankruptcy, it is a case "related to" a case under title 11.[12] Thus, this federal district court has jurisdiction under § 1334. The Green Parties' argue unconvincingly that prior decisions from other Utah district court judges remanding this case to state court support remand now. Those prior decisions do not have preclusive, binding effect because the circumstances and facts of this case are different than when those decisions were issued. For

---

[8] 28 U.S.C. § 1334(b).

[9] *In re Midgard*, 204 B.R. at 771.

[10] *Id.* (internal quotation marks and citations omitted).

[11] *Id.*

[12] *Id.*

3

example, both decisions were issued before Grass Valley filed bankruptcy and invoked title 11, and they were both issued before Standard was added as a party. Now that Grass Valley has filed bankruptcy and has invoked title 11, and Standard is a party, the prior decisions do not have preclusive effect. Thus, contrary to the Green Parties' arguments, the district court has subject matter jurisdiction under § 1334 and remand is not appropriate.

Third, the district court is not required to abstain from this matter under § 1334(c)(2). Subsection 1334(c)(2) requires a district court to abstain from hearing proceedings "based upon a State law claim or State law cause of action . . . if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."[13] The "burden of proving timely adjudication is on the party seeking abstention,"[14] but the Green Parties have not carried that burden.[15] Standard correctly cites to *In re Midgard* and explains that "the phrase 'timely adjudication' is not defined in the Bankruptcy Code," but '[c]ourts interpreting this phrase have focused on whether allowing an action to proceed in state court will have any unfavorable effect on the administration of a bankruptcy case.'"[16] Standard explains that the bankruptcy case is "inextricably tied" to the state court action since the Green Parties have named the Debtor, Grass Valley, as a defendant and filed a *lis pendens* against five of Grass Valley's commercial buildings.[17] Standard argues that the state court action is "essentially no closer to trial than it was at the end of 2013."[18] Also, as the Green Parties note in their Reply, the bankruptcy case is a "chapter 11 reorganization case" in which "a plan needs to be formulated and confirmed by

---

[13] 28 U.S.C. § 1334(c)(2).

[14] *In re Midgard*, 204 B.R. at 778.

[15] 6 Motion for Remand at 19-20.

[16] Standard Plumbing Supply Company's Memorandum in Opposition to Plaintiffs' Motion to Abstain and Remand to State Court at 10, docket no. 9, filed September 9, 2015 (quoting *In re Midgard*, 204 B.R. at 778).

[17] *Id.* at 11.

[18] *Id.*

4

Grass Valley."[19] Thus, the case should not be remanded to state court because the ability to resolve the bankruptcy case greatly relies on federal courts. The ability to resolve the bankruptcy case will be impaired by untimely adjudication in state court, and therefore, the case will remain in federal court.

Finally, the Green Parties are correct that the original Notice of Removal did not state whether the proceeding was "core" or "non-core;" did not state whether Standard Plumbing consented to the jurisdiction of the bankruptcy court; and did not include all process and pleadings.[20] But such failures are not fatal to the Notice because they are not jurisdictional failures.[21] Moreover, Standard filed a Supplement to its Notice of Removal on August 21, 2015 stating that the matter is non-core and stating that it consented to the jurisdiction of the bankruptcy court.[22] Thus, the Green Parties are incorrect that remand is warranted because Standard initially failed to comply with Rule 9027. Any errors were not fatal to jurisdiction, and in any event, were cured within a reasonable time.

Because the Green Parties' arguments for remand or abstention fail, the 6 Motion for Remand is DENIED and the case will not be remanded to state court. This decision is not appealable.[23]

## 29 MOTION FOR EXTENSION

The 29 Motion for Extension was filed by the Green Parties. They seek to "extend the time for filing [their] opposition memorandum to the [23 Motion for Estimation]" until "after this

---

[19] 6 Reply at 24-25, docket no. 16, filed October 5, 2015.

[20] 6 Motion to Remand at 14.

[21] *Kirk v. Hendon (In re Heinsohn)*, 247 B.R. 237, 242 (E.D. Tenn. 2000) (allowing defect in notice to be corrected because it was not jurisdictional, and holding that failure to state "core" or "non-core" was not fatal); *Mid-Atlantic Resources Corp.*, 283 B.R. 176, 185-86 (S.D. W.Va. 2002) (holding that "non-compliance [with Rule 9027] is not fatal to the removal").

[22] Notice of Filing of Supplement to Notice of Removal of Civil Action, docket no. 5, filed August 24, 2015.

[23] 28 U.S.C. § 1452(b) ("a decision to not remand, is not reviewable by appeal or otherwise . . . .").

