## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>GRASS VELLEY HOLDINGS, L.P.,<br><br>Debtor. | Bankruptcy Case No. 2:15-bk-24513<br>Chapter 11<br>Judge R. Kimball Mosier<br>Adversary Proceeding No. 2:15-ap-2141<br>(terminated) |
| GARTH O. GREEN ENTERPRISES, INC., a Utah corporation; GARTH O. GREEN, an individual; and MICHAEL GREEN, an individual,<br><br>Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>RANDALL HARWARD, an individual; RICHARD HARWARD, an individual; HARWARD IRRIGATION SYSTEMS, INC., a Utah corporation; GRASS VALLEY HOLDINGS, L.P.; RICHARD N. REESE, an individual; STANDARD PLUMBING SUPPLY COMPANY, INC., a Utah corporation; DOES 1-10; and ROE CORPORATIONS I-X,<br><br>Defendants and Counterclaim Plaintiffs. | **MEMORANDUM DECISION AND ORDER DENYING STANDARD PLUMBING SUPPLY COMPANY, INC. AND RICHARD N. REESE'S MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF THE STATE COURT'S MARCH 6, 2015 ORAL RULING REGARDING MOTION FOR RELEASE OF NOTICE OF *LIS PENDENS***<br><br>Case No. 2:15-cv-00556-DN<br>District Judge David Nuffer<br><br>Removed State Court Case:<br>Fourth Judicial District Court, for the State of Utah, Utah County<br>Case No. 130400184 |
| RICHARD N. REESE, an individual and STANDARD PLUMBING SUPPLY COMPANY, INC., a Utah corporation,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>GW GREEN FAMILY LIMITED PARTNERSHIP, a Utah limited partnership and WENDY GREEN, an individual,<br><br>Third-Party Defendants. | |

## BACKGROUND

On October 2, 2014, Richard N. Reese and Standard Plumbing Supply Company, Inc.
(collectively "Standard Parties") filed a motion to remove five notices of *lis pendens* that were
recorded by Plaintiffs ("Greens") against property leased by Standard Plumbing.[1] The notices of
*lis pendens* were filed pursuant to Utah Code § 78B-6-1304.

On March 6, 2015, the Fourth Judicial District Court for Utah County, State of Utah, held
a hearing on the motion and heard argument from the Standard Parties and from the Greens
about whether the notices of *lis pendens* should be removed.[2] Judge Laycock indicated that she
and her clerk had read through all the briefing, was familiar with the cases cited by the parties,
and had carefully considered the arguments made in the briefing and at the hearing.[3] For two and
a half pages, Judge Laycock explains why she rejects the arguments of the Standard Parties and
would not remove the five notices of *lis pendens* on the subject properties.[4]

Judge Laycock also indicated, however, that additional briefing on the bond issue would
be required.[5] During the hearing, the Standard Parties indicated that if Judge Laycock denied the
request to remove the notices, the Greens should be required to post a bond "from $108,000
up."[6] Judge Laycock did not rule on the bond issue.[7]

---

[1] Motion for Release of Notice of *Lis Pendens* ("Motion") at 2, docket no. 56, filed Apr. 29, 2016.

[2] March 6, 2015 Hearing Transcript ("Tr."), docket no. 59, filed Apr. 29, 2016.

[3] Tr. at 52:1-8, 54:3-8.

[4] Tr. at 52:1-54:16.

[5] Tr. at 54:18-19.

[6] Tr. at 26:16-17.

[7] Tr. at 54:17-18.

On March 24, 2015, the Standard Parties submitted supplemental briefing with respect to their request for a bond.[8] The Standard Parties explained that they had retained a real estate expert by the name of Russell K. Booth to determine the extent of the harm suffered by the Standard Parties and the Harward Parties (Randall Harward, Richard Harward, Harward Irrigaiton Systems, Inc., and Grass Valley Holdings, LP together are the "Harward Parties") as a result of the recording of the five notices of *lis pendens*.[9] The Standard Parties' brief indicated that "the total harm to all defendants as a result of the *lis pendens* is calculated in Mr. Booth's report to total $17,051,932.51."[10] The Greens opposed the Standard Parties' positions, and argued that a bond should not be required.[11] Judge Laycock never ruled on the bond issue because the case was removed to federal court shortly after the supplemental filings were made.

