IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARTH O. GREEN ENTERPRISES, INC., a Utah corporation; GARTH GREEN, an individual; and MICHAEL GREEN, an individual, | **MEMORANDUM DECISION AND ORDER GRANTING [62] MOTION TO ADD GW GREEN AND WENDY GREEN AS THIRD PARTY DEFENDANTS** |
| Plaintiffs, | |
| v. | |
| RANDALL HARWARD, an individual; RICHARD HARWARD, an individual; HARWARD IRRIGATION SYSTEMS, INC., a Utah corporation; GRASS VALLEY HOLDINGS, L.P.; RICHARD N. REESE, an individual; STANDARD PLUMBING SUPPLY COMPANY, INC., a Utah corporation; DOES 1-10; and ROE CORPORATIONS 1-X; | Case No. 2:15-cv-00556-DN<br><br>District Judge David Nuffer |
| Defendants. | |

Standard Plumbing Supply, Inc. ("Standard") moves to add GW Green Family Limited Partnership ("GW Green"), a Utah limited partnership, and Wendy Green, an individual, as third-party defendants in this action ("62 Motion").[1] Standard asserted claims of Civil Conspiracy and Unjust Enrichment against them in its Answer to First Amended Complaint and its Counterclaims, Cross-Claims, and Third Party Claims. GW Green and Wendy Green oppose the motion ("62 Opposition").[2] Standard filed a reply in support ("62 Reply").[3] For the reasons set forth below, the 62 Motion is GRANTED.

---

[1] Standard Plumbing Supply Company, Inc.'s Motion to Add GW Green Family Limited Partnership and Wendy Green as Defendants ("62 Motion"), docket no. 62, filed Apr. 29, 2016 (filed in state court Mar. 18, 2015).

[2] Memorandum in Opposition to Motion to Add GW Green Family Limited Partnership and Wendy Green as Defendants ("62 Opposition"), docket no. 62-2, filed Apr. 29, 2016 (filed in state court Apr. 20, 2015).

**DISCUSSION**

At the time Standard filed the 62 Motion, Rule 13(g) of the Utah Rules of Civil

Procedure provided as follows:

> When the presence of parties other than those to the original action is required for
> the granting of complete relief in the determination of a counterclaim or cross-
> claim, the court shall order them to be brought in as defendants as provided in
> these rules, if jurisdiction of them can be obtained.[4]

Under this rule, there are two requirements for a party to be added to the case: (1) the

presence of the party is "required for the granting of complete relief" and (2) jurisdiction "can be

obtained" over the party. The Utah Rule has since been amended[5] to read like the Federal Rule[6]

and refer these issues to Rules 19 and 20. Those rules apply to mandatory and permissive

joinder.

Standard argues that each of the former state rule requirements is met because (1) adding

GW Green and Wendy Green "is required for the granting of complete relief" of Standard's

counterclaims and (2) jurisdiction "can be obtained" over them.[7] Standard argues that GW

Green's and Wendy Green's actions "relat[e] to and aris[e] out of the same subject matter as the

underlying lawsuit."[8]

GW Green and Wendy Green, on the other hand, argue that the 62 Motion "fails because

jurisdiction has not been obtained over GW Green or Wendy Green"[9] and suggest that

---

[3] Standard Plumbing Supply Company, Inc.'s Reply Memorandum Supporting It's [sic] Motion to Add GW Green Family Limited Partnership and Wendy Green as Defendants ("62 Reply"), docket no. 62-3, filed Apr. 29, 2016 (filed in state court Apr. 24, 2015).

[4] Utah R. Civ. P. 13(g) (2015).

[5] Utah R. Civ. P. 13(g) (2016).

[6] Fed. R. Civ. P. 13(h).

[7] 62 Motion at 2-3; 62 Reply at 2.

[8] 62 Motion at 2.

[9] 62 Opposition at 2 (capitalization omitted).

consideration of the 62 Motion should be stayed until the Green Defendants' Motion to Dismiss[10] has been decided.[11] GW Green and Wendy Green are incorrect.

