IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>GRASS VELLEY HOLDINGS, L.P.,<br><br>    Debtor. | Bankruptcy Case No. 2:15-bk-24513<br>Chapter 11<br><br>Judge R. Kimball Mosier<br><br>Adversary Proceeding No. 2:15-ap-2141<br>(terminated) |
| GARTH O. GREEN ENTERPRISES, INC., a Utah corporation; GARTH O. GREEN, an individual; and MICHAEL GREEN, an individual;<br><br>    Plaintiffs and Counterclaim Defendants,<br>vs.<br><br>RANDALL HARWARD, an individual; RICHARD HARWARD, an individual; HARWARD IRRIGATION SYSTEMS, INC., a Utah corporation; GRASS VALLEY HOLDINGS, L.P., a Utah entity; RICHARD N. REESE, an individual; STANDARD PLUMBING SUPPLY COMPANY, INC., a Utah corporation; DOES 1-10; and ROE CORPORATIONS 1-X,<br><br>    Defendants and Counterclaim Plaintiffs. | **MEMORANDUM DECISION AND ORDER GRANTING STANDARD'S MOTION FOR DETERMINATION OF SANCTIONS AWARD**<br><br>**Case No. 2:15-cv-00556-DN**<br>**Judge David Nuffer**<br><br>Removed State Court Case:<br>Fourth Judicial District Court, for the State of Utah, Utah County<br>Case No. 130400184r |
| RICHARD N. REESE, an individual; and STANDARD PLUMBING SUPPLY COMPANY, INC., a Utah corporation,<br><br>    Third-Party Plaintiffs,<br>vs.<br><br>GW GREEN FAMILY LIMITED PARTNERSHIP, a Utah limited partnership and WENDY GREEN, an individual,<br><br>    Third-Party Defendants. | |

**BACKGROUND**

On January 18, 2017, an order was issued requiring that counsel for the Greens, Marcus Mumford, pay to Standard Plumbing the attorney fees and costs incurred in connection with preparing, serving, and filing the 57 Motion for Sanctions.[1] Standard Plumbing was directed to submit a motion for determination of the amount of sanctions by January 23, 2017, and any response to Standard's motion for determination of sanctions would be due January 30, 2017.

On January 23, 2017, Standard filed its motion for determination of the amount of sanctions ("Determination Motion").[2] Standard argued that Mr. Mumford "should be ordered to personally pay Standard $25,115.74, with payment in full required within ten (10) days of entry of any such Court order."[3] In support of this argument, Standard filed a Declaration of Attorney James Burton, which includes statements about the fees and costs incurred in connection with the 57 Motion.[4] Standard believes the "amount is both reasonable and was necessarily expended[,]" and "is both necessary and appropriate to deter Mumford and similarly-situated attorneys from filing frivolous claims[.]"[5]

After an extension was granted,[6] Mr. Mumford filed his response to the Determination Motion.[7] Mr. Mumford argued that Standard seeks "fees that grossly exceed the amount awarded

---

[1] Memorandum Decision and Order Granting [57] Motion for Sanctions and denying [81] Motion for Sanctions ("Sanctions Order"), docket no. 161, entered Jan. 18, 2017.

[2] The Standard Parties' Motion for Determination of Sanctions Award Against Attorney Marcus R. Mumford and Memorandum in Support Thereof ("Determination Motion"), docket no. 163, filed Jan. 23, 2017.

[3] *Id.* at 3.

[4] Declaration of James Burton in Support of the Standard Parties' Motion for Determination of Sanctions Award Against Attorney Marcus Mumford ("Burton Decl."), Ex. A to Determination Motion, docket no. 163-1, filed Jan. 23, 2017.

[5] Determination Motion at 9-10.

[6] Order Granting Motion for Extension ("Extension Order") at 3, docket no. 179, entered Jan. 31, 2017 (allowing extension to Jan. 31, 2017).

[7] Opposition to the Standard Parties' Motion for Determination of Sanctions Award [Dkt 163] ("Opposition"), docket no. 182, filed Feb. 1, 2017. Mr. Mumford originally filed this document on January 31 in compliance with

in the Court's January 18, 2017 Order."[8] Mr. Mumford argues that Standard should only be allowed to recover amounts for "preparing, serving, and filing the 57 Motion" as stated in the January 18, 2017 Order.[9] Mr. Mumford argues that he was not ordered "to pay Standard for any and all fees incurred 'in connection with the 57 Motion' – that is the improper formulation Standard nakedly asserts throughout its Motion and fee affidavit."[10] "The Court should deny every part of the [Determination] Motion that seeks fees beyond the terms of the Sanction Order."[11] The amount Mr. Mumford argues is appropriate is $3,906.27.[12]

## DISCUSSION

Mr. Mumford correctly notes that an "appropriate sanction should be the least severe sanction adequate to deter and punish the defendant."[13] But Mr. Mumford is incorrect that the "in connection with" formulation used by Standard resulted in an excessive sanctions amount that surpassed the limits of what was authorized by the January 18, 2017 Order. As explained in Mr. Burton's Declaration, there is significant overlap between the issues raised in the 57 Motion and other motions that were pending at the time of the billing records submitted.[14] Because of this, fees related to other motions were excluded and a good faith effort was made to reduce by an appropriate percentage certain billing entries directed to multiple tasks.[15] This way, the total

---

the Extension Order, but chose the wrong event in the electronic filing system when doing so. Upon request by the Clerk's Office, Mr. Mumford re-filed the document with no substantive changes on February 1 using the correct event in the electronic filing system.

