IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARTH O. GREEN ENTERPRISES, INC., a Utah corporation; GARTH O. GREEN, an individual; and MICHAEL GREEN, an individual,<br><br>　　　　Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>RANDALL HARWARD, an individual; RICHARD HARWARD, an individual; HARWARD IRRIGATION SYSTEMS, INC., a Utah corporation; GRASS VALLEY HOLDINGS, L.P.; DOES 1-10; and ROE CORPORATIONS 1-X;<br><br>　　　　Defendants,<br><br>RICHARD N. REESE, an individual; STANDARD PLUMBING SUPPLY COMPANY, INC., a Utah corporation,<br><br>　　　　Defendants and Counterclaimants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO STAY ENFORCEMENT OF SANCTIONS**<br><br><br>Case No. 2:15-cv-00556-DN-EJF<br>Judge David Nuffer<br>Magistrate Judge Evelyn J. Furse |

| | |
|---|---|
| RICHARD REESE, an individual and STANDARD PLUMBING SUPPLY COMPANY, INC., a Utah corporation,<br><br>    Cross-Claim Plaintiffs,<br><br>v.<br><br>HARWARD IRRIGATION SYSTEMS, INC. AND GRASS VALLEY HOLDINGS, L.P.,<br><br>    Cross-Claim Defendants. | |
| RICHARD REESE, an individual and STANDARD PLUMBING SUPPLY COMPANY, INC., a Utah corporation,<br><br>    Third-Party Plaintiffs,<br><br>v.<br><br>GW GREEN FAMILY LIMITED PARTNERSHIP, a Utah limited partnership and WENDY GREEN, an individual,<br><br>    Third-Party Defendants. | |

Counsel for Garth O. Green Enterprises, Garth O. Green, and Michael Green (collectively, "Greens"), Marcus Mumford, moves to stay ("Motion to Stay")[1] enforcement of the order granting Richard Reese and Standard Plumbing's ("Standard") motion for determination of sanctions award ("Sanctions Award Order").[2] Standard opposes the Motion to

---

[1] Motion to Stay Enforcement or Otherwise Modify the Court's Order Granting Standard's Motion for Determination of Sanctions Award [Dkt 204] ("Motion to Stay"), docket no. 241, filed Mar. 13, 2017.

[2] Memorandum Decision and Order Granting Standard's Motion for Determination of Sanctions Award ("Sanctions Award Order"), docket no. 204, entered Feb. 13, 2017.

2

Stay ("Opposition").[3] No reply was allowed.[4] For the reasons below, the Motion to Stay is DENIED.

## BACKGROUND

On January 18, 2017, an order was entered granting Standard's motion for sanctions against counsel for the Greens, Mr. Mumford ("Rule 11 Order").[5] The order explained that the Greens' unfair competition claim was devoid of merit and frivolous and that the Greens' counsel was given an opportunity to withdraw the claim, but refused to do so.[6] The order explained that because Mr. Mumford was the Greens' counsel at the time of filing the Amended Complaint containing the frivolous claim and had refused to withdraw it, and that there was "no indication that the Greens made misrepresentations to their attorney or failed to disclose relevant facts," Mr. Mumford alone would be sanctioned.[7] The order requested that Standard file a motion for determination of sanctions to determine the appropriate amount of sanctions.[8]

On February 13, 2017, after full briefing on the determination motion, the Sanctions Award Order was entered. Standard requested that the entire amount of $25,115.74 be paid within 10 days. In opposing the determination motion, Mr. Mumford did not argue that a hardship would be imposed by ordering him to pay within 10 days. Instead, he argued that the *amount* of the award was too high and opposing counsel had engaged in questionable billing

---

[3] Standard's Memorandum in Opposition to Motion to Stay Enforcement or Otherwise Modify the Court's Order Granting Standard's Motion for Determination of Sanctions Award [Dkt 204] ("Opposition"), docket no. 247, filed Mar. 15, 2017.

[4] Order Granting Motion for Leave to File Under Seal Marcus R. Mumford's Motion to Stay Enforcement or Otherwise Modify the Court's Order Granting Standard's Motion for Determination of Sanctions Award [Dkt 204] at 2, docket no. 239, entered Mar. 13, 2017.

[5] Memorandum Decision and Order Granting [57] Motion for Sanctions and Denying [81] Motion for Sanctions ("Rule 11 Order"), docket no. 161, entered Jan. 18, 2017.

[6] Rule 11 Order at 12.

[7] Rule 11 Order at 15.

[8] Rule 11 Order at 16.

practices. Those arguments were rejected and Mr. Mumford was required to "pay $25,115.74 to Standard Plumbing within 28 days[,]" by March 13, 2017.[9]

On March 10, 2017 at 5:27 p.m.—the Friday before the Monday on which the payment was due—Mr. Mumford filed a motion to seal a forthcoming motion seeking a stay of enforcement of the Sanctions Award Order.[10] After full briefing on the motion to seal, the motion was granted and Mr. Mumford was ordered to file his motion to stay enforcement by March 13, 2017 at 4:00 p.m.[11] At 8:34 p.m., Mr. Mumford filed the Motion to Stay. He did not file the Motion to Stay under seal. Standard opposes the Motion to Stay.

