IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARTH O. GREEN ENTERPRISES, INC., a Utah corporation; GARTH O. GREEN, an individual; and MICHAEL GREEN, an individual, | **MEMORANDUM DECISION AND ORDER** |
| | |
| Plaintiffs and Counterclaim Defendants, | **GRANTING IN PART AND DENYING IN PART [61] MOTION TO DISMISS;** |
| | |
| v. | **GRANTING IN PART AND DENYING IN PART [187] MOTION TO SUPPLEMENT;** |
| | |
| RANDALL HARWARD, an individual; RICHARD HARWARD, an individual; HARWARD IRRIGATION SYSTEMS, INC., a Utah corporation; GRASS VALLEY HOLDINGS, L.P.; DOES 1-10; and ROE CORPORATIONS 1-X; | **FINDING AS MOOT [66] MOTION TO DISMISS;** |
| | |
| | **GRANTING [225] MOTION TO DISMISS; AND** |
| Defendants, | |
| | **GRANTING [217] MOTION TO DISMISS** |
| | |
| RICHARD N. REESE, an individual; STANDARD PLUMBING SUPPLY COMPANY, INC., a Utah corporation, | |
| | Case No. 2:15-cv-00556-DN-EJF |
| Defendants and Counterclaimants. | Judge David Nuffer |
| | Magistrate Judge Evelyn J. Furse |

|  |  |
| --- | --- |
| RICHARD REESE, an individual and STANDARD PLUMBING SUPPLY COMPANY, INC., a Utah corporation, <br><br>      Cross-Claim Plaintiffs, <br><br> v. <br><br> HARWARD IRRIGATION SYSTEMS, INC. AND GRASS VALLEY HOLDINGS, L.P., <br><br>      Cross-Claim Defendants. |  |
| RICHARD REESE, an individual and STANDARD PLUMBING SUPPLY COMPANY, INC., a Utah corporation, <br><br>      Third-Party Plaintiffs, <br><br> v. <br><br> GW GREEN FAMILY LIMITED PARTNERSHIP, a Utah limited partnership and WENDY GREEN, an individual, <br><br>      Third-Party Defendants. |  |

Richard Reese and Standard Plumbing Supply Company (collectively "Standard Parties")

have asserted ten counterclaims against Garth O. Green Enterprises, Inc.; Garth O. Green; and

Michael Green (collectively "Greens").[1] Two third-party claims are asserted against GW Green

---

[1] Defendant Richard N. Reese and Standard Plumbing Supply Company, Inc.'s Answer to Amended Complaint, Counterclaims, Crossclaims, and Third Party Claims ("Answer and Counterclaims") at 19-34, docket no. 40-3, filed Mar. 7, 2016 (filed in state court Feb. 19, 2015).

Family Limited Partnership ("GW Green") and Wendy Green.[2] Two cross-claims are asserted against Harward Irrigation.[3]

The Greens move to dismiss all ten causes of action against them ("61 Motion").[4] The Standard Parties oppose the 61 Motion ("61 Opposition").[5] The Greens filed a reply in support of the 61 Motion ("61 Reply").[6]

Additionally, the Greens very recently moved to supplement their 61 Motion ("187 Motion to Supplement").[7] The Standard Parties oppose the 187 Motion to Supplement ("187 Opposition").[8] The Greens filed a reply in support of the 187 Motion to Supplement ("187 Reply").[9]

---

[2] *Id.* at 30-32 (sixth and seventh causes of action).

[3] *Id.* at 34-35 (eleventh and twelfth causes of action).

[4] Motion to Dismiss Counterclaims, docket no. 61, filed Apr. 29, 2016 (filed in state court Mar. 16, 2015); Memorandum in Support of Motion to Dismiss Counterclaims ("61 Motion"), docket no. 61-1, filed Apr. 29, 2016 (filed in state court Mar. 16, 2015).

[5] Opposition to Motion to Dismiss Counterclaims ("61 Opposition"), docket no. 61-2, filed Apr. 29, 2016 (filed in state court Mar. 30, 2015).

[6] Reply in Support of Motion to Dismiss Counterclaims ("61 Reply"), docket no. 61-3, filed Apr. 29, 2016 (filed in state court Apr. 20, 2015).

[7] Garth O. Green Enterprises, Inc., Garth O. Green and Michael Green's Motion for Leave to File Supplemental Memorandum in Support of Their Motion to Dismiss the Claims Filed Against Them by Standard Plumbing Supply Co., Inc. and Richard Reese ("187 Motion to Supplement"), docket no. 187, filed Feb. 2, 2017.

[8] The Standard Parties' Memorandum in Opposition to Garth O. Green Enterprises, Inc. et al.'s Motion for Leave to File Supplemental Memorandum in Support of Their Motion to Dismiss ("187 Opposition"), docket no. 210, filed Feb. 16, 2017.

[9] Garth O. Green Enterprises, Inc., Garth O. Green and Michael Green's Reply Memorandum in Support of Their Motion for Leave to File Supplemental Memorandum in Support of Their Motion to Dismiss the Claims Filed Against Them by Standard Plumbing Supply Co., Inc. and Richard Reese ("187 Reply"), docket no. 226, filed Mar. 2, 2017.

In two separate motions, GW Green moves to dismiss the third-party claims asserted against it ("66 Motion")[10] ("225 Motion").[11] The Standard Parties oppose each of those motions.[12] GW Green filed replies in support of the motions ("66 Reply") ("225 Reply").[13]

Wendy Green moves to dismiss the third-party claims asserted against her ("217 Motion").[14] The Standard Parties oppose the 217 Motion.[15] Wendy Green filed a reply in support of the 217 Motion ("217 Reply").[16]

For the reasons set forth below, the 61 Motion is GRANTED IN PART AND DENIED IN PART, the 187 Motion to Supplement is GRANTED IN PART AND DENIED IN PART, the 66 Motion is MOOT, the 225 Motion is GRANTED, and the 217 Motion is GRANTED.

## MOTION TO DISMISS STANDARD

Dismissal of a claim under Rule 12(b)(6) is warranted when the pleading, standing alone, is legally insufficient to state a claim for which relief may be granted.[17] When considering a motion to dismiss for failure to state a claim, the thrust of all well-pleaded facts in the pleading is

---

[10] Motion to Dismiss and Memorandum in Support of Motion to Dismiss ("66 Motion"), docket no. 66 and docket no. 66-1, filed Apr. 29, 2016 (filed in state court Jul. 7, 2015).

[11] GW Green Family Limited Partnership's Motion to Dismiss Third-Party Claims and Supporting Memorandum ("225 Motion"), docket no. 225, filed Mar. 2, 2017.

[12] Standard Plumbing Supply Company, Inc. and Richard N. Reese's Opposition to GW Green Family Limited Partnership's Motion to Dismiss ("66 Opposition"), docket no. 94, filed Jul. 22, 2016; Standard Plumbing Supply Company, Inc. and Richard N. Reese's Combined Memorandum in Opposition to GW Green Family Limited Partnership's Motion to Dismiss Third-Party Claims and Memorandum in Opposition to Third-Party Defendant Wendy Green's Motion to Dismiss ("217 225 Opposition"), docket no. 273, filed Mar. 24, 2017.

