IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARTH O. GREEN ENTERPRISES, INC., GARTH O. GREEN, and MICHAEL GREEN,<br><br>        Counterclaim Defendants,<br>v.<br><br>STANDARD PLUMBING SUPPLY, INC.,<br><br>        Counterclaim Plaintiff. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ORDER TO SHOW CAUSE** |
| STANDARD PLUMBING SUPPLY, INC.,<br><br>        Crossclaim Plaintiff,<br>v.<br><br>HARWARD IRRIGATION,<br><br>        Crossclaim Defendant. | Case No. 2:15-cv-00556-DN-EJF<br><br>District Judge David Nuffer<br>Magistrate Judge Evelyn J. Furse |

Standard Plumbing Supply, Inc. ("Standard") and Richard Reese[1] request a hearing and move for an expedited order to show cause why attorney Marcus R. Mumford should not be held in contempt and suspended from the practice of law for violation of the court's order requiring immediate payment of the $25,115.74 sanction award ("Motion for Order to Show Cause").[2]

---

[1] Richard Reese is no longer a party in this case. *See* Notice of Voluntary Dismissal of Counterclaims Asserted by Richard N. Reese, docket no. 320, filed Apr. 7, 2017 and Joint Notice of Voluntary Dismissal of Crossclaims Asserted by Richard N. Reese, docket no. 332, filed Apr. 18, 2017.

[2] Standard's Combined Motion for an Expedited Order to Show Cause Why Attorney Marcus R. Mumford Should Not Be Held in Contempt and Suspended from the Practice of Law for Violation of the Court's Order Requiring Immediate Payment of the $25,115.74 Sanction Award and Motion for a Show Cause Hearing ("Motion for Order to Show Cause"), docket no. 250, filed Mar. 20, 2017.

Attorney Marcus R. Mumford opposes the Motion for Order to Show Cause ("Opposition").[3] Standard filed a reply in support of the Motion for Order to Show Cause ("Reply").[4] For the reasons below, the Motion is GRANTED IN PART AND DENIED IN PART.

## FINDINGS

On January 18, 2017, an order was entered granting Standard's motion for sanctions against counsel for the Greens, Mr. Mumford ("Rule 11 Order").[5] The order explained that the Greens' unfair competition claim was devoid of merit and frivolous and that the Greens' counsel was given an opportunity to withdraw the claim, but refused to do so.[6] The order explained that because Mr. Mumford was the Greens' counsel at the time of filing the Amended Complaint containing the frivolous claim and had refused to withdraw it, and that there was "no indication that the Greens made misrepresentations to their attorney or failed to disclose relevant facts," Mr. Mumford alone would be sanctioned.[7] The order requested that Standard file a motion for determination of sanctions to determine the appropriate amount of sanctions.[8]

On February 13, 2017, after full briefing on the determination motion, an order was entered instructing Mr. Mumford to pay $25,115.74 to Standard Plumbing within 28 days ("Sanctions Award Order").[9] Standard had requested in its determination motion that the entire amount of $25,115.74 be paid within 10 days. In opposing the determination motion, Mr.

---

[3] Opposition to 250 Motion for an Order to Show Cause ("Opposition"), docket no. 339, filed Apr. 28, 2017.

[4] Reply in Support of Motion for Order to Show Cause ("Reply"), docket no. 342, filed May 2, 2017.

[5] Memorandum Decision and Order Granting [57] Motion for Sanctions and Denying [81] Motion for Sanctions ("Rule 11 Order"), docket no. 161, entered Jan. 18, 2017.

[6] *Id.* at 12.

[7] *Id.* at 15.

[8] *Id.* at 16.

[9] Memorandum Decision and Order Granting Standard's Motion for Determination of Sanctions Award ("Sanctions Award Order"), docket no. 204, entered Feb. 13, 2017.

Mumford did not argue that a hardship would be imposed by ordering him to pay within 10 days. Instead, he argued that the *amount* of the award was too high and opposing counsel had engaged in questionable billing practices. Those arguments were rejected.[10] Nevertheless, Mr. Mumford was allotted 18 additional days by the court to pay the full sanctions amount.

