Joshua S. Ostler (14277)
NELSON JONES, PLLC
8941 S. 700 E., Ste. 203
Sandy, UT 84070
(801) 981-8779
josh@nelsonjoneslegal.com
*Attorneys for Garth O. Green Enterprises, Inc., Garth Green and Michael Green*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARTH O. GREEN ENTERPRISES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RANDALL HARWARD, et al,<br><br>Defendants. | **OBJECTION TO MAGISTRATE FURSE'S ORDER [ECF NO. 526] GRANTING STANDARD PLUMBING SUPPLY'S EXPEDITED SHORT FORM DISCOVERY MOTION FOR RESOLUTION OF PRIVILEGE WAIVER DISPUTE [ECF NO. 516]**<br><br>Case No. 2:15-cv-00556-DAK-EJF<br><br>District Judge Dale A. Kimball<br>Magistrate Judge Evelyn J. Furse |

**RELIEF REQUESTED AND GROUNDS FOR RELIEF**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and DUCivR 72, Garth O. Green Enterprises, Inc., Michael Green, and Garth O. Green (hereinafter, the "Greens"), hereby object to and move the Court to set aside, in whole or in part, Magistrate Furse's Order [Doc. 526] Granting Standard Plumbing Supply's Expedited Short Form Discovery Motion For Resolution Of Privilege Waiver Dispute [Doc. 516].

**PRECISE RELIEF REQUESTED**

The Greens seek an order from the Court setting aside, in whole or in part, the 526 Order, or at least clarifying what question Garth Green failed to answer under Fed. R. Civ. P. 30 or 31

that would justify an order granting Standard's request to compel Garth Green's further deposition, *see* Fed. R. Civ. P. 37(a)(3)(b)(i), or what documents not produced by the Greens that would justify an order to compel production of additional documents under Rule 34, see Fed. R. Civ. P. 37(a)(3)(b)(iv).

## RELEVANT FACTS

1.       Last April, Magistrate Furse entered an order [Doc. 313], which resolved a motion to compel filed by Standard regarding a waiver of privilege by Michael Green with respect to communications with his former counsel, Adam Dunn, regarding the basis for his withdrawal after Standard threatened to bring a motion for sanctions under Rule 11 of the Utah Rules Civil Procedure (the case was pending in Utah state court at the time, and the judge in that proceeding had just granted the Greens leave to file the cause of action that was the basis of Standard's threatened Rule 11 motion).

2.       Magistrate Furse's April order [Doc. 313] concluded: "[i]t does not appear … that the Dunn Lawyers' bases for withdrawal are subject to the attorney-client-privilege," but "to the extent [those] bases … were privileged, … Michael Green's February 14, 2017 deposition testimony waived any such privilege on behalf of him and GO Green." [Doc. 313 at 2]

3.       The Dunn Law Firm subsequently produced relevant documents and a privilege log, and Adam Dunn sat for deposition in September 15, 2017. Garth Green attended that deposition.

4.       Two weeks later, on September 29, 2017, Garth Green sat for a two-hour deposition pursuant to the parties' agreement on topics not covered in his deposition, which had been taken in February 2017.

5. Garth Green's deposition in February 2017 was a full length deposition.

6. Among other things, Standard's counsel asked Garth Green at the September 29th deposition about matters covered by Standard at the September 15th deposition of Adam Dunn. Standard's counsel began the line of questions on the relevant issue simply by asking Garth Green whether he "disagree[d] with anything Adam Dunn said" at his deposition.[1]

7. In response to those questions, counsel for the Greens did not give any instruction to not answer, and Garth Green answered those questions fully.

8. In fact, at one point, the Greens' counsel asked Standard's attorney about whether he was seeking any kind of a waiver of the attorney-client privilege, and Standard's attorney confirmed that he was "just asking [Garth Green] … what his opinion was" of the testimony that Adam Dunn presented.[2]

9. The Court can see from the deposition transcript that the Greens did not take any action during Garth Green's September 29th deposition to block or frustrate discovery on this point. Counsel for Standard was allowed to ask any question he wished regarding the matters covered at Adam Dunn's deposition and the withdrawal of Adam Dunn in October 2014.

10. In its motion to compel, Doc. 516, Standard did not identify any question that Garth Green failed to answer at his September 29th deposition.

11. In its motion to compel, Doc. 516, Standard did not identify any document that the Greens or the Dunn Law Firm failed to produce on this subject.

---

[1] The excerpted transcript from Garth Green's Sept. 29, 2017 deposition was attached to the opposition and filed as Doc. 523-1, the relevant portion of testimony beginning at 397:15, *et seq.*
[2] Doc. 523-1 at 399:18-400:1.

12. In the parties' meet and confer prior to Standard's motion, Standard also failed to identify these matters, any question not answered or document not produced.[3]

13. In an October 31, 2017 email following the parties' meet and confer, the Greens' counsel summarized the meet and confer, pointing out how Standard had failed to identify any of these matters:

> First, I asked you to identify the privileged communications in any of the excerpted transcript that you provided, i.e., communications between attorney and client for the purpose of obtaining or rendering legal advice. Second, I asked you to identify any communication that Garth testified to that expanded the scope of the prior waiver. Third, I asked you to identify for me the additional questions, documents, or subject matters that you would be seeking in a motion to compel – as I was curious into whether we can agree on a remedy without necessarily reaching a meeting of the minds regarding the applicable analysis. Finally, I pointed out the exchange that we had in the deposition about how you weren't asking for any further waiver of attorney-client privilege, and you responded at the time to give assurances that you were just asking for Garth's opinion regarding Dunn's deposition, and I asked how it was appropriate for you to seek some kind of waiver when I understand that you agreed that you weren't doing that in the deposition. I understand that other than general assertions about how you felt there was a waiver on Garth's part, you really didn't feel the need to address any of my questions with any more detail in response to the questions I raised.
>
> As always, I remain open and willing to discuss these matters in greater detail. Please let me know if I can help in that effort in any way.[4]

14. Standard's counsel never respononed to that email, and, instead, filed its motion to compel on November 1, 2017. [Doc. 516]

15. In opposition to Standard's motion, Doc. 516, the Greens argued that there was no waiver because the questions asked at Adam Dunn's deposition concerned only non-privileged

---

[3] See attached Exhibit A (email from Marcus Mumford to James Burton, dated October 31, 2017 at 5:06 pm).
[4] Attached Exhibit A.

4

matters, meaning that the questions Garth Green answered regarding Adam Dunn's deposition were necessarily non-privileged. The opposition argued further that there was nothing about Garth Green's answers to indicate that he revealed privileged information in his answers, only that Adam Dunn told him that his mother suffers an illness, his father cares for her and they refused to be sued.[5]

> Courts have routinely held that "'[i]t goes without saying that merely disclosing non-privileged communications with an attorney does not thereby waive privileged ones.'"[6] And the disclosure of additional non-privileged information does "nothing to expand the scope" of a prior waiver of privilege.[7] As the *Trustees of Electric Workers* court held in the face of an argument similar to the one presented here: "Defendants' notion that I should also consider the disclosure of non-privileged information as a waiver by plaintiffs of privileged information that deals with the same subject matter is flat out wrong."[8]

16. Also in opposition to Standard's motion, Doc. 516, the Greens asserted a judicial estoppel argument, based on the assurance from Standard's counsel that he was not seeking any waiver, as he was "just asking [Garth Green] … what his opinion was" of Adam Dunn's testimony:

> Related to this point, Standard's attorney clarified at the deposition that he was not asking for any kind of further waiver of the attorney-client privilege, as he was "just asking [Garth Green] … what his opinion was" of the testimony that Adam Dunn presented. In that regard, Standard's motion presents the inverse of circumstances presented in *In re M & L Business Machine*, where the district court refused to find a waiver because the disclosure in question was "protected by a confidentiality agreement" between the parties.[9] Only, here, it is not that the

---

[5] See Doc. 523-1.
[6] *Trustees of Elec. Workers v. Tr. Fund Advisors, Inc.*, 266 F.R.D. 1, 10 (D.D.C. 2010) (citations omitted).
[7] *See Agility Pub. Warehousing Co. v. Dep't of Def.*, 110 F. Supp. 3d 215, 226 & n.9 (D.D.C. 2015) (citing Trustees of Elec. Workers, 266 F.R.D. at 10).
[8] Doc. 523 at 2-3 (citing *Trustees of Elec. Workers*, 266 F.R.D. at 11).
[9] *See In re M & L Business Machine Co.*, 161 B.R. 689 (D. Colo. 1993). The Tenth Circuit discussed this aspect of the holding in *In re M & L Business Machine* in *In re Qwest Commc'ns*

parties entered into any kind of confidentiality agreement, but rather, because the party now seeking a waiver of the attorney-client privilege gave the answering party its assurances that it was not seeking any privileged information. The doctrine of judicial estoppel applies. As the Supreme Court has held: "Where a party assumes a certain position in a legal proceeding, … he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."[10]

17.    Finally, in opposition to motion 516, the Greens pointed out and argued that Standard had failed to identify what, if anything, it would be entitled to, even if the Court found that a waiver had occurred:

> Finally, any additional waiver would be a Pyric victory because the scope of any additional waiver is extremely narrow.[11] And as the "party seeking to obtain privileged information," Standard failed to meet its burden of "proving that a waiver has occurred" or what it seeks as a result of the purported waiver.[12]

18.    On November 13, 2017, Magistrate Judge Furse issued an order purporting to conditionally grant Standard's motion to compel, concluding as follows:

---

*Int'l Inc.*, 450 F.3d 1179, 1189 (10th Cir. 2006).
[10] Doc. 523 at 3 (citing *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)). In a footnote, Doc. 523 explained:

> Judicial estoppel applies when (1) a party takes a position clearly inconsistent with an earlier-taken position; (2) adopting the later, inconsistent, position would create an impression that either the earlier or the later court was misled; and (3) allowing the party to change their position would give them an unfair advantage. *Hansen v. Harper Excavating, Inc*., 641 F.3d 1216 (10th Cir. 2011) (citing *Johnson v. Lindon City Corp*., 405 F.3d 1065, 1069 (10th Cir. 2005)). The doctrine is based upon the need to "protect[] the integrity of the judicial system 'by prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" *Id*. (quoting *Bradford v. Wiggins*, 516 F.3d 1189, 1194 (10th Cir. 2008)).

Doc. 523 at 3 n.10.
[11] *Agility Pub. Warehousing Co*., 110 F. Supp. 3d at 226.
[12] Doc. 523 at 4 (citing *Brigham v. Teva Pharm, Inc*., 707 F. Supp. 2d 463, 469 (D. Del. 2010)).

6

IT IS HEREBY ORDERED that to the extent Adam Dunn and the Dunn Law Firm's bases for withdrawal were privileged, Garth O. Green's testimony given during his September 29, 2017 deposition at 404:3-24 waived any privilege to conversations regarding the withdrawal of Adam Dunn and the Dunn Law Firm. To this end, the Court will allow further discovery on the subject matter, including deposition testimony and the production of documents from Garth O. Green.[13]

19. This objection is filed within the time set forth in Rule 72.

## POINTS AND AUTHORITIES

Rule 72(a) of the Federal Rules of Civil Procedure sets forth the standard of review that a district court applies in reviewing an order made by a magistrate judge: a district court must consider a timely objection and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a). Under this standard, "the district court conducts a plenary review of the magistrate judge's purely legal determinations" and must set aside the order "if it applied an incorrect legal standard or if it misapplied relevant statutes, case law, or rules of procedure."[14]

First, the Greens object to conditional nature of the Magistrate's Order 526. To the extent there is a waiver, or is not a waiver, it should have been spelled out in the Magistrate's order. The Greens are concerned that the conditional nature of the Magistrate's conclusion will unnecessarily lead to further time and expense in discovery on this matter. On this point, the Greens further object because the Magistrate did not address their judicial estoppel argument.

Second, the Greens object to the substance of Magistrate's conclusion that Garth Green's

---

[13] Doc. 526.
[14] *StorageCraft Technology Corp. v. Symantec Corp.*, 2009 WL 112434, *1 (D. Utah Jan. 16, 2009) (unpublished) (quotations and citations omitted).

7

answer effectuated a waiver. But the Greens understand and appreciate that the Magistrate's conclusion on this point in Order 526 (assuming the Court overrules the first objection raised above) may not rise to the level of "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

But that leads to the third and most significant objection to Order 526: the Greens object to the Magistrate's conclusion that they must now submit to "further discovery on the subject matter, including deposition testimony and the production of documents from Garth O. Green." Doc. 526. On this point, Rule 37(a)(2)(B) provides:

> (B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>
>> (i) a deponent fails to answer a question asked under Rule 30 or 31;
>>
>> (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);
>>
>> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
>>
>> (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

In applying this language from Rule 37, the Greens object based on the fact that the Magistrate ordered "further discovery," including additional "deposition testimony" and "documents," without requiring that Standard identify any question that Garth Green failed to answer at his deposition, and where Standard did not identify any documents not produced by the Greens that would justify an order to compel production of additional documents under Rule 34. See Fed. R. Civ. P. 37(a)(3)(b)(i) & (iv).

Courts have held that motions seeking to compel (or for sanctions), should be denied

where the party seeking the motion did not "specify what information [the other party] purportedly failed to disclose, what efforts [the moving party] made to obtain that information, or how [the other party's] purported failure to disclose that information prejudiced plaintiffs."[15] The *Biosafe-One* court explained the principle at issue: "Any sanctions imposed by a court for failure to comply with discovery obligations, however, must be just and commensurate with the failure to comply."[16] Other cases illustrating this point have held that discovery motions should be denied where the party seeking to compel "fail[ed] to identify [the] discovery requests that went unanswered or evidence that was not produced,"[17] or otherwise "did not provide substantiation for assertion that documents that he had requested actually existed".[18] It is further significant that Standard failed to identify these matters in the parties' meet and confer, as the applicable procedures require that the parties meet and confer in good faith – and here Standard completely failed to identify these matters in both the meet and confer <u>and</u> in the motion (Doc. 516) itself.[19]

Garth Green has already sat for a full deposition in February 2017, and then another two-hour deposition in September 2017. The Court can see from the docket the extensive discovery motion practice that the parties have sought in this case. But regardless of that history, on this issue, the Magistrate failed to apply the language of Rule 37 to require that Standard's motion

---

[15] *Biosafe-One, Inc. v. Hawks*, 639 F. Supp. 2d 358, 370 (S.D.N.Y. 2009), *aff'd*, 379 F. App'x 4 (2d Cir. 2010) ("Plaintiffs' motion instead consists of conclusory and general statements regarding defendants' purported noncompliance with their discovery obligations. Such generalities are an insufficient basis on which the Court can impose sanctions, and plaintiffs' motion is therefore denied.").
[16] *Id.* at 370 (citing Fed. R. Civ. P. 37(b)(2) and *Monaghan v. SZS 33 Assocs., L.P.*, 148 F.R.D. 500, 508-09 (S.D.N.Y. 1993)).
[17] *Sanders v. Sec'y Pennsylvania Dep't of Corr.*, 602 F. App'x 54, 57 (3d Cir. 2015).
[18] *Tindal v. Goord*, 340 F. App'x 12, 14 (2d Cir. 2009).
[19] See Exhibit A.

identify any question that Garth Green failed to answer at his deposition, or any documents that the Greens have not produced that would justify an order to compel production of additional documents. Further illustrating the errors at issue, the Magistrate did not even specify what "further discovery" is missing, or what "further discovery" is to be compelled. The Order is so vague and indeterminate on this point that the Greens are concerned that, if left standing, they could unwittingly be found to be in violation of the order, notwithstanding their good faith efforts to comply with their discovery obligations in this case.

## CONCLUSION

Rule 37 clearly indicates that Standard must identify, in a motion to compel, the questions that Garth Green failed to answer at his deposition and the documents that the Greens have not produced that would justify an order to compel production of additional documents. But Standard did not identify or address these matters in its motion to compel, Doc. 516. Accordingly, and with respect, the Magistrate's Order 526 granting that motion to require that the Greens now submit to "further discovery" was clearly erroneous and contrary to law. And the Court should sustain this objection.

DATE: November 27, 2017.

/s/ Joshua S. Ostler
Joshua S. Ostler
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2017, I filed a true and correct copy of the foregoing OBJECTION TO MAGISTRATE FURSE'S ORDER [ECF NO. 526] GRANTING STANDARD PLUMBING SUPPLY'S EXPEDITED SHORT FORM DISCOVERY MOTION FOR RESOLUTION OF PRIVILEGE WAIVER DISPUTE [ECF NO. 516] with the Clerk of Court using the CM/ECF system, which sent electronic notification to all counsel of record.

/s/ Joshua S. Ostler
Joshua S. Ostler