**Subject:** Re:
**Date:** Tuesday, October 31, 2017 at 5:06:54 PM Mountain Daylight Time
**From:** Marcus R. Mumford <mrm@mumfordpc.com>
**To:** James Burton <jburton@kmclaw.com>
**CC:** Josh <josh@nelsonjoneslegal.com>

Thank you. As I tried to explain on the call, I do not understand what question or answer in Garth's deposition would have expanded the court's prior ruling on any waiver going into the attorney-client privilege – beyond Judge Furse's ruling following Mike Green's deposition. In particular, I pointed out that you asked Garth about what Dunn testified to in his deposition – to the extent there is a waiver of any attorney-client communications and Adam Dunn testified to it, I think we can agree that was already the scope of the waiver that Judge Furse found in her prior ruling, and there is no reason to expand the scope of that waiver based on Garth's testimony. By voluntarily agreeing to this time for you to conduct an additional deposition of Garth Green, we gave you the opportunity to ask Garth about those matters covered by Adam in his deposition.

I understand that you pointed to Garth's testimony about Cliff Dunn's wife and her health condition as potentially going beyond Adam's testimony. First, I asked you to identify the privileged communications in any of the excerpted transcript that you provided, i.e., communications between attorney and client for the purpose of obtaining or rendering legal advice. Second, I asked you to identify any communication that Garth testified to that expanded the scope of the prior waiver. Third, I asked you to identify for me the additional questions, documents, or subject matters that you would be seeking in a motion to compel – as I was curious into whether we can agree on a remedy without necessarily reaching a meeting of the minds regarding the applicable analysis. Finally, I pointed out the exchange that we had in the deposition about how you weren't asking for any further waiver of attorney-client privilege, and you responded at the time to give assurances that you were just asking for Garth's opinion regarding Dunn's deposition, and I asked how it was appropriate for you to seek some kind of waiver when I understand that you agreed that you weren't doing that in the deposition. I understand that other than general assertions about how you felt there was a waiver on Garth's part, you really didn't feel the need to address any of my questions with any more detail in response to the questions I raised.

As always, I remain open and willing to discuss these matters in greater detail. Please let me know if I can help in that effort in any way.

---

**From:** James Burton <jburton@kmclaw.com>
**Date:** Tuesday, October 31, 2017 at 4:26 PM
**To:** "Marcus R. Mumford" <mrm@mumfordpc.com>
**Subject:** <no subject>

Here you go.