Court rules on their pending [6 Motion to Remand]."[24] The Green Parties argue that they should not have to file a response to the 23 Motion for Estimation until the 6 Motion to Remand is decided because if the 6 Motion to Remand is granted, "this case will be remanded back to the Fourth District Court for the State of Utah, and the [23 Motion for Estimation] . . . will be rendered moot."[25] A docket text order was entered stating that the 29 Motion for Extension was being taken under advisement and that the deadline to respond to the 23 Motion for Estimation would be extended until the 29 Motion for Extension was resolved.[26]

After the docket text order was entered, Grass Valley filed a response to the 29 Motion for Extension.[27] Grass Valley argues that the 29 Motion for Extension should be denied because "whether the case is remanded to State Court or not, this estimation proceeding request will not be rendered moot, as it is not a proceeding that can be undertaken by the State Court."[28]

Grass Valley is correct. Even if the case is remanded to state court, the 23 Motion for Estimation cannot be resolved by a state court because it is brought under 11 U.S.C. § 502(c). Federal courts have original and exclusive jurisdiction over matters brought under title 11 of the United States Code.[29] Therefore, the Green Parties are incorrect that the 23 Motion for Estimation will be rendered moot if the case is remanded to state court. If the case is remanded, federal courts will still have jurisdiction over the estimation request because it is a proceeding brought under title 11. Therefore, the Green Parties' 29 Motion for Extension is DENIED.

---

[24] 29 Motion for Extension at 2-3.

[25] *Id.* at 4.

[26] Docket Text Order, docket no. 31, entered December 1, 2015.

[27] Response to Ex Parte Motion for Extension of Time ("29 Response"), docket no. 32, filed December 1, 2015.

[28] *Id.* at 2.

[29] 28 U.S.C. § 1334 (providing that "district courts shall have original and exclusive jurisdiction of all cases under title 11").

## 23 MOTION FOR ESTIMATION

A district court "may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."[30] Thus, a district court may refer any proceeding involving title 11 to a bankruptcy judge for the district.

Grass Valley originally brought a motion for estimation before the bankruptcy court,[31] but the bankruptcy court decided not to resolve the motion because it lacked jurisdiction.[32] This was true *at that time* because the automatic reference was withdrawn. However, estimation is a "core proceeding" under 28 U.S.C. § 157(b)(2)(B). The bankruptcy court is better suited to handle motions for estimation. Accordingly, the 23 Motion for Estimation is referred back to the bankruptcy court, and the bankruptcy court has jurisdiction to hear and issue a decision on the 23 Motion for Estimation. The motion is referred to Bankruptcy Judge R. Kimball Mosier. Referral of the 23 Motion for Estimation is appropriate because it is brought under title 11.[33]

This referral does not negate the withdrawal of automatic reference.[34] Final judgment of the claims, which are grounded in state law, will still be decided by this court. The bankruptcy court will not enter final judgment on those claims. Instead, the bankruptcy court will "submit proposed findings of fact and conclusions of law to the district court [with respect to estimation], and any final order or judgment shall be entered by the district judge after considering the

---

[30] 28 U.S.C. § 157(a).

[31] 23 Motion for Estimation at 2, ¶ 1.

[32] *Id.* at 4, ¶ 11.

[33] *Id.* at 1 (moving for "an order pursuant to 11 U.S.C. § 502(c) for the estimation of claims . . . .").

[34] *See* Order Granting Motion for Withdrawal of Reference to the United States District Court, docket no. 10, entered September 21, 2015.

bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected."[35]

## ORDER

IT IS HEREBY ORDERED that the 6 Motion to Remand[36] is DENIED.

IT IS FURTHER ORDERED that the 29 Motion for Extension[37] is DENIED.

IT IS FURTHER ORDERED that the 23 Motion for Estimation[38] is referred to Bankruptcy Judge R. Kimball Mosier. If any further briefing is needed on the 23 Motion for Estimation, Judge Mosier will set a schedule for such briefing. If Judge Mosier determines no further briefing is necessary, he will notify the parties that no further briefing on that motion is necessary. Within 7 days of being notified whether additional briefing on the motion for estimation is necessary, the parties must file in this court a Joint Motion for Scheduling Order and Proposed Schedule so that the underlying claims can move forward for timely resolution.

Dated February 1, 2016.

BY THE COURT:

David Nuffer
United States District Judge

---

[35] 28 U.S.C. § 157(c)(1).

[36] Motion to Remand, Motion to Abstain and Responsive Statement to Notice of Removal and Supporting Memorandum ("6 Motion to Remand"), docket no. 6, filed August 26, 2015.

[37] Ex Parte Motion for Extension of Time ("29 Motion for Extension"), docket no. 29, filed November 25, 2015.

[38] Motion for Estimation of Claims ("23 Motion for Estimation"), docket no. 23, filed November 13, 2015.