The Standard Parties now move for reconsideration of the state court's ruling ("Motion for Reconsideration").[12] The Standard Parties make many of the same arguments they made to the state court: that specific performance is impossible;[13] that the *lis pendens* notices are invalid against a prior conveyance;[14] that the *lis pendens* notices are overbroad;[15] and that the *lis pendens* notices were used for an improper purpose.[16] But those arguments were addressed and

---

[8] Defendants' Joint Supplemental Briefing on the Issue of a Lis Pendens Guarantee, docket no. 63, filed Apr. 29, 2016.

[9] Defendants' Joint Supplemental Briefing on the Issue of a Lis Pendens Guarantee at 3, docket no. 63, filed Apr. 29, 2016.

[10] Defendants' Joint Supplemental Briefing on the Issue of a Lis Pendens Guarantee at 3, docket no. 63, filed Apr. 29, 2016.

[11] Supplemental Brief in Further Opposition to a Lis Pendens Bond, docket no. 63-1, filed Apr. 29, 2016.

[12] Defendants, Counterclaim Plaintiffs, and Third-Party Plaitniffs Standard Plumbing Supply Company, Inc. and Richard N. Reese's Motion for Reconsideration of the State Court's March 6, 2015 Oral Ruling Regarding Motion for Release of Notice of *Lis Pendens* ("Motion for Reconsideration"), docket no. 68, filed May 13, 2016.

[13] Motion for Reconsideration at 1.

[14] Motion for Reconsideration at 3.

[15] Motion for Reconsideration at 4.

[16] Motion for Reconsideration at 8.

rejected by the state court in its oral ruling on March 6, 2015. The state court ruled that specific performance was not "totally impossible at this point;"[17] that the timing of the *lis pendens* notices was not material;[18] and that the notices of *lis pendens* were "serving the purpose for which the law allows in the State of Utah."[19] The state court found it significant that "the properties here were not deeded away," so this case could be distinguished from the cases from other jurisdictions cited by the Standard Parties in which property was deeded away before the filing of a *lis pendens* notice.[20]

## STANDARD FOR RECONSIDERATION

Motions to reconsider, to the extent such motions are recognized, are disfavored.[21] A court may reconsider a prior ruling based on "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice."[22] Under this standard, the Motion for Reconsideration is DENIED.

## DISCUSSION

An initial issue created by the Motion for Reconsideration is whether a federal court may "reconsider" a ruling by a state court. The state court ruling was not issued by this federal court, so there is nothing for the federal court to "reconsider." However, Rule 54 of the Federal Rules of Civil Procedure explains that

---

[17] Tr. at 53:24-25.

[18] Tr. at 54:7-16.

[19] Tr. at 53:19-20.

[20] Tr. at 54:13-14; *see* Tr. at 17:16-22 ("It seems totally logical that if I have already given my property away through a deed, there's nothing for a li[s] pendens to be filed upon anymore because it's gone. . . . But if I still have my property and I've rented it out, isn't that a different story?").

[21] *Whittington v. Taco Bell of Am., Inc.*, No. 10-1884, 2012 WL 3705046, at *2 (D. Colo. Aug. 27, 2012) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990)); *see Warren v. Am. Bankers Ins. of Fl.*, 507 F.3d 1239, 1243 (10th Cir. 2007) (stating that for twenty years, the Tenth Circuit has "admonished counsel that the Federal Rules of Civil Procedure do not recognize that creature known all too well as the 'motion to reconsider' or 'motion for reconsideration.').

[22] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment . . . .[23]

The state court's ruling on the *lis pendens* notices is an "order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" and therefore it can be revised by this court if necessary. However, as explained above, motions for reconsideration are disfavored and will only be granted if the standard for reconsideration, noted above, is met. That standard is not met here for the following reasons.

**Changes to the Utah *Lis Pendens* Statute Do Not Warrant Reconsideration of the Ruling**

The change to existing law that is cited by the Standard Parties—an amendment to the "Utah *lis pendens* statute"[24]—does not establish that the state court ruling should be revisited or that the *lis pendens* notices should be removed. The Standard Parties do not show that the notices fail to provide a "specific" legal description of "only" the property affected. The Standard Parties state that the *lis pendens* notices are overbroad because they claim the entire acreage of the properties, but fail to explain *why* this would fail the "specific" description language in the statute. As long as the notice describes the property that is affected by the lawsuit, it would seem to have a sufficient description. The Standard Parties cite no authority holding to the contrary. Further, the Standard Parties' argument that the Utah *lis pendens* statute added a treble damages clause, thus "recognize[ing] that *lis pendens* are subject to potential abuse, which can greatly harm the owners and lessees of real property,"[25] does not show that the state court ruling should be revised or that the *lis pendens* notices should be removed. According to the portions of the statute quoted by the Standard Parties, treble damages only apply if the *lis pendens* is

---

[23] Fed. R. Civ. P. 54(b).

[24] Motion for Reconsideration at 9.

[25] Motion for Reconsideration at 9.

"groundless" or "contains an intentional material misstatement or false claim."[26] The Standard Parties do not show that the notices of *lis pendens* are "groundless" or contain an "intentional material misstatement or false claim."[27] Thus, the changes to the *lis pendens* statute cited by the Standard Parties do not warrant reconsideration of the state court ruling.

## There Is No New Evidence

Second, the Standard Parties argue that "Sprinkler World has continued to change, further exacerbating the impossibility of specific performance as a remedy."[28] Changes over the last nineteen months, the Standard Parties argue, are "new evidence" that mandates reconsideration. This is incorrect. The Standard Parties raised the "changed business" argument to the state court, and the court rejected the argument. *More* changes to the business do not constitute *new* evidence; they constitute the same evidence—changed circumstances. The Standard Parties' argument would legitimize delay of proceedings involving sales of business as a specific performance avoidance tactic. Thus, the Standard Parties have not shown *new* evidence or other equitable considerations which warrant reconsideration.

## The State Court Ruling is Not Clearly Erroneous

Finally, the state court's March 6, 2015 ruling denying the Standard Parties' request to remove the notices of *lis pendens* was not clearly erroneous. The ruling is supported by the finding that specific performance was still an available remedy. Specific performance may be complicated, but the state court explained that it could still be an available remedy. The Standard Parties take issue that the state court did not specifically describe how specific performance

---

[26] Motion for Reconsideration at 9.

[27] Motion for Reconsideration at 9.

[28] Motion for Reconsideration at 9.

could work,[29] but do not cite any authority holding that a detailed explanation of specific

performance is required. Instead, the Standard Parties state that "under any analysis," specific

performance is "impossible owing to myriad changes to Sprinkler World between January 2013

and the present."[30] The Standard Parties do not explain any of the analyses to which they refer,

and cite only to their own version of the facts for support. Although it may be difficult to sort out

and not a preferred solution or remedy, specific performance could still be ordered in this case.[31]

As an equitable remedy, specific performance is left to the court's discretion.[32] Thus, the state

court ruling is not clearly erroneous. The other arguments raised by the Standard Parties have

been addressed by this memorandum decision and order or by the state court ruling, and have

been rejected. Thus, the state court ruling is not clearly erroneous and the Motion for

Reconsideration is DENIED.

### The Notices of *Lis Pendens* Will Be Released By Settlement Agreement

The relief requested by the Standard Parties—release of the notices of *lis pendens*—may

be accomplished by a recent settlement agreement between the Harward Parties, who own the

subject properties, and the Greens.[33] Under the settlement agreement, the Greens "must deliver

releases of lis pendens" to an escrow officer, which will leave the properties free from the

---

[29] Motion for Reconsideration at 6.

[30] Motion for Reconsideration at 6.

[31] *See* 71 Am. Jur. 2d Specific Performance § 107 ("Specific performance has been decreed in a number of cases notwithstanding the fact that the vendor had made improvements after executing the contract or option for sale of the property, the decree in some instances being conditioned upon reimbursement to the vendor of the value of such improvements, while under the particular circumstances of other cases, reimbursement was not required. *Also, a vendee has been granted specific performance as against the vendor's subsequent grantee who had improved the property because the subsequent grantee made the purchase and added the improvements with constructive knowledge of the original vendee's contract.*" (emphasis added)).

[32] *El Paso Natural Gas Co. v. Western Bldg. Assoc.*, 675 F.2d 1135, 1142 (10th Cir. 1982) ("Specific performance rests in the discretion of the trial court, to be exercised in accordance with general principles of equity jurisprudence. A party seeking equitable relief must be prepared to give in return that which is just and equitable.").

[33] Opposition Memorandum to Defendants, Counterclaim Plaintiffs, and Third-Party Plaintiffs Standard Plubming [sic] Supply Company, Inc. and Richard N. Reese's Motion for Reconsideration of the State Court's March 6, 2015 Oral Ruling Regarding Motion for Release of Notice of *Lis Pendens*, ¶¶ 3-8, docket no. 97, filed July 29, 2016.

notices of *lis pendens*.[34] Thus, the relief the Standard Parties seek will be provided through a separate avenue and there is no need for a ruling ordering release of the notices. This is an independent ground on which the Motion for Reconsideration is denied.

The Standard Parties argue that this is the incorrect conclusion because they are not a party to the settlement agreement.[35] The Standard Parties argue that they have been damaged by the Greens' invalid *lis pendens* filings, and that a guarantee should be posted to protect against those damages.[36] The Standard Parties cite to the following statute:

> Upon a motion by any person with an interest in the real property that is the subject of a notice of pendency, a court may, at any time after the notice has been recorded, require, as a condition of maintaining the notice, that the claimant provide security to the moving party in the amount and form directed by the court, regardless of whether the court has received an application to release [the notice].[37]

While the Standard Parties are correct that "any person with an interest in the real property" may *move* the court for the posting of a bond, the decision is left to the court's discretion. Throughout the Standard Parties' briefing, the Standard Parties seem to suggest that a notice of *lis pendens* must be accompanied by a bond.[38] The plain language of the statute contradicts that suggestion.

---

[34] *Id.* ¶ 6.

[35] Defendants Standard Plumbing Supply Company, Inc. And Richard N. Reese's Reply Memorandum In Support Of Motion For Reconsideration Of The State Court's March 6, 2015 Oral Ruling Regarding Motion For Release Of Notice Of *Lis Pendens* at 3, docket no. 113, filed Aug. 15, 2016.

[36] Defendants Standard Plumbing Supply Company, Inc. And Richard N. Reese's Reply Memorandum In Support Of Motion For Reconsideration Of The State Court's March 6, 2015 Oral Ruling Regarding Motion For Release Of Notice Of *Lis Pendens* at 9, docket no. 113, filed Aug. 15, 2016.

[37] Utah Code § 78B-6-1304(5) (formerly 78B-6-1304(4)).

[38] *E.g.*, Reply at 10 ("Simply stated, the Greens have no received the significant benefit of the *lis pendens* for more than three-and-a-half (3 ½) years without ever having to bear the commensurate burden under the Utah *lis pendens* statute of posting a guarantee.").

Further, the Standard Parties are incorrect that a bond should be posted "irrespective of whether the *lis pendens* are released."[39] This argument runs directly contrary to the language of the statute, which provides that the bond is meant "as a condition of maintaining the notice[.]"[40] If there is no notice, the bond loses its purpose because the notice is no longer being maintained. Therefore, the Standard Parties are incorrect that a bond should be posted regardless of whether the notices of *lis pendens* still stand.

The Standard Parties are correct that they may be entitled to recover damages they have suffered as the result of the filing of an improper *lis pendens* notice. Specifically, Utah law provides that:

> A person is liable to the record owner of real property, or to a person with a leasehold interest in the real property that is damaged by the maintenance of a notice of pendency, for $10,000 or for treble actual damages, whichever is greater, and for reasonable attorney fees and costs, if the person records or causes to be recorded a notice of pendency against the real property [that is improper].[41]

Thus, the Standard Parties, as a party with a leasehold interest in the real property at issue, may be entitled to "treble actual damages" if they can show the *lis pendens* notice was filed contrary to the law. But such a showing may be made later, and there is nothing in the statute that *requires* the posting of a bond in a situation where the *lis pendens* notice is not presently of record against the property. Again, the bond, according to the plain language of the statute, is required only "as a condition of maintaining the notice," not to secure future payment of a damages claim.

The court recognizes that the Standard Parties face a significant risk that they may be left without a guarantee for payment with respect to any damages they may have suffered as a result

---

[39] Reply at 11.

[40] Utah Code § 78B-6-1304(5) (formerly 78B-6-1304(4)).

[41] Utah Code § 78B-6-1304.5.

of an improper *lis pendens* notice. But the purpose of the *lis pendens* statute bond requirement is not to secure payment for damages as the Standard Parties suggest; it is to provide surety for a party which maintains a notice. Now that the notices of *lis pendens* are being released, surety is not required to maintain them.

This memorandum decision and order is not meant to suggest that the Standard Parties have not suffered damages or that the Greens have acted with propriety or are free from liability. The Greens may be facing a significant damages claim for their behavior. Indeed, it may be significant that the Greens purchased the Springville property in a foreclosure sale after recording a notice of *lis pendens* on the property and indicating an intention to foreclose. It is also significant that the notices of *lis pendens* appear to have negatively impacted the ability of the Harwards and the Standard Parties to market or sublease the properties. But those actions, and any potential damages flowing therefrom, are not currently at issue. The issues currently before the court are whether the state court's ruling should be reconsidered and whether a bond should be posted to maintain the notices of *lis pendens*. For the reasons stated above, the answer to each of those questions is "no."

## ORDER

IT IS HEREBY ORDERED that the Motion for Reconsideration[42] is DENIED.

IT IS FURTHER ORDERED that, due to the ruling on the Motion for Reconsideration, the Motion to Stay Consideration of Standard Plumbing Supply Company, Inc. and Richard

---

[42] Defendants, Counterclaim Plaintiffs, and Third-Party Plaitniffs Standard Plumbing Supply Company, Inc. and Richard N. Reese's Motion for Reconsideration of the State Court's March 6, 2015 Oral Ruling Regarding Motion for Release of Notice of *Lis Pendens* ("Motion for Reconsideration"), docket no. 68, filed May 13, 2016.

Reese's Motion for Reconsideration of the State Court's March 6, 2015 Oral Ruling Regarding Motion for Release of Notice of Lis Pendens [Doc. 68][43] is MOOT.

IT IS FURTHER ORDERED that Defendants Standard Plumbing Supply Company, Inc. and Richard N. Reese's Motion (1) to Expedite Briefing and (2) for Oral Argument on Pending Motions,[44] which seeks expedited briefing on the Motion to Stay and asks for a hearing regarding the *lis pendens* issues, is MOOT.

IT IS FURTHER ORDERED that the Motion for Release of Notice of *Lis Pendens*[45] is MOOT, as it has already been ruled on by the state court by its March 6, 2015 oral ruling.

IT IS FURTHER ORDERED that the Supplemental Briefing to the Motion for Release of Notice of *Lis Pendens*,[46] which is docketed as a pending motion, should be terminated. The issues addressed in that Supplemental Briefing involving the requirement of a *lis pendens* guarantee, bond, or surety, were addressed in the Motion for Reconsideration and denied.

Signed August 22, 2016.

BY THE COURT

_____

District Judge David Nuffer

---

[43] Motion to Stay Consideration of Standard Plumbing Supply Company, Inc. and Richard Reese's Motion for Reconsideration of the State Court's March 6, 2015 Oral Ruling Regarding Motion for Release of Notice of Lis Pendens [Doc. 68], docket no. 108, filed Aug. 5, 2016.

[44] Defendants Standard Plumbing Supply Company, Inc. and Richard N. Reese's Motion (1) to Expedite Briefing and (2) for Oral Argument on Pending Motions, docket no. 116, filed Aug. 15, 2016.

[45] Motion for Release of Notice of *Lis Pendens*, docket no. 56, filed Apr. 29, 2016.

[46] Defendants' Joint Supplemental Briefing on the Issue of a Lis Pendens Guarantee, docket no. 63, filed Apr. 29, 2016.