As Standard points out, the question under Rule 13(g) is not whether jurisdiction has *already* been obtained over GW Green or Wendy Green. The question, instead, is whether "jurisdiction of them *can be* obtained."[12] GW Green and Wendy Green did not provide any argument suggesting that jurisdiction cannot be obtained over them. A preliminary review of Standard's allegations shows that jurisdiction likely can be obtained over GW Green and Wendy Green, since GW Green is a Utah limited partnership with its principal place of business in Cedar City, Utah, and Wendy Green is an individual residing in Cedar City, Utah, and the events giving rise to the allegations occurred in Utah.[13]

Further, the 62 Motion is appropriately considered at this time. GW Green and Wendy Green's argument to delay consideration of the 62 Motion is rejected. It is appropriate to determine first which parties are appropriately added to the lawsuit before eliminating claims that may relate to those parties. As GW Green and Wendy Green note in their 62 Opposition, trial courts have broad discretion in managing their docket.[14] Thus, it is appropriate to consider the 62 Motion now, without further delay.

If this motion is properly analyzed under Fed. R. Civ. P. 20(a)(2), the motion should be granted because a "right to relief is asserted against them jointly, severally, or in the alternative

---

[10] Motion to Dismiss Counterclaims, docket no. 61, filed Apr. 29, 2016 (filed in state court Mar. 16, 2015).

[11] 62 Opposition at 3.

[12] Utah R. Civ. P. 13(g) (emphasis added).

[13] Defendant Richard N. Reese and Standard Plumbing Supply Company, Inc.'s Answer to Amended Complaint, Counterclaims [sic], Crossclaims, and Third Party Claims ("Standard's Answer") at 19-20, 26-27, 30-32, ¶¶ 9, 10, 83, 119-135, docket no. 40-3, filed March 7, 2016 (filed in state court Feb. 19, 2015).

[14] 62 Opposition at 3.

with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . question[s] of law or fact common to all defendants will arise in the action."

### Service

The parties disagree about proper service. GW Green and Wendy Green argue that they have not yet been properly served. Standard agrees that Wendy Green has not been served and has stated that it "has chosen to wait to serve Wendy Green pending a decision from the Court on this Motion" since, at the time the 62 Reply was filed, Wendy Green was believed to be residing in the Philippines.[15] With regard to GW Green, Standard has taken the position that it was allowed to serve the "person in charge of such office or place of business" under Utah Rule of Civil Procedure 4(d)(1)(E).[16]

Because of the disagreement surrounding service, Standard must serve (or re-serve, as the case may be) its third party claims on third party defendants GW Green and Wendy Green following the procedures described in Federal Rule of Civil Procedure 4. This is appropriate because this case is now under federal jurisdiction and Rule 4(m) provides that a court may "order that service be made within a specified time."[17]

The 62 Motion was not resolved by the state court prior to removal. Therefore, Standard was unsure if GW Green or Wendy Green would be added as parties to this case. Accordingly, Standard has shown good cause for not serving the third-party defendants within the time frame required under state and federal procedural rules. In this circumstance, and in an effort to resolve this matter on its merits rather than on a procedural technicality, the court will order that service

---

[15] 62 Reply at 2-3.

[16] 62 Reply at 3.

[17] Fed. R. Civ. P. 4(m).

be made to GW Green and Wendy Green within 60 days. If Wendy Green still resides outside

the United States, Standard will have 90 days serve her.

## ORDER

IT IS HEREBY ORDERED that the 62 Motion[18] is GRANTED. Standard must serve the

third-party defendants, GW Green and Wendy Green, within 60 days of the entry of this order. If

Wendy Green still resides outside the United States, Standard will have 90 days to serve her.


Dated January 25, 2017.


BY THE COURT:

David Nuffer
United States District Judge

---

[18] Standard Plumbing Supply Company, Inc.'s Motion to Add GW Green Family Limited Partnership and Wendy Green as Defendants ("62 Motion"), docket no. 62, filed Apr. 29, 2016 (filed in state court Mar. 18, 2015).