[8] Opposition at 1.

[9] *Id.*

[10] *Id.* at 3.

[11] *Id.* at 4 (emphasis omitted).

[12] *Id.* at 17.

[13] *Id.* at 5 (quoting *White v. General Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990)).

[14] Burton Decl. ¶ 11.

[15] *Id.*

amount attributed to the 57 Motion reflects the amount of work done directly in preparation of the 57 Motion. This is appropriate.

Each billing entry has been reviewed to ensure that it has been adequately connected to the "preparing, serving, and filing" of the 57 Motion. The entries are adequately connected. Though some of the entries relate generally to "pending motions" before the court instead of expressly stating work on the "Rule 11 motion" or the "sanctions motion," those entries have been reduced to reflect the amount of work associated with the 57 Motion. "Preparation" of the 57 Motion is not limited to simply the drafting of the document itself, but includes researching the issues underlying the 57 Motion, reviewing relevant law, corresponding with opposing counsel, and taking other actions to determine whether to file and how to resolve the motion.

Mr. Mumford's ultra-narrow reading of the phrase "preparing, serving, and filing the 57 Motion" disregards the heart of the issue—that if the frivolous claim was not pursued from the outset, *no time* would have been spent on the 57 Motion. But because the frivolous claim *was* pursued, *time was spent* preparing the motion for sanctions. That is why Mr. Mumford was sanctioned. His decision to pursue the frivolous claim wasted opposing counsel's time and resources, diverting efforts away from meaningful portions of the case. All diverted efforts are compensable under the January 18, 2017 Order. Perhaps it was Mr. Mumford's motive to divert resources of opposing counsel; perhaps not. Regardless, Standard is not required to pay for fees and costs incurred by pursuit of a frivolous claim. When a party chooses to pursue a frivolous claim, it avails itself of the possibility of a sanctions award that covers all preparation time opposing counsel devotes to responding to the claim. In this case, those efforts amounted to $25,115.74 in fees and costs. That is the amount Mr. Mumford will be required to pay to Standard Plumbing as a result of the preparation, service, and filing of the 57 Motion.

The final issue is whether to require Mr. Mumford to pay the amount within 10 days, as requested by Standard. Mr. Mumford does not state that he is unable to do so or that doing so would impose a hardship on him. Rather, he argues that the request that the amount be paid within 10 days is an additional request that requires a separate motion.[16] This argument is rejected. Mr. Mumford does not cite any case law in support of this position. Instead, his argument appears to be based on an individual interpretation of Rule 11. Further, even if Mr. Mumford is correct that a separate motion is required for every aspect of relief, the Determination Motion satisfies that standard because it is a separate motion that seeks a determination of the appropriate time for the sanctions award to be paid. Therefore, the Determination Motion is a proper request. Although Mr. Mumford has not stated any reason why he could not comply with the 10-day period to pay, the court exercises its broad discretion[17] in this area to conclude that $25,115.74 must be paid within 28 days of the date of this order.

## CONCLUSION

The billing entries submitted by Standard are appropriately connected to the 57 Motion to qualify as fees and costs "incurred in connection with preparing, serving, and filing the 57 Motion."[18] Further, the fees and costs submitted by Standard have been "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."[19] By requiring Mr. Mumford to pay those fees and costs, Mr. Mumford and others will be deterred from engaging in this kind of behavior in the future. The amount is appropriate, and

---

[16] Opposition at 10.

[17] *Harrison v. Luse*, 760 F.Supp. 1394, 1399-1400 (D.Colo. 1991) *aff'd*, 951 F.2d 1259, 1991 WL 270031 (10th Cir. Dec. 16, 1991).

[18] Sanctions Order at 16.

[19] Utah R. Civ. P. 11(c)(2).

Mr. Mumford has not identified any hardship that would be imposed by the requirement to pay this amount within 28 days. Accordingly,

## ORDER

IT IS HEREBY ORDERED that the Determination Motion[20] is GRANTED. Mr. Mumford must pay $25,115.74 to Standard Plumbing within 28 days of the date of this order.

Dated February 13, 2017.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[20] The Standard Parties' Motion for Determination of Sanctions Award Against Attorney Marcus R. Mumford and Memorandum in Support Thereof ("Determination Motion"), docket no. 163, filed Jan. 23, 2017.