## DISCUSSION

Mr. Mumford's Motion to Stay is based on hardship.[12] He argues that personal circumstances and circumstances with his law practice do not allow him to "pay $25,115.74 to Standard by the March 13, 2017 deadline."[13] He proposes three alternatives: (1) stay enforcement of the Sanctions Award Order until he can appeal the Rule 11 ruling; (2) stay enforcement of the Sanctions Award Order until after trial or final judgment; or (3) allow him to pay $2,500 monthly payments until the amount is paid in full.[14] None of these options is acceptable, considering that Mr. Mumford had over a month to make arrangements to pay the sanctions award and failed to assert hardship until one business day before the money was due.

---

[9] Sanctions Award Order at 6.

[10] Motion for Leave to File under Seal Marcus R. Mumford's Motion to Stay Enforcement or Otherwise Modfiy the Court's Order Granting Standard's Motion for Determination of Sanctions Award [Dkt 204], docket no. 236, filed Mar. 10, 2017.

[11] Order Granting Motion for Leave to File under Seal Marcus R. Mumford's Motion to Stay Enforcement or Otherwise Modify the Court's Order Granting Standard's Motion for Determination of Sanctions Award [Dkt 204], entered Mar. 13, 2017.

[12] Motion to Stay at 4.

[13] Motion to Stay at 4.

[14] Motion to Stay at 5-6.

And he was on notice since January 18, 2017 that sanctions were granted and since October 27, 2014 that sanctions were sought.

Mr. Mumford's first suggested alternative is denied because this proposed course of action would lack any deterrent effect. The Rule 11 Order does not end the litigation on the merits and is therefore not immediately appealable.[15] Mr. Mumford's request to stay enforcement of the Sanctions Award Order until he can appeal the Rule 11 ruling may delay fulfillment of the sanctions award for an unreasonable amount of time. Mr. Mumford's second and third proposed alternatives are denied on the same grounds.

"A sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."[16] This determination was explained in the Sanctions Award Order.

> By requiring Mr. Mumford to pay those fees and costs, Mr. Mumford and others will be deterred from engaging in this kind of behavior in the future. The amount is appropriate, and Mr. Mumford has not identified any hardship that would be imposed by the requirement to pay this amount within 28 days.[17]

There is no requirement that a sanctions award be tailored to the requests of the sanctioned party. The purpose of the sanction is to deter future inappropriate conduct. Thus, the sanction should impact the sanctioned party in a way that effectively deters improper behavior.

The time to pay the sanctions award was extended from 10 days that Standard requested to 28 days. In all the briefing before the Sanctions Award Order was entered, Mr. Mumford had not indicated any hardship. Yet the day before the payment was to be made, Mr. Mumford unexpectedly raised his hardship objections. While it may be true that Mr. Mumford is having

---

[15] *Cunningham v. Hamilton Cty., Ohio*, 527 U.S. 198, 204 (1999).

[16] Fed. R. Civ. P. 11(c)(4); *see* Utah R. Civ. P. 11(c)(2).

[17] Sanctions Award Order at 5-6.

trouble complying with the sanctions order, that is not a reason to modify the award. The award should have a deterrent effect. If the award imposes no burden it loses its effect.

Mr. Mumford has stated several legitimate reasons this sanctions award imposes a burden on him. Because those reasons are filed in a sealed document, they will not be enumerated here. But thorough review shows Mr. Mumford has not exhausted all avenues to pay this sanctions award. The record is devoid of any contact with opposing counsel on this subject.

While the award may be challenging for Mr. Mumford to pay, it does not impose an undue burden on him and does not create manifest injustice. Rather, it accomplishes the purpose of creating a deterrent effect. Mr. Mumford was put on notice on January 18, 2017 that he would be solely responsible to pay sanctions. Thus, he has had nearly two months to prepare to pay. He had 28 days' notice of the exact amount of the sanctions award. But he has failed to assert hardship until one business day before the money was due. This is unfortunately typical of his disregard of obligations to the court. Mr. Mumford has not established good cause to deviate from the requirements outlined in the Sanctions Award Order. Accordingly, Mr. Mumford's Motion to Stay will be denied.

## ORDER

IT IS HEREBY ORDERED that the Motion to Stay[18] is DENIED. Mr. Mumford must immediately pay $25,115.74 to Standard Plumbing.

Dated March 17, 2017.

BY THE COURT:

David Nuffer
United States District Judge

---

[18] Motion to Stay Enforcement or Otherwise Modify the Court's Order Granting Standard's Motion for Determination of Sanctions Award [Dkt 204] ("Motion to Stay"), docket no. 241, filed Mar. 13, 2017.