[13] Reply of GW Green Family Limited Partnership in Support of Its Motion to Dismiss ("66 Reply"), docket no. 109, filed Aug. 8, 2016; Reply Memorandum in Support of GW Green Family Limited Partnership's Motion to Dismiss Third Party Claims ("225 Reply"), docket no. 285, filed Mar. 29, 2017.

[14] Third-Party Defendant Wendy Green's Motion to Dismiss & Supporting Memorandum ("217 Motion"), docket no. 217, filed Feb. 23, 2017.

[15] 217 225 Opposition.

[16] Reply to Third-Party Defendant Wendy Green's Motion to Dismiss & Supporting Memorandum ("217 Reply"), docket no. 286, filed Mr. 29, 2017.

[17] See *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

presumed, but a court need not consider conclusory allegations.[18] Legal conclusions and opinions are not accepted, even if couched as facts.[19]

Satisfying the basic pleading requirements of the federal rules "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[20] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[21] "[N]aked assertions devoid of further factual enhancement,"[22] do not state a claim sufficiently to survive a motion to dismiss.

## FACTUAL ALLEGATIONS[23]

The Standard Parties allege:

On January 7, 2013, Randall Harward invited Standard Plumbing to visit the Springville Sprinkler World location to discuss the possibility of Standard Plumbing submitting an offer to purchase the Sprinkler World assets.[24]

The next day, on January 8, 2013, the Standard Parties travelled to Springville to visit with the Harwards.[25] When they met with the Harwards on January 8, they were told that

---

[18] See _Cory v. Allstate Ins._, 583 F.3d 1240, 1244 (10th Cir. 2009).

[19] See _Bell Atlantic Corp. v. Twombly_, 550 U.S. 544, 555 (2007); _see also Brown v. Zavaras_, 63 F.3d 967, 972 (10th Cir. 1995).

[20] _Ashcroft v. Iqbal_, 556 U.S. 662, 678 (2009) (quoting _Twombly_, 550 U.S. at 555).

[21] _Iqbal_, 556 U.S. at 678.

[22] _Id._

[23] The allegations provided in this section derive from the Standard Parties' Answer and Counterclaims. For purposes of this memorandum decision and order, the allegations in the Answer and Counterclaims are assumed to be true. Unless otherwise specified, all citations to paragraph numbers refer to the "General Allegations" section beginning on page 20.

[24] Answer and Counterclaims ¶ 20.

[25] _Id._ ¶ 21.

Harward Irrigation was in financial trouble and needed to sell its Sprinkler World assets.[26] The Harwards told the Standard Parties that the Greens had presented a purchase offer, but that the paperwork provided to Harward Irrigation differed greatly from what Harward Irrigation and the Greens had previously discussed.[27] Accordingly, the Harwards believed that the closing date on any deal between the Harwards and the Greens had passed and the offer had lapsed.[28]

The Harwards then invited Standard Plumbing to submit an offer to purchase Sprinkler World.[29] The Standard Parties responded that they would first need to meet with their management group.[30] The next day, on January 9, 2013, Standard Plumbing's management group met and decided to submit an offer to purchase the Harward Irrigation assets after reviewing several factors.[31]

The Standard Parties specifically inquired whether Harward Irrigation had a contract with Southwest, and they were "assured by Randall Harward that there was no contract between Harward Irrigation and Southwest."[32] After they were "further assured" that "Standard Plumbing was free to make an offer to purchase Sprinkler World[,]"[33] the Standard Parties presented their offer.[34] Randall Harward stated he liked the offer and contacted his brothers Richard and Calvin Harward so they could come hear the offer.[35] When Richard and Calvin Harward arrived, they

---

[26] *Id.* ¶ 22.

[27] *Id.* ¶¶ 23, 24.

[28] *Id.*

[29] *Id.* ¶ 25.

[30] *Id.* ¶ 26

[31] *Id.* ¶¶ 27-39

[32] *Id.* ¶¶ 40-41, 44.

[33] *Id.* ¶¶ 45,

[34] *Id.* ¶ 46

[35] *Id.* ¶¶ 46, 47.

stated that they were sure any deal with Southwest was off because Southwest's president, Michael Green, had "stormed out" of a meeting earlier that day and sent a text to Harward Irrigation stating "Good luck. Deals [sic] over."[36] The Standard Parties again presented the offer to Randall, Richard, and Calvin Harward.[37]

The offer the Standard Parties presented was accepted by Harward Irrigation on January 9, 2013, and a contract was signed.[38] At no time prior to January 10, 2013 did the Standard Parties see any offer made by the Greens to Harward Irrigation.[39] The Standard Parties have owned and operated Sprinkler World since January 2013.[40] They have made several changes to Sprinkler World.[41]

*Lis pendens* notices were filed by Southwest on all five Sprinkler World locations, which has had a negative effect on the Standard Parties.[42] Garth Green told Richard Reese that he "wanted him to hurt a little" and that he (Garth Green) would not release the *lis pendens* that had been filed.[43]

The Standard Parties assert the following causes of action against the following parties:[44]

---

[36] *Id.* ¶¶ 49-51.

[37] *Id.* ¶ 52.

[38] *Id.* ¶ 53.

[39] *Id.* ¶ 54.

[40] *Id.* ¶ 57.

[41] *Id.* ¶¶ 58-72.

[42] *Id.* ¶¶ 66, 67.

[43] *Id.* ¶ 79.

[44] *Id.* ¶¶ 91-157. The Standard Parties also asserted two causes of action against Harward Irrigation, but those claims were settled and are no longer part of this litigation.

| Cause of action | Against |
|---|---|
| 1. Intentional Interference with Economic Relations | The Greens |
| 2. Defamation | The Greens |
| 3. Deceptive Trade Practices | The Greens |
| 4. Declaratory Relief Regarding Validity and Enforceability of the Purchase Agreement | The Greens |
| 5. Declaratory Relief Regarding Invalidity of *Lis Pendens* | The Greens |
| 6. Civil Conspiracy | The Greens, GW Green, Wendy Green |
| 7. Unjust Enrichment | The Greens, GW Green, Wendy Green |
| 8. Declaratory Judgment of Quiet Title | The Greens |
| 9. Wrongful Lien | The Greens |
| 10. Abuse of Process | The Greens |

## 61 MOTION DISCUSSION

The Greens move to dismiss all ten causes of action asserted against them.

### Intentional Interference with Economic Relations

To establish a claim for intentional interference with economic relations, "[a] plaintiff must [allege] (1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations; (2) . . . by improper means; (3) causing injury to the plaintiff."[45] A recent Utah Supreme Court case eliminated an "improper purpose" alternative in the second element.[46]

The Greens argue that "Standard fails to state how Plaintiffs interfered with its January 9, 2013 agreement with Harward Irrigation."[47] The Greens also argue that the Standard Parties have

---

[45] *St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 200 (Utah 1991).

[46] *Eldridge v. Johndrow*, 345 P.3d 553, 2015 UT 21, ¶ 13.

[47] 61 Motion at 1.

failed to allege "improper means."[48] The Greens argue that the only allegations that could possibly be construed as "improper means" are "'frivolous litigation' and an unspecified 'misrepresentation about Standard.'"[49] The Greens further argue that "Standard fails to state harm."[50] The Standard Parties disagree, and assert that they have properly pled their intentional interference claim.[51] According to the Standard Parties, the allegations are sufficient to support the intentional interference claim.[52] The Standard Parties are correct.

As explained above, "a formulaic recitation of the elements of a cause of action will not do."[53] The Standard Parties cannot simply state that the Greens "intentionally interfered" with the Standard Parties' economic relations "by improper means" which caused "injury" to the Standard Parties. But the Standard Parties have not made formulaic recitations with respect to this cause of action. Rather, the Standard Parties have specifically alleged that the factual basis for the intentional interference claim is the January 9, 2013 Standard-Harward agreement.[54] The Greens incorrectly assert that the Standard Parties failed to state *how* the interference occurred. The factual basis for how the alleged interference occurred may be alleged with the second element when addressing "improper means." For the first element, the Standard Parties adequately alleged that there was intentional interference with the January 9, 2013 agreement.

---

[48] *Id.*

[49] *Id.*

[50] *Id.*

[51] 61 Opposition at 3.

[52] *Id.*

[53] *Iqbal*, 556 U.S. at 678 (quoting *Twombly* , 550 U.S. at 555).

[54] Answer and Counterclaims ¶ 92.

The Standard Parties have also adequately alleged the key second element—"improper means"—by specifically enumerating "frivolous litigation" as grounds for improper means.[55] "Improper means include 'violence, threats or other intimidation, deceit or misrepresentation, bribery, *unfounded litigation*, defamation, or disparaging falsehood.'"[56] While the Standard Parties do not provide any further factual allegations in the Answer and Counterclaim specifically regarding the litigation brought by the Greens, judicial notice may be taken of the claims brought by the Greens in this lawsuit.[57] An order has determined that the Greens brought at least one claim frivolously.[58] Thus, in contrast to the Greens' claim for intentional interference which was dismissed because it was based merely on the Standard Parties' lawful competitive conduct, the Standard Parties' claim is based on independently actionable conduct—frivolous litigation. It is unclear what "misrepresentation" or "other improper means" the Standard Parties refer to,[59] but because there is at least one category of independently actionable conduct on which to base the "improper means" allegation, the second element is adequately pled.

The Standard Parties have also adequately alleged injury. They state that there has been "significant financial, reputational, and other injury to Standard Plumbing,"[60] and further describe that they have had difficulty finding sub-lessees at some locations because of the Greens' actions.[61] This adequately describes the alleged harm. It is also a reasonable factual inference that as a result of the alleged frivolous litigation, the Standard Parties were required to

---

[55] *Id.* ¶ 94.

[56] *St. Benedict's*, 811 P.2d at 201 (emphasis added).

[57] Fed. R. Evid. 201.

[58] Memorandum Decision and Order Granting [57] Motion for Sanctions and Denying [81] Motion for Sanctions, docket no. 161, filed Jan. 18, 2017.

[59] Answer and Counterclaims ¶ 94.

[60] *Id.* ¶ 95.

[61] *Id.* ¶ 67.

obtain counsel to defend against the litigation. This can reasonably be construed as a financial injury to Standard Plumbing. Thus, the injury element has been adequately alleged.

Because all three elements of the intentional interference claim were adequately pled, including the key element of "improper means," the Standard Parties' claim against the Greens for intentional interference with economic relations will not be dismissed.

### Defamation

"To establish a claim for defamation, a plaintiff must demonstrate that '(1) the defendant published the statements in print or orally; (2) the statements were false; (3) the statements were not subject to privilege; (4) the statements were published with the requisite degree of fault; and (5) the statements resulted in damages.'"[62]

The Greens argue that the Standard Parties fail to adequately allege a claim of defamation because the Standard Parties have simply made generalized allegations regarding defamatory statements without specifically identifying the statements.[63] The Greens also argue that the Standard Parties failed to adequately plead the remaining elements of defamation.[64] The Greens are correct.

The Standard Parties contend that they have adequately pled a claim for defamation by alleging that "[t]he Green Defendants have made false statements about Standard Plumbing, including false statements about the honor, integrity, and business practices of Standard Plumbing."[65] But the Standard Parties do not identify any factual support for these conclusions.

The Utah Supreme Court requires a plaintiff alleging defamation to be specific:

---

[62] *Oman v. Davis School Dist.*, 194 P.3d 956, 2008 UT 70, ¶ 68.

[63] 61 Motion at 2-3.

[64] *Id.* at 3.

[65] 61 Opposition at 4-5 (quoting Answer and Counterclaims ¶ 98).

> [T]he language complained of *must be set forth in words or words to that effect* and . . . the defendant should not be required to resort to the ofttimes expensive discovery process to drag from a litigant what he really intends to do to his adversary by a vehicle shrouded in mystery.[66]

Defamation allegations are "insufficient when [they do] not state 'the nature or substance of the acts allegedly committed by defendants,'"[67] or where they "contained merely broad and general statements . . . but . . . 'no allegation whatever of the contents, nature or substance' of any such false statements."[68] In short, "the allegation of the conclusion is not sufficient; the pleading must describe the nature or substance of the . . . words complained of"[69] in "words or words to that effect."[70] And although "there is no Utah law directly requiring that the complaint also allege with complete specificity when, where, to whom, or by whom, the alleged defamatory statements were made,"[71] other courts have generally required these elements.[72]

After thorough review of the Answer and Counterclaims, no factual support for the defamation claim has been found. Accordingly, the Greens are correct that the claim for defamation should be dismissed. It only contains general, conclusory allegations.[73]

### Deceptive Trade Practices

The Standard Parties have brought their deceptive trade practices claim under Utah Code § 13-11a-3(h), which provides: "Deceptive trade practices occur when, in the course of a

---

[66] *Dennett v. Smith*, 445 P.2d 983, 984 (Utah 1968) (emphasis added). *See also Williams v. State Farm Ins. Co.*, 656 P.2d 966, 971 (Utah 1982).

[67] *Williams*, 656 P.2d at 971 (citing *Utah Steel & Iron Co. v. Bosch*, 475 P.2d 1019, 1020 (Utah 1970)).

[68] *Williams*, 656 P.2d at 971 (citing *Heathman v. Fabian & Clendenin*, 377 P.2d 189, 190 (Utah 1962)).

[69] *Williams*, 656 P.2d at 971.

[70] *Dennett*, 445 P.2d at 984.

[71] *Zoumadakis v. Uintah Basin Medical Center, Inc.*, 122 P.3d 891, 2005 UT App 325, ¶ 3.

[72] *Boisjoly v. Morton Thiokol, Inc.*, 706 F.Supp. 795, 800 (D. Utah 1988).

[73] *Zoumadakis,* 122 P.3d 891, 2005 UT App 325, ¶ 3.

person's business, vocation, or occupation, that person: . . . (h) disparages the goods, services, or business of another by false or misleading representation of fact[.]"[74] The Standard Parties' allegations to support their deceptive trade practices claim are that the Greens "are competitors of Standard Plumbing" and that the Greens "have made false statements about Standard Plumbing, including false statements about the honor, integrity, and business practices of Standard Plumbing."[75] The Standard Parties also allege that "[u]pon information and belief," the Greens "have engaged in deceptive trade practices in violation of Utah Code Ann. § 13-11a-3(h) in that the Green Defendants have disparaged Standard Plumbing's business by false or misleading representations of fact."[76]

Beyond these conclusory statements, the Standard Parties make no further factual allegations in support of their deceptive trade practices claim. A thorough review of the general allegations in the Standard Parties' Answer and Counterclaims reveals no factual support for these allegations. The Standard Parties allege that the Greens made a false statement about being "completely separate" from GW Green,[77] but this is not a statement "about Standard Plumbing" that would support the Standard Parties' deceptive trade practices claim. There is no allegation about the Greens disparaging Standard Plumbing's goods or services to another party. There is no allegation about the Greens disparaging Standard Plumbing's business in general. And while there is a conclusory allegation that the Greens engaged in "misrepresentation about Standard Plumbing," that allegation appears within a different cause of action and, as explained previously, it is not supported by factual allegations anywhere else in the Answer and

---

[74] Utah Code § 13-11a-3(h).

[75] Answer and Counterclaims ¶¶ 103, 104.

[76] *Id.* ¶ 105.

[77] *Id.* ¶¶ 86, 87

Counterclaims. Accordingly, the deceptive trade practices claim is not adequately pled and will be dismissed.

## Declaratory Relief

The federal Declaratory Judgment Act provides that if there is an "actual controversy within its jurisdiction," a court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[78] The "actual controversy" referred to in the Act "refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III of the United States Constitution."[79] "It is not the role of federal courts to resolve abstract issues of law. Rather, they are to review disputes arising out of specific facts when the resolution of the dispute will have practical consequences to the conduct of the parties."[80] Thus, "[t]he controversy must be definite and concrete . . . ."[81]

The Standard Parties assert three causes of action for declaratory relief: (1) the fourth cause of action regarding the validity and enforceability of the January 9, 2013 Purchase Agreement between Standard Plumbing and Harward Irrigation; (2) the fifth cause of action regarding the validity of the *lis pendens* notices; and (3) the eighth cause of action regarding quiet title. Those three causes of action will be analyzed using the principles enumerated in the immediately preceding paragraph.

### *Validity of the Agreement Between Standard Plumbing and Harward Irrigation*

The Greens argue that the Standard Parties have not adequately pled their claim for declaratory judgment that the January 9, 2013 agreement between Standard Plumbing and

---

[78] 28 U.S.C. § 2201(a); *Columbian Fin. Corp. v. BancInsure*, 650 F.3d 1372, 1376 (10th Cir. 2011).

[79] *Columbian Fin. Corp.*, 650 F.3d at 1376.

[80] *Id.*

[81] *Id.* (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)).

Harward Irrigation is valid and enforceable.[82] The Greens argue that in their Amended Complaint they "have already challenged the validity and enforceability of the agreement between Standard Plumbing and Harward Irrigation."[83] Therefore, the Greens argue, "Standard's claim is unnecessary and redundant."[84]

The Standard Parties disagree, and argue that they have stated a valid claim for declaratory relief.[85] The Standard Parties incorrectly argue that resolving the Standard Parties' fourth cause of action would terminate the controversy between the parties.[86] The argument conflates the alleged agreement between Harward and the Greens with the alleged agreement between Harward and Standard Plumbing.[87]

The Greens likewise incorrectly argue that the challenge raised in their Amended Complaint resolves the matter. The Greens claims in the Amended Complaint have been dismissed and are no longer a part of this lawsuit.[88]

---

[82] 61 Motion at 4.

[83] *Id.*

[84] *Id.*

[85] 61 Opposition at 6.

[86] *Id.* at 7.

[87] *Compare id.* (stating that the Standard Parties have "every right to seek a declaration regarding the validity of *Plaintiff's claimed contract with Harward Irrigation* . . . ." (emphasis added)) *with* Answer and Counterclaims ¶ 108 (seeking declaration of validity of "the January 9, 2013 Purchase Agreement *between Standard Plumbing and Harward Irrigation*") *and* Answer and Counterclaims ¶ 109 (citing the "contract between Standard Plumbing and Harward Irrigation").

[88] Memorandum Decision and Order Granting [55] Motion for Partial Summary Judgment; Finding Moot [58] Motion under Rule 56(d); and Finding Moot [60] and [136] Motions for Partial Summary Judgment ("152 Order"), docket no. 152, entered Dec. 27, 2016 (dismissing the Greens' claims against the Standard Parties); Settlement Agreement, Ex. A to Opposition Memorandum to Defendants Standard Plumbing Supply Company, Inc. and Richard N. Reese's Alternative Motion for Partial Summary Judgment and Memorandum in Support Thereof ("136 Opposition"), docket no. 140-2, filed Oct. 31, 2016 (settling claims between the Greens, the Harwards, and Grass Valley); Order Approving Settlement Agreement, Assumption and Assignment of Leases, Rejection of Lease, and Conveyance of Property, Ex. B to 136 Opposition, docket no. 140-3, filed Oct. 31, 2016.

The correct analysis is whether the claim presents an "actual controversy" that is justiciable under Article III of the Constitution.[89] The question is whether there is a "definite and concrete" controversy regarding the validity of the January 9, 2013 Purchase Agreement between Standard Plumbing and Harward Irrigation.[90]

The Standard Parties allege that "[t]he Green Defendants claim that the January 9, 2013 Purchase Agreement between Standard Plumbing and Harward Irrigation is not valid."[91] They also allege, contrary to the Greens' alleged position, that "the Purchase Agreement is a valid and enforceable contract between Standard Plumbing and Harward Irrigation."[92] These opposing statements indicate that there is a "definite and concrete" controversy.

The allegation that the Purchase Agreement is a valid contract has factual support. The Answer and Counterclaims alleges that the Standard Parties were contacted by Harward Irrigation regarding a possible sale; the Standard Parties were told that any deal between Harward Irrigation and the Greens was off; that Michael Green sent a text stating that the deal was "over;" and that Standard Plumbing then moved forward with making an offer "and a contract was signed by Standard Plumbing and Harward Irrigation on January 9, 2013."[93] The Answer and Counterclaims further alleges that "Garth Green admitted to Richard Reese that Standard Plumbing has a contract with Harward Irrigation . . . ."[94] Therefore, the allegations in the Answer and Counterclaims support the allegation that there was a valid contract between

---

[89] 28 U.S.C. § 2201(a).

[90] *Columbian Fin. Corp.*, 650 F.3d at 1376 (quoting *Aetna*, 300 U.S. at 240-41).

[91] Answer and Counterclaims ¶ 108.

[92] *Id.* ¶ 109.

[93] *Id.* ¶¶ 20, 50-53.

[94] *Id.* ¶ 80.

Standard Plumbing and Harward Irrigation. Also, the Greens allegedly dispute the validity of the contract.[95] Accordingly, the Standard Parties have adequately alleged a claim for declaratory relief of the validity of the January 9, 2013 Purchase Agreement between Standard Plumbing and Harward Irrigation. The fourth cause of action will not be dismissed.

***Declaratory Relief Regarding Invalidity of Lis Pendens***

The Greens argue that the fifth cause of action for declaratory relief fails because "the Court has twice denied motions" regarding invalidity of the *lis pendens* notices and "[a]ccordingly, there is no justiciable controversy[.]"[96] The Greens are incorrect.

Prior orders in this action have not fully adjudicated the question of *lis pendens* validity or the potential liability of any wrongfully-filed *lis pendens* notice. As explained in a prior order addressing the *lis pendens* notices:

> This memorandum decision and order is not meant to suggest that the Standard Parties have not suffered damages or that the Greens have acted with propriety or are free from liability. The Greens may be facing a significant damages claim for their behavior. Indeed, it may be significant that the Greens purchased the Springville property in a foreclosure sale after recording a notice of *lis pendens* on the property and indicating an intention to foreclose. It is also significant that the notices of *lis pendens* appear to have negatively impacted the ability of the Harwards and the Standard Parties to market or sublease the properties. But those actions, and any potential damages flowing therefrom, are not currently at issue. The issues currently before the court are whether the state court's ruling should be reconsidered and whether a bond should be posted to maintain the notices of *lis pendens*. For the reasons stated above, the answer to each of those questions is "no."[97]

---

[95] *Id.* ¶ 108.

[96] 61 Motion at 4.

[97] Memorandum Decision and Order Denying Standard Plumbing Supply Company, Inc. and Richard N. Reese's Motion for Reconsideration and/or Clarification of the State Court's March 6, 2015 Oral Ruling Regarding Motion for Release of Notice of *Lis Pendens* at 10, docket no. 118, filed Aug. 22, 2016.

The language immediately above shows that the quoted order did not exhaustively analyze the *lis pendens* notices, but principally considered whether a bond should be posted to maintain the *lis pendens* notices. Issues arising on consideration of a bond are not the only issues that determine whether a *lis pendens* notice is filed properly. Whether the Green's claims "[affect] the title to, or the right of possession of, real property"[98] and whether the *lis pendens* notices were valid has not been specifically resolved.[99] Thus, the fifth cause of action presents a definite and concrete controversy about whether the *lis pendens* notices were validly filed.

A full analysis of the *lis pendens* notices may be conducted when evidence is presented and the statute can be applied to the facts of this case. At this pleading stage, there are sufficient allegations in the Standard Parties' Answer and Counterclaims to find a definite and concrete controversy regarding the validity of the *lis pendens* notices.[100] The fifth cause of action will not be dismissed.

### *Declaratory Judgment of Quiet Title*

The Greens argue that the eighth cause of action fails because there is not a justiciable controversy "as to title in the five properties that Standard is currently leasing."[101] The Greens argue that this cause of action for quiet title is "redundant of [the Greens'] action, and . . . would fail to produce a judgment that would serve a useful purpose."[102] The Standard Parties disagree,

---

[98] Utah Code § 78B-6-1302.

[99] *Id.* § 78B-6-1304.5.

[100] *E.g.*, Answer and Counterclaims ¶ 79 (alleging that "Garth Green told Richard Reese that he 'wanted him to hurt a little' and that he would not release the *lis pendens* that had been filed") and ¶ 126 (alleging that the *lis pendens* were filed to preclude parties with an interest in the property from exercising their full rights, and to allow the Greens to purchase the property for less than market value).

[101] 61 Motion at 7.

[102] *Id.*

arguing that they are "entitled to declaratory relief securing its leasehold interest against Plaintiffs' claims regarding those properties."[103]

This issue is moot. Recent filings in this case, which may be judicially noticed,[104] indicate that the Greens released the notices of *lis pendens* on each of the properties.[105] The Standard Parties do not allege that title to the properties is encumbered any other way. Accordingly, there is no case or controversy concerning the title in the properties at issue, and the Standard Parties' eighth cause of action seeking a declaratory judgment of quiet title in the properties will be dismissed.

### Civil Conspiracy

To plead a claim for civil conspiracy, a plaintiff must allege: "(1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result thereof."[106] "If the object of the alleged conspiracy or the means used to attain it is lawful, even if damage results to the plaintiff or the defendant acted with a malicious motive, there can be no civil action for conspiracy."[107]

The Standard Parties' cause of action for civil conspiracy alleges that "[t]he Green Defendants, GW Green, and Wendy Green conspired together to have the Green Defendants wrongfully assert *lis pendens* against the five properties at issue for the wrongful scheme of

---

[103] 61 Opposition at 7.

[104] Fed. R. Evid. 201(b)(2).

[105] Release of Lis Pendens, docket no. 226-12 (Springville); Release of Lis Pendens, docket no. 226-14 (Roosevelt); Release of Lis Pendens, docket no. 226-15 (Lehi); Release of Lis Pendens, docket no. 226-16 (Orem); Release of Lis Pendens, docket no. 226-17 (Sandy).

[106] *Peterson v. Delta Air Lines, Inc.*, 42 P.3d 1253, 2002 UT App 56, ¶ 12.

[107] *Id.*

causing the properties to enter default."[108] According to the Standard Parties, this was done "so the Green Defendants, GW Green, and/or Wendy Green could cause the defaulted property to be purchased at a value substantially less than market value."[109] The Standard Parties were allegedly damaged by these actions "in that Standard Plumbing's interest in the Sprinkler World properties has been limited because of the *lis pendens* . . . ."[110]

The Greens argue that this cause of action is inadequately pled because there is no unlawful, overt act that has been pled.[111] The Greens argue that the *lis pendens* issue has been fully adjudicated and the validity of the *lis pendens* notices has been conclusively established.[112] The Greens are incorrect in this argument. As discussed above, the *lis pendens* issue has not been fully adjudicated. Certain portions of the *lis pendens* issue have been analyzed, such as the bond issue and whether the notices contained a sufficiently specific description. But whether, for example, the *lis pendens* notice in this case was valid has not been considered. If it is established that the *lis pendens* notices were filed wrongfully, that would constitute an unlawful, overt act.

Even so, the Greens argue, "the alleged object of the conspiracy was to purchase the properties at a discount," a purpose that, the Greens argue, "is not unlawful."[113] The Greens are correct that purchasing properties at a discount is not an unlawful act. But that is not all that is alleged in the Answer and Counterclaims. The cause of action for civil conspiracy also alleges that the object was to "utilize the *lis pendens* for the specific intent of precluding any efforts by

---

[108] Answer and Counterclaims ¶ 120.

[109] *Id.* ¶ 121.

[110] *Id.* ¶ 128.

[111] 61 Motion at 5.

[112] *Id.*

[113] *Id.*

any party with an interest in the property to refinance, obtain title insurance, sublease, etc. because of the wrongful cloud on the title of the property by virtue of the *lis pendens*[.]"[114] Thus, the alleged object was not just to purchase the properties at a discount; it was also to bar interest holders from exercising their full rights in the property. This is an unlawful objective.

The Greens also argue that the civil conspiracy fails because "Standard does not allege sufficient facts to establish these parties 'had a meeting of the minds.'"[115] The Standard Parties do not refute this in their 61 Opposition. The 61 Opposition does not show the Standard Parties *adequately pled facts* supporting a "meeting of the minds." The Answer and Counterclaims includes the conclusory statement that "[t]he Green Defendants, GW Green, and Wendy Green had a meeting of the minds . . . ,"[116] but does not provide further factual support for this allegation. Beyond the conclusory statement that the counterclaim defendants "conspired together[,]"[117] there is no direct allegation that the Greens, GW Green, and Wendy Green *specifically agreed* on "an object to be accomplished."[118] The Answer and Counterclaims states that GW Green purchased the Springville Sprinkler World property through its two principals Garth Green and Wendy Green, but that does not allege a "meeting of the minds *on the object or course of action*." The allegation shows that GW Green purchased the property. Even construing the allegations and inferences in the light most favorable to the Standard Parties, there is no factual support for allegation that the actions described in the Answer and Counterclaim were the result of an agreement between the Greens, GW Green, and Wendy Green.

---

[114] Answer and Counterclaims ¶ 126.

[115] 61 Motion at 6.

[116] Answer and Counterclaims ¶ 126.

[117] *Id.* ¶ 120.

[118] *Peterson*, 42 P.3d 1253, 2002 UT App 56, ¶ 12.

The elements of civil conspiracy have not been adequately alleged, so the claim for civil conspiracy will be dismissed.

## Unjust Enrichment

To adequately plead an unjust enrichment claim against the Greens, the Standard Parties must allege that the Greens "accepted and retained benefits conferred by the [Standard Parties] under such circumstances as to make it inequitable for the [Greens] to retain those benefits without compensating the [Standard Parties]."[119]

The Standard Parties allege that "[t]he Green Defendants, GW Green, and Wendy Green conspired together to assert *lis pendens* on the five locations at issue in this matter for the specific purpose of encumbering those properties, making it difficult for those properties to be resold and/or subleased."[120] The Standard Parties also allege that "[t]he *lis pendens* forced the Springville Sprinkler World into default, after which GW Green . . . purchased the note at less than half its appraised market value, and then proceeded to foreclosure on the property."[121] The Standard Parties allege that "[t]his benefit was improperly conferred upon the Green Defendants, GW Green, and Wendy Green."[122] The Standard Parties allege that "[i]t would be inequitable to permit the Green Defendants, GW Green, and Wendy Green to retain the value of this benefit . . . ."[123]

---

[119] *Rawlings v. Rawlings*, 240 P.3d 754, 2010 UT 52, ¶ 41 (citing *Jeffs v. Stubbs*, 970 P.2d 1234, 1247-48 (Utah 1998)).

[120] Answer and Counterclaims ¶ 130.

[121] *Id.* ¶ 131.

[122] *Id.* ¶ 132.

[123] *Id.* ¶ 134.

The Greens argue the unjust enrichment claim fails because "it does not allege any benefit conferred *by Standard* on [the Greens]."[124] The Standard Parties do not refute this, instead choosing to argue that the *lis pendens* may ultimately be determined to be invalid. But while the validity of the *lis pendens* notices is relevant, that does not explain whether the Standard Parties have alleged a valid claim *for unjust enrichment*. One of the essential allegations the Standard Parties must make to establish their claim for unjust enrichment is that the Greens "accepted and retained benefits *conferred by the [Standard Parties]* . . . ."[125] The Standard Parties have failed to make this allegation. Furthermore, the Standard Parties are incorrect that they have conferred a benefit to the Greens by being "stripp[ed]" of certain leasehold interest rights when the *lis pendens* was filed.[126] Thus, the claim for unjust enrichment fails and will be dismissed.

### Wrongful Lien

The Standard Parties concede that the wrongful lien claim should be dismissed because the parties agree that "a wrongful *lis pendens* cannot form the basis for a claim for wrongful lien."[127] Accordingly, the wrongful lien claim will be dismissed.

### Abuse of Process

"Abuse of process applies to one who uses a legal process against another primarily to accomplish a purpose for which it is not designed."[128] "Abuse of process has two elements: 'First, an ulterior purpose; second, an act in the use of the process not proper in the regular

---

[124] 61 Motion at 6 (emphasis added).

[125] *Rawlings*, 240 P.3d 754, 2010 UT 52, ¶ 41 (citing *Jeffs*, 970 P.2d at 1247-48).

[126] 217 225 Opposition at 18.

[127] 61 Opposition at 10 (citing Utah Code § 38-9-103(2)).

[128] *Hatch v. Davis*, 102 P.3d 774, 2004 UT App 378, ¶ 33 (alterations omitted).

prosecution of the proceedings.'"[129] "[A]n abuse of process claim requires that the prior proceedings have terminated in favor of the person against whom they were brought."[130]

The Standard Parties allege that "[b]y asserting [their] claims against Standard Plumbing, the Green Defendants had the ulterior purpose of unnecessarily including Standard Plumbing in this matter to distract, harass, and interfere with Standard Plumbing's management of Sprinkler World."[131] The Standard Parties also allege that the *lis pendens* notices are evidence of "ulterior purpose of encumbering the properties at issue in hopes of forcing them into default."[132] The Standard Parties allege that the Greens were successful in their efforts to buy the Springville property at "half of market appraised value"[133] and that this is an illegitimate use of the *lis pendens* statutes and regulations.[134]

The Greens argue that these allegations are insufficient to state a claim for abuse of process. According to the Greens, "Utah law does not support an abuse of process claim based on the filing of a *lis pendens*."[135] But that is incorrect. The case the Greens cite, *Winters v. Schulman*,[136] does not support that proposition. *Winters* did not hold that an abuse of process claim cannot be based on the filing of a *lis pendens*. Instead, it specifically stated that "[t]he Utah Supreme Court has recognized a civil cause of action for abuse of process where it is shown that a suit was brought without probable cause, for the purpose of harassment or annoyance; and it is

---

[129] *Id.* ¶ 34 (internal quotation marks omitted).

[130] *Winters v. Schulman*, 977 P.2d 1218, 1999 UT App 119, ¶ 28 (internal quotation marks omitted).

[131] Answer and Counterclaims ¶ 153.

[132] *Id.* ¶ 154.

[133] *Id.* ¶ 155.

[134] *Id.* ¶ 156.

[135] 61 Motion at 8.

[136] *Winters*, 977 P.2d 1218, 1999 UT App 119.

usually said to require malice."[137] Thus, *Winters* contemplates an abuse of process claim if a lawsuit is brought groundlessly, for the purpose of harassment or annoyance. This logic can be easily transposed to a *lis pendens* notice filed groundlessly, without probable cause, for the purpose of harassment or annoyance. *Winters* ultimately held that the abuse of process claim in that case could not stand because the party bringing the abuse of process claim had not been "a successful defendant in a prior proceeding."[138] *Winters* held that the *lis pendens* notice in that case was invalid "because there was no action pending" when the *lis pendens* was filed and because the underlying action to which the *lis pendens* notice referred did not seek title to or possession of the real property in question. Neither of those allegations has been made by the Standard Parties.

The Greens also argue that the Standard Parties fail to allege anything more than "ulterior purpose."[139] This argument is also incorrect. As the Greens acknowledge, the Standard Parties have alleged ulterior purpose by alleging that the Greens engaged in behavior "to distract, harass, and interfere with Standard Plumbing's management of Sprinkler World."[140] And the Standard Parties have also alleged "an act in the use of the process not proper in the regular prosecution of the proceedings"[141] by alleging that the Greens wrongfully filed the *lis pendens* notices. The wrongfulness of the *lis pendens* notices has not been determined, but it is possible that the *lis pendens* notices were groundless or that they contained a material misstatement. Garth Green's alleged statement to Richard Reese that he "wanted him to hurt a little" and that he (Garth

---

[137] *Id.* ¶ 28.

[138] *Id.* ¶ 29.

[139] 61 Motion at 9.

[140] Answer and Counterclaims ¶ 153.

[141] *Hatch*, 102 P.3d 774, 2004 UT App 378, ¶ 34 (internal quotation marks omitted).

Green) would not release the *lis pendens* may be relevant to the abuse of process claim.[142] Thus, both elements of an abuse of process claim have been adequately pled.[143] The abuse of process claim will not be dismissed.

### 187 MOTION TO SUPPLEMENT

Almost a year after the 61 Motion was fully briefed and submitted for decision to the state court, and nine months after it was submitted to this court to be decided, the Greens submitted their 187 Motion to Supplement the 61 Motion. The Greens argue that "since that time, there have been several events which have occurred and rulings that have been made by this Court which unequivocally confirm that the lis pendens . . . were lawful and properly recorded."[144] The events described by the Greens are court decisions, not new factual development among the parties.[145] The Greens have submitted those court decisions and other officially-recorded documents, such as the releases of *lis pendens*, as exhibits.[146]

Federal Rule of Evidence 201 states that a court "must take judicial notice if a party requests it and the court is supplied with necessary information."[147] Judicial notice is appropriate when a fact is (1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."[148]

---

[142] *Id.* ¶ 79.

[143] The Greens did not argue that the Standard Parties failed to allege "prior proceedings have terminated in favor of the person against whom they were brought." *Winters*, 977 P.2d 1218, 1999 UT App 119, ¶ 28 (internal quotation marks omitted). Therefore, this element is not analyzed here.

[144] 187 Motion to Supplement at 8.

[145] *Id.*

[146] Exs. A – R to 187 Opposition, docket no. 226-1 to docket no. 226-18.

[147] Fed. R. Evid. 201(c)(2).

[148] Fed. R. Evid. 201(b)

Each of the exhibits submitted by the Greens satisfies these requirements. Accordingly, judicial notice is taken of the exhibits. But further supplementation of the 61 Motion is not necessary, particularly since the proposed supplement[149] proposes additional facts that are not relevant on a motion to dismiss;[150] makes many of the same arguments as the 61 Motion— including the argument that the *lis pendens* notices are conclusively valid—and would further delay resolution in this aging case.

Therefore, judicial notice is taken of the exhibits, but supplementation will be denied.

### 66 MOTION DISCUSSION

The 66 Motion was filed by GW Green in state court. GW Green argued that it had not been properly served. GW Green also argued that "Standard has not properly pleaded claims for conspiracy and/or unjust enrichment."[151] Importantly, GW Green "adopt[ed] by reference under Rule 10(c)" the arguments made in the Greens' 61 Motion regarding conspiracy and unjust enrichment. Because any issue involving service of process on GW Green was considered and resolved in a prior order,[152] and because GW Greens expressly adopted the arguments which have been considered and resolved above regarding conspiracy and unjust enrichment, the 66 Motion is moot.

---

[149] Garth O. Green Enterprises, Inc., Garth O. Green and Michael Green's Supplemental Memorandum in Support of Their Motion to Dismiss the Claims Filed Against Them by Standard Plumbing Supply Co., Inc. and Richard Reese ("Proposed Supplement"), Ex. 1 to 187 Motion to Supplement, docket no. 187-1, filed Feb. 2, 2017.

[150] Motions to dismiss are analyzed based on the allegations of a pleading, not the facts set forth in the motion.

[151] 66 Motion at 3.

[152] Memorandum Decision and Order Granting [62] Motion to Add GW Green and Wendy Green as Third Party Defendants, docket no. 169, entered Jan. 25, 2017.

**225 MOTION DISCUSSION**

The 225 Motion brought by GW Green raises arguments similar to the Greens' 61

Motion as to the sixth and seventh causes of action for civil conspiracy and unjust enrichment.

The 225 Motion argues that the Standard Parties have failed to state a claim for civil conspiracy

because there is no allegation that GW Green conspired to commit an unlawful act with

anyone.[153] GW Green argues that "Standard fails to allege any facts showing that GW Green had

a meeting of the minds with anyone to cause the *lis pendens* to be recorded by Green Enterprises

for an unlawful purpose."[154] That argument has been addressed in this memorandum decision

and order, and was the basis for dismissing the civil conspiracy claim. The Standard Parties

argue civil conspiracy may be inferred because there was "a business relationship between the

parties,"[155] because Garth Green stated that "his intent with the *lis pendens* was to eventually

foreclose on the Sprinkler World property," and because GW Green, through Garth Green and

Wendy Green, ultimately purchased the loan on the Springville Sprinkler World property "for

less than half of its appraised market value."[156] But the Standard Parties are incorrect. As

explained previously, there are not sufficient allegations of fact to infer that there was a meeting

of the minds between the Greens, GW Green, and Wendy Green. Thus, GW Green is correct that

the Standard Parties have failed to adequately plead a claim for civil conspiracy.[157]

---

[153] 225 Motion at 12-13.

[154] *Id.*

[155] 217 225 Opposition at 15.

[156] 217 225 Opposition at 13-14.

[157] *See Twombly*, 550 U.S. at 556-57 ("It makes sense to say, therefore, that an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality."); *McDonald v. Coyle*, 175 Fed. App'x 947, 949 (10th Cir. 2006) ("Moreover, McDonald presents no facts to support his conspiracy allegations. Thus, they cannot survive dismissal because 'the pleadings [in a conspiracy claim] must specifically present facts tending to show agreement and concerted action.'" (quoting *Scott v. Hern*, 216 F.3d 897, 907 (10th Cir.2000))); *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) ("Because plaintiff failed to allege

The 225 Motion also argues that the unjust enrichment claim fails because it fails to allege that any benefit was conferred *by the Standard Parties* on GW Green. A similar argument was advanced in the Greens' 61 Motion. This argument is correct. The Answer and Counterclaim does not allege that any benefit was conferred by the Standard Parties on GW Green. Thus, GW Green is correct that the Standard Parties have failed to adequately plead a claim for unjust enrichment.

For the reasons set forth above, the sixth cause of action for civil conspiracy, and the seventh cause of action for unjust enrichment will be dismissed as to GW Green. The 225 Motion will be granted.

## 217 MOTION DISCUSSION

The 217 Motion brought by Wendy Green makes arguments similar to the Greens' and GW Green's as to the sixth and seventh causes of action. The 217 Motion specifically "incorporates and restates herein by this reference the arguments, points, and reasons set forth for dismissal in the [225 Motion] . . . as they apply or may be applied to Wendy Green and the allegations made against her."[158] These arguments have been addressed above as to other parties, and the same conclusion is reached as to Wendy Green. The claim for civil conspiracy fails to allege a meeting of the minds. The claim for unjust enrichment fails to allege any benefit conferred by the Standard Parties on Wendy Green. For these reasons, the sixth cause of action for civil conspiracy, and the seventh cause of action for unjust enrichment will be dismissed as to Wendy Green. The 217 Motion will be granted.

---

specific facts showing agreement and concerted action among defendants, the district court properly dismissed the conspiracy claim with prejudice.").

[158] 217 Motion at 3.

## THE STANDARD PARTIES' ALTER EGO CLAIM IS INAPPLICABLE

The Standard Parties request the following relief:

J.   For an order piercing the corporate veil and holding Garth Green and Wendy Green personally liable for the improper actions of GW Green;

K.   For an order piercing the corporate veil and holding Garth Green and Wendy Green personally liable for the improper actions of GW Green.

L.   For an order deeming GW Green to be the alter ego of Garth O. Green, and making GW Green and Garth 0. Green jointly and severally liable for their individual liabilities to Standard Plumbing.[159]

"An alter ego claim is not itself a claim for substantive relief . . . but rather, procedural, i.e., to disregard the corporate entity as a distinct defendant and to hold the alter ego individuals liable on the obligations of the corporation."[160] Thus, even if the Standard Parties are correct that they have adequately pled an alter ego claim,[161] the alter ego individuals Garth O. Green and Wendy Green would be liable only on the obligations of GW Green. There are no claims adequately pled against GW Green, so the Standard Parties' alter ego claim is inapplicable to hold Garth Green and Wendy Green personally liable for the obligations of GW Green.

## NO AMENDMENT ALLOWED

Courts "should freely give leave when justice so requires."[162] "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[163] However, amendment may be denied if there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

---

[159] Answer and Counterclaims at 36.

[160] *Bushnell v. Barker*, 274 P.3d 968, 2012 UT 20, ¶ 13.

[161] 217 225 Opposition at 17.

[162] Fed.R.Civ.P. 15(a)(2).

[163] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted).

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[164] Allowing the Standard Parties to amend would be unduly prejudicial.

In *Clements v. Sanofi-Aventis, U.S., Inc.*,[165] a federal district court allowed amendment after dismissal because it would be equitable. The court determined that dismissing with prejudice a complaint filed in state court and subsequently removed to federal court would be procedurally unfair because "[w]hen [plaintiff] filed it, she was not reasonably on notice that she would be held to federal pleading standards."[166]

Here, however, the Standard Parties *were* on notice that they would be held to federal pleading standards. This case was removed to federal court in August 2015, over a year ago. At that time, the federal rules of civil procedure applied.[167] A Scheduling Order was entered which allowed the Standard Parties to amend their pleadings until September 15, 2016.[168] The Standard Parties did not amend their Answer and Counterclaims. Accordingly, the Standard Parties' Answer and Counterclaims stands as written because, unlike the plaintiff in *Clements*, the Standard Parties *were* on notice that they would be held to federal pleading standards. It would be unfair and inequitable to the Greens, GW Green, and Wendy Green to allow the Standard Parties to amend their Answer and Counterclaims. This would force the counterclaim defendants to defend a new set of claims and allegations after years in litigation. This is highly inequitable.

---

[164] *Id.*

[165] *Clements v. Sanofi-Aventis, U.S., Inc.*, 111 F.Supp.3d 586 (D.N.J. 2015).

[166] *Id.* at 591.

[167] Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."); *Fed. Nat'l Mortg. Ass'n v. Milasinovich*, 161 F.Supp.3d 981, 1006-1011 (D.N.M. 2016) (discussing cases) (citing *Bruley v. Lincoln Property Co., N.C.*, 140 F.R.D. 452, 453 (D.Colo.1991) ("Once a case has been removed from state court, I must apply the Federal Rules of Civil Procedure and treat the case as though it were originally commenced here.").

[168] Scheduling Order at 4, docket no. 110, entered Aug. 9, 2016.

This same conclusion was reached as to the Greens' claims against the Standard Parties.[169] The Standard Parties will not be granted leave to amend their Answer and Counterclaims with regard to these claims.

## CONCLUSION AND ORDER

For the reasons above, IT IS HEREBY ORDERED that the 61 Motion[170] is GRANTED IN PART AND DENIED IN PART. The claims for defamation, deceptive trade practices, civil conspiracy, unjust enrichment, declaratory judgment for quiet title, and wrongful lien (second, third, sixth, seventh, eighth, and ninth causes of action) are DISMISSED WITH PREJUDICE as to the Greens. The claims for intentional interference with economic relations, declaratory relief regarding validity and enforceability of the purchase agreement, declaratory relief regarding invalidity of *lis pendens*, and abuse of process (first, fourth, fifth, and tenth causes of action) remain against the Greens.

IT IS FURTHER ORDERED that the 187 Motion to Supplement[171] is GRANTED IN PART AND DENIED IN PART. Judicial notice is taken of the attachments to the 187 Motion to Supplement.

---

[169] 152 Order at 19-21.

[170] Motion to Dismiss Counterclaims, docket no. 61, filed Apr. 29, 2016 (filed in state court Mar. 16, 2015); Memorandum in Support of Motion to Dismiss Counterclaims ("61 Motion"), docket no. 61-1, filed Apr. 29, 2016 (filed in state court Mar. 16, 2015).

[171] Garth O. Green Enterprises, Inc., Garth O. Green and Michael Green's Motion for Leave to File Supplemental Memorandum in Support of Their Motion to Dismiss the Claims Filed Against Them by Standard Plumbing Supply Co., Inc. and Richard Reese ("187 Motion to Supplement"), docket no. 187, filed Feb. 2, 2017.

IT IS FURTHER ORDERED that the 66 Motion[172] is MOOT and the 225 Motion[173] is GRANTED. The claims for civil conspiracy and unjust enrichment (sixth and seventh causes of action) are DISMISSED WITH PREJUDICE as to GW Green. GW Green is dismissed from this lawsuit because these were the only claims asserted against it.

IT IS FURTHER ORDERED that the 217 Motion[174] is GRANTED. The claims for civil and unjust enrichment (sixth and seventh causes of action) are DISMISSED WITH PREJUDICE as to Wendy Green. Wendy Green is dismissed from this lawsuit because these were the only claims asserted against her.

IT IS FURTHER ORDERED that the Standard Parties are not granted leave to amend the Answer and Counterclaims because the time to do so has passed and it would be highly inequitable to the opposing parties to allow amendment.

The following table summarizes the disposition of the claims:

---

[172] Motion to Dismiss and Memorandum in Support of Motion to Dismiss ("66 Motion"), docket no. 66 and docket no. 66-1, filed Apr. 29, 2016 (filed in state court Jul. 7, 2015).

[173] GW Green Family Limited Partnership's Motion to Dismiss Third-Party Claims and Supporting Memorandum ("225 Motion"), docket no. 225, filed Mar. 2, 2017.

[174] Third-Party Defendant Wendy Green's Motion to Dismiss & Supporting Memorandum ("217 Motion"), docket no. 217, filed Feb. 23, 2017.

| Cause of action | Against | Disposition |
| --- | --- | --- |
| 1. Intentional Interference with Economic Relations | The Greens | |
| 2. Defamation | The Greens | DISMISSED WITH PREJUDICE |
| 3. Deceptive Trade Practices | The Greens | DISMISSED WITH PREJUDICE |
| 4. Declaratory Relief Regarding Validity and Enforceability of the Purchase Agreement | The Greens | |
| 5. Declaratory Relief Regarding Invalidity of *Lis Pendens* | The Greens | |
| 6. Civil Conspiracy | The Greens, GW Green, Wendy Green | DISMISSED WITH PREJUDICE |
| 7. Unjust Enrichment | The Greens, GW Green, Wendy Green | DISMISSED WITH PREJUDICE |
| 8. Declaratory Judgment of Quiet Title | The Greens | DISMISSED WITH PREJUDICE |
| 9. Wrongful Lien | The Greens | DISMISSED WITH PREJUDICE |
| 10. Abuse of Process | The Greens | |

Dated March 29, 2017.

BY THE COURT:

David Nuffer
United States District Judge