The payment was due on Monday, March 13, 2017. On March 10, 2017 at 5:27 p.m.—the Friday before the Monday on which the payment was due—Mr. Mumford filed a motion to seal a forthcoming motion that would seek a stay of enforcement of the Sanctions Award Order.[11] For the first time, Mr. Mumford raised hardship arguments and stated he was unable to pay. After full briefing on the motion to seal, the motion was granted and Mr. Mumford was allowed to file his motion to stay enforcement by March 13, 2017 at 4:00 p.m.[12] At 8:34 p.m., Mr. Mumford filed the motion to stay.[13] He did not file the motion to stay under seal. Mr. Mumford argued that personal circumstances and circumstances with his law practice did not allow him to pay the full sanctions amount by the deadline. He requested a stay of enforcement or a payment plan. The only evidence Mr. Mumford provided in support of his inability to pay was a personal declaration stating his financial condition. There were no attached exhibits such as bank statements or financial statements. The declaration was inconclusive. For example, the declaration did not state the fees Mr. Mumford generated in this matter since February 13, 2017, the date of the Sanctions Award Order. The declaration did not state the fees Mr. Mumford

---

[10] *Id.* at 6.

[11] Motion for Leave to File under Seal Marcus R. Mumford's Motion to Stay Enforcement or Otherwise Modfiy the Court's Order Granting Standard's Motion for Determination of Sanctions Award [Dkt 204], docket no. 236, filed Mar. 10, 2017.

[12] Order Granting Motion for Leave to File under Seal Marcus R. Mumford's Motion to Stay Enforcement or Otherwise Modify the Court's Order Granting Standard's Motion for Determination of Sanctions Award [Dkt 204], docket no. 239, entered Mar. 13, 2017.

[13] Motion to Stay Enforcement or Otherwise Modify the Court's Order Granting Standard's Motion for Determination of Sanctions Award [Dkt 204], docket no. 241, filed Mar. 13, 2017.

generated in other matters since February 13, 2017. The declaration did not give any details of the revenue, receivables or collections his law practice. Nor was an overall picture of his personal financial condition included. The declaration did not describe any attempt to obtain a loan to satisfy payment of the sanctions amount which would provide Mr. Mumford a payment plan as he desired. The declaration *did* explain that he was unable to encumber any *jointly owned* assets, but did *not* explain whether he could encumber personal assets or assets of his law firm, such as accounts receivable. Standard opposed the motion to stay.[14] The motion to stay was denied, and Mr. Mumford was ordered to "immediately pay $25,115.74 to Standard Plumbing."[15] That order was entered on Friday, March 17, 2017.

On Monday, March 20, 2017, Mr. Mumford still had not paid the sanctions amount, so Standard filed the Motion for Order to Show Cause currently under review. On Wednesday, March 22, 2017, the parties were ordered to "contact Magistrate Judge Wells's chambers on or before March 27 to set a settlement and status conference" on the Motion for Order to Show Cause.[16] After confidential briefing before Judge Wells, and a settlement conference held on April 5, 2017, the parties were unable to reach a settlement on the Motion for Order to Show Cause.[17]

The next day, on April 6, 2017, the following order was entered:

DOCKET TEXT ORDER taking under advisement 250 Motion for Order to Show Cause. Briefing of the 250 motion will be conducted in the regular course.

---

[14] Standard's Memorandum in Opposition to Motion to Stay Enforcement or Otherwise Modify the Court's Order Granting Standard's Motion for Determination of Sanctions Award [Dkt 204], docket no. 247, filed Mar. 15, 2017.

[15] Memorandum Decision and Order Denying Motion to Stay Enforcement of Sanctions at 7, docket no. 248, filed Mar. 17, 2017.

[16] Docket Text Order, docket no. 257, filed Mar. 22, 2017.

[17] Minute Entry, docket no. 309, entered Apr. 5, 2017.

Any response must be filed on or before 4/20/17.[18] Any reply must be filed on or before 14 days from the date any response is filed.

The 250 Motion for Order to Show Cause requests an order (1) holding Mr. Mumford in contempt for failing to pay the sanctions amount and (2) suspending Mr. Mumford from the practice of law until he pays the sanctions amount. The 250 Motion also seeks additional fees associated with enforcement of the sanctions orders. This case, at this time, is not the proper forum to consider barring Mr. Mumford from practice in this court. Therefore, any response and reply shall be limited to discussion of contempt and additional fees. Signed by Judge David Nuffer on 4/6/17. No attached document. (kjw) (Entered: 04/06/2017)[19]

Thus, pursuant to the April 6, 2017 order, it was determined that the matter would not be expedited, as Standard had requested, but would be "conducted in the regular course[,]" and Standard's request to bar Mr. Mumford from the practice of law would not be considered in this case at this time.[20] Thus, the request for expedited treatment was denied and the order signaled that this proceeding was not a proper forum to bar Mr. Mumford from the court. The remaining issues raised in the Motion for Order to Show Cause will be addressed in this order.

After February 13, 2017, when the initial Sanctions Award Order was entered, there has been a substantial amount of litigation for which the parties have incurred additional fees. Specifically, Standard was required to:

(1)   prepare a response to Mr. Mumford's motion to stay the Sanctions Award Order;

(2)   attempt to collect on the Sanctions Award Order;

---

[18] An order was entered allowing Mr. Mumford to file his response on April 27, 2017. Order Extending Time to File a Response, docket no. 336, filed Apr. 20, 2017. The order stated that Mr. Mumford's response "must be filed on or before April 27, 2017." *Id.* at 2. Mr. Mumford filed his Opposition on April 28, 2017.

[19] Docket Text Order, docket no. 311, entered Apr. 6, 2017.

[20] The docket text order referred to a complete bar of Mr. Mumford practicing law in this court.

(3) expend efforts to enforce the subsequent order affirming the Sanctions Award Order and attempt to have Mr. Mumford comply with the mandate to immediately pay the sanctions amount;

(4) prepare a Motion for Order to Show Cause after Mr. Mumford had not complied with the orders of the court;

(5) prepare for and participate in a settlement conference regarding the Motion for Order to Show Cause; and

(6) prepare a reply in support of the Motion for Order to Show Cause.

Each of these items required Standard to confer with counsel and determine a course of action. The total amount of additional fees incurred by Standard in attempting to enforce compliance with the Sanctions Award Order is $8,967.10.[21]

Standard has refused a payment plan from Mr. Mumford. Mr. Mumford has sent two checks—one for $2,500 dated March 13, 2017[22] and one for $2,500 dated April 21, 2017[23]—to Standard. Standard has refused to deposit the checks.

Mr. Mumford stated in his most recent filing that: "I recently analyzed my financial condition and determined that, from the date that the court ordered that I pay $25,115 in sanctions, i.e., February 13, 2017, to the present, after satisfying my obligations to make payroll for my staff, alimony and child support payments, and office rent, there was a balance of approximately $15,000. Of that amount, I paid $5,000 of it to Standard towards the court's sanctions orders, approximately $2,00-4,000 to myself for living expenses in that time period, and approximately $6,000-7,000 toward other business expenses, with additional expenses being

---

[21] Supplemental Decl. of James T. Burton, Ex. 4 to Reply, docket no. 342-4, filed May 2, 2017.

[22] Check from Marcus R. Mumford P.C. to Kirton McConkie, Ex. 1 to Reply, docket no. 342-1, filed May 2, 2017.

[23] Check from Marcus R. Mumford P.C. to Kirton McConkie, Ex. 2 to Reply, docket no. 342-2, filed May 2, 2017.

put on credit cards, as I prioritize payment toward the court's sanctions order over my personal financial security."[24] No supporting documentation of these statements has been provided by Mr. Mumford.

## DISCUSSION

**Parties' Arguments**

Standard argues that Mr. Mumford should be ordered to show cause why he should not be held in contempt for failing to immediately pay the sanctions amount in full.[25] Standard argues that Mr. Mumford is in "clear violation of the Court's March 17 Order" and that "there is no excuse or justification for Mr. Mumford's conduct, which conduct is in open and flagrant disregard of the Court's mandate to 'immediately' pay the Sanctions Amount to Standard."[26] Standard explains that rather than pay the sanctions amount as ordered, "Mr. Mumford contacted seventeen (17) attorneys at Kirton McConkie [the law firm representing Standard] and told them they 'didn't stop [Standard's Rule 11 motion] when you should have – and I would encourage you to go back and read the letter I senton October 27, 2014, when I first tried to dissuade your firm from taking this action.'"[27] Standard argues that Mr. Mumford should also be ordered to pay Standard's counsel's additional fees associated with enforcement of the sanctions orders.[28]

Mr. Mumford disagrees with Standard, and argues that he should not be held in contempt.[29] He argues that the reason he has not paid the sanctions amount is because he does

---

[24] Decl. of Marcus R. Mumford in Support of Opposition to 250 Motion for an Order to Show Cause, Ex. A to Opposition, docket no. 339-1, filed Apr. 28, 2017.

[25] Motion for Order to Show Cause at 6.

[26] *Id.* at 7.

[27] *Id.* at 8.

[28] *Id.* at 9.

[29] Opposition at 10.

not have the ability to make an immediate payment of over $25,000.[30] He argues that the sanctions amount was ordered in error and he intends to appeal the decision.[31] Mr. Mumford contends that "additional attorney fees and expenses are not appropriate because Standard incurred them unnecessarily."[32] Mr. Mumford states that he has "tried repeatedly to work out a payment plan with Standard because I simply do not have the full amount, despite my best efforts" but "Standard has continually refused." Mr. Mumford states that he has sent two checks to Standard totaling $5,000, but Standard has refused to cash the checks.[33]

**Legal Standard for Contempt**

For Mr. Mumford to be held in contempt, Standard must prove, by clear and convincing evidence, "that a valid court order existed, that [Mr. Mumford] had knowledge of the order, and that [Mr. Mumford] disobeyed the Order."[34] "A district court may exercise broad discretion in using its contempt power to assure compliance with its orders."[35] "Abuse of discretion is established if the district court's adjudication of the contempt proceedings is based upon an error of law or a clearly erroneous finding of fact."[36]

**Mr. Mumford Is in Contempt for His Ongoing Failure to Pay the Sanctions Amount**

First, a valid court order existed. Indeed, several court orders existed. The Rule 11 Order, entered January 18, 2017 held that Mr. Mumford would be sanctioned. The Sanctions Award Order, entered February 13, 2017, determined that the appropriate amount of sanctions to

---

[30] *Id.*

[31] *Id.* at 14.

[32] *Id.* at 15.

[33] *Id.*

[34] *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998).

[35] *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1231 (10th Cir. 2001).

[36] *Id.*

8

compensate Standard and to serve a deterrent effect was $25,115.74. The Sanctions Award Order required Mr. Mumford to pay that amount to Standard within 28 days. On March 17, 2017, another order was entered clarifying that "Mr. Mumford must immediately pay $25,115.74 to Standard Plumbing."[37]

Second, Mr. Mumford had knowledge of the foregoing orders. Mr. Mumford made filings with respect to the orders and participated in a settlement conference regarding the mandate to immediately pay $25,115.74 to Standard. Mr. Mumford cannot, and does not, refute that he had knowledge of the orders.

Third, Mr. Mumford disobeyed the orders, specifically the requirement to pay the sanctions amount. By Mr. Mumford's own admission, he has not paid the full sanctions amount immediately as ordered. Instead, Mr. Mumford has unilaterally determined that he is entitled to a payment plan. It is unclear why Mr. Mumford believes he is complying with the order by offering partial payments. Mr. Mumford is correct that Standard could be more benevolent and lenient with Mr. Mumford since Standard is the party to whom the money is owed. But Standard is not legally obligated to accept anything less than immediate payment in full as ordered.

Mr. Mumford argues hardship, but did not raise any hardship argument until the day before the sanctions amount was due. Thus, his hardship argument is controvertible. Moreover, the hardship arguments have been previously rejected for lack of completeness, and even the most recent filing by Mr. Mumford does not provide a complete financial picture. He simply states that he "analyzed [his] financial condition and determined" that he did not have the money to pay. There is no statement of revenues. There is not a complete statement of expenses. There

---

[37] Memorandum Decision and Order Denying Motion to Stay Enforcement of Sanctions at 7, docket no. 248, entered Mar. 17, 2017.

is no explanation of billing receivables or collections. Mr. Mumford does not explain exactly how he arrived at a $15,000 balance after making other payments. There is no supporting documentation provided by Mr. Mumford beyond his own declaration.[38] This does not satisfy Mr. Mumford's burden to establish the defense that he is unable to comply with the sanctions orders.[39]

Accordingly, Standard has proven by clear and convincing evidence, "that a valid court order existed, that [Mr. Mumford] had knowledge of the order, and that [Mr. Mumford] disobeyed the Order."[40] Mr. Mumford is held in contempt for his ongoing failure to pay the sanctions amount.

**Mr. Mumford Is Responsible to Pay Standard's Additional Fees and Is Barred from Further Action or Appearance in This Case Until He Has Paid the Sanctions Amount**

As explained in a prior order, "judges have broad discretion in choosing the appropriate remedy" for Rule 11 sanctions.[41] "To support the deterring effect of Rule 11, and as a sanction for filing a frivolous claim devoid of any basis in fact or law, it is appropriate that [Mr. Mumford] pay attorney fees and costs to Standard Plumbing."[42] Mr. Mumford was ordered to

---

[38] Decl. of Marcus R. Mumford in Support of Opposition to 250 Motion for an Order to Show Cause, Ex. A to Opposition, docket no. 339-1, filed Apr. 28, 2017.

[39] *See ClearOne Comms., Inc. v. Bowers*, 651 F.3d 1200, 1210 (10th Cir. 2011) (explaining that party moving for contempt has *initial* burden of showing a valid order existed, the party accused of contempt had knowledge of it, and that the party accused of contempt disobeyed the order, *but once the moving party makes that showing, the burden shifts to the party accused of contempt* "to show either that he had complied with the order or that he could not comply with it"); *see also Perez v. Paragon Contractors Corp.*, No. 2:06-cv-00700-TC, 2016 WL 8677282, *7 (D. Utah June 1, 2016) (unpublished) (quoting *ClearOne*, 651 F.3d at 1210); *Merena v. Davis*, 283 P.3d 973, 975 (Utah Ct. App. 2012) ("Ability to pay is a matter of defense and the burden of proof is upon the [sanctioned individual] in the contempt proceeding." (alteration in original)) (quoting *De Yonge v. De Yonge*, 135 P.2d 905, 906 (Utah 1943); *accord Coleman v. Coleman*, 664 P.2d 1155, 1157 (Utah 1983)).

[40] *Reliance*, 159 F.3d at 1315.

[41] Rule 11 Order at 14.

[42] *Id.* at 14-15.

pay attorney fees and costs to Standard "in connection with preparing, serving, and filing the 57 Motion."[43] The Sanctions Award Order determined the proper amount to be $25,115.74.[44]

As explained above, additional fees have been incurred in connection with enforcement of the Sanctions Award Order. In particular, Standard has been required to prepare a response to Mr. Mumford's motion to stay the Sanctions Award Order; attempt to collect on the Sanctions Award Order; expend efforts to enforce the subsequent order affirming the Sanctions Award Order and attempt to have Mr. Mumford comply with the mandate to immediately pay the sanctions amount; prepare a Motion for Order to Show Cause after Mr. Mumford had not complied with the orders of the court; prepare for and participate in a settlement conference regarding the Motion for Order to Show Cause; and prepare a reply in support of the Motion for Order to Show Cause. Each of these items required Standard to confer with counsel and determine a course of action. The total amount of additional fees incurred by Standard in attempting to enforce compliance with the Sanctions Award Order is $8,967.10.[45] This amount is appropriately added to the previous sanctions award of $25,115.74. Thus, the new sanctions amount is $34,082.84. This is a compensatory amount, not a coercive fine. It is designed to compensate Standard for the losses it has sustained.[46]

Additionally, Mr. Mumford is barred from any further action or appearance in this case until he has satisfied the orders to pay the full sanctions amount of $34,082.84. A prior order stated that "[t]his case, at this time, is not the proper forum to consider barring Mr. Mumford

---

[43] *Id.* at 14.

[44] Sanctions Award Order at 4-6.

[45] Supplemental Decl. of James T. Burton, Ex. 4 to Reply, [docket no. 342-4](docket no. 342-4), filed May 2, 2017.

[46] *But cf. Int'l Union United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 834 (1994) (stating that the challenged fines were *not* compensatory, and therefore analysis of whether it was a civil or criminal penalty was appropriate).

from practice in this court."⁴⁷ That order was in response to Standard's request to suspend Mr. Mumford from the practice of law.⁴⁸ The docket text order clarified that Mr. Mumford would not be completely barred from the practice of law in this court. The court has an appropriate disciplinary procedure to take that action.

After complete review of the briefing and circumstances surrounding the Motion for Order to Show Cause, and due to Mr. Mumford's obstruction in this case, a restriction on Mr. Mumford's ability to further participate in this case is appropriate, consistent with other cases decided by the Tenth Circuit.⁴⁹ Standard is correct that "[i]t is highly prejudicial to Standard to, on the one hand, allow Mr. Mumford [to] obtain all the benefits of extensively working this matter for the Greens and receiving financial reward for doing so, while, on the other hand, not requiring compliance with the Court's order of immediate payment to Standard."⁵⁰

Restricting Mr. Mumford from further practice in this case is also warranted because there is ongoing disregard for obeying court orders, including, most recently, an order for Mr. Mumford to file his Opposition by April 27. Mr. Mumford did not file his Opposition until April 28. Further, Mr. Mumford violated Judge Wells's Settlement Order, which ordered the parties not to disclose "any statement made by a party, attorney, or other participants in the settlement conference . . . ."⁵¹ Mr. Mumford openly discusses one of the statements Standard purportedly made during the settlement conference.⁵² This disregarded Judge Wells's order. Mr. Mumford

---

⁴⁷ Docket Text Order, docket no. 311, entered Apr. 6, 2017.

⁴⁸ Motion for Order to Show Cause at 7.

⁴⁹ *In re Smith*, 10 F.3d 723 (10th Cir. 1993); *Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227 (10th Cir. 1998).

⁵⁰ Reply at 9.

⁵¹ Settlement Order at 2, docket no. 271, entered Mar. 23, 2017.

⁵² Opposition at 7, 16 (stating Standard's position during the mediation).

also has failed to pay the sanctions amount despite being ordered to do so nearly two months ago.

Mr. Mumford's ongoing disregard for court orders has not been deterred by the prospect of monetary sanctions alone. Accordingly, to have sufficient deterrent effect, the sanction must include the prohibition of further representation in this case until the sanctions award has been paid in full. Because a sanction must be "limited to what suffices to deter repetition[,]"[53] Mr. Mumford is not completely barred from practice of law, but he is suspended from participation, action and appearance in this case. The length of this suspension is entirely within Mr. Mumford's control. After the sanctions amount is paid, he may move to appear and again participate in this case.

The order to pay monetary sanctions seeks to remedy the injury Mr. Mumford has inflicted on the party to whom sanctions is to be paid. But the order does not remedy the injury Mr. Mumford's client has inflicted. We do not know much money the client has paid for Mr. Mumford's efforts on the unfair competition claim and for his self-defense on the sanctions issue, and this action is likely not the forum to investigate that. However, because Mr. Mumford is barred from further participation, action, and appearance in this case, the client will be spared the future billings by Mr. Mumford for misguided efforts.

Therefore, the new sanctions amount is $34,082.84 and Mr. Mumford is barred from further action or appearance in this case until he has paid the sanctions amount in full.

## CONCLUSION

Standard's request to expedite resolution of the Motion for Order to Show Cause is DENIED. Standard's request to hold a hearing on the Motion for Order to Show Cause is also

---

[53] Fed. R. Civ. P. 11(c)(4).

DENIED. There is sufficient information in the briefing provided to render a decision. Mr. Mumford is held in contempt for his ongoing failure to pay the sanctions amount in full as ordered.

Standard's request to suspend Mr. Mumford from the practice of law in this court is DENIED IN PART as to that relief but GRANTED IN PART. Rather than completely suspend Mr. Mumford from the practice of law, Mr. Mumford is barred from further participation, activity, or appearance in this case until further order. Standard's request for additional attorney's fees is granted. The new sanctions amount is $34,082.84.

## ORDER

IT IS HEREBY ORDERED that the Motion for Order to Show Cause[54] is GRANTED IN PART AND DENIED IN PART. The new sanctions amount is $34,082.84 and Mr. Mumford is barred from further action or appearance in this case until further order.

Dated May 5, 2017.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[54] Standard's Combined Motion for an Expedited Order to Show Cause Why Attorney Marcus R. Mumford Should Not Be Held in Contempt and Suspended from the Practice of Law for Violation of the Court's Order Requiring Immediate Payment of the $25,115.74 Sanction Award and Motion for a Show Cause Hearing ("Motion for Order to Show Cause"), docket no. 250, filed Mar. 20, 2017.