Joshua S. Ostler (14277)
NELSON JONES, PLLC
8941 S. 700 E., Ste. 203
Sandy, UT 84070
(801) 981-8779
josh@nelsonjoneslegal.com
*Attorney for Garth O. Green Enterprises, Inc.,*
*Garth Green and Michael Green*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARTH O. GREEN ENTERPRISES, INC., et al., | **REPLY IN SUPPORT OF MOTION TO RECONSIDER JUDGE NUFFER'S JANUARY 18, 2017 SANCTIONS ORDER [DOC. 161]** |
| Plaintiffs, | |
| v. | Case No. 2:15-cv-00556-CW-EJF |
| RANDALL HARWARD, et al, | District Judge Clark Waddoups |
| Defendants. | Magistrate Judge Evelyn J. Furse |

Plaintiffs Garth O. Green Enterprises, Inc., Garth Green and Michael Green, by and through counsel, respectfully submit this reply in support of the Motion to Reconsider Judge Nuffer's January 18, 2017 Sanctions Order [Doc. 161] (the "Motion").[1] For the reasons explained below, the Motion should be granted.

## REPLY ARGUMENT

### I.     The Law of the Case Doctrine Does Not Preclude the Motion.

Standard's opposition mistakenly relies on the "law of the case" doctrine. Standard argues that Judge Nuffer's Sanctions Order was "detailed" and thus, correctly decided. But that

---

[1] Docket No. 524.

argument is circular. And "law of the case" is not the correct standard here. In *Been v. O.K. Industries*, the Tenth Circuit explained the law of the case doctrine:

> Generally, the "law of the case" doctrine dictates that prior judicial decisions on rules of law govern the same issues in subsequent phases of the same case. We have acknowledged, however, that "the rule is a flexible one that allows courts to depart from erroneous prior rulings, as the underlying policy of the rule is one of efficiency, not restraint of judicial power." That is, the doctrine is merely a "presumption, one whose same strength varies with the circumstances." If the original ruling was issued by a higher court, a district court should depart from the ruling only in exceptionally narrow circumstances. On the other hand, district courts generally remain free to reconsider their earlier interlocutory orders.[2]

Since *Been*, the Tenth Circuit has clarified the application of the doctrine. In *Rimbert v. Eli Lilly*, the court was unequivocal: "[t]he law of the case doctrine does not bind a judge to following rulings in the same case by another judge of coordinate jursidction as long as prejudice does not ensue to the party seeking the benefit of the doctrine."[3]

So, contrary to Standard's argument, the Greens are not required to "demonstrate 'erroneous prior rulings'" to overcome the "law of the case" presumption. And even if that were the case, that is exactly what the Motion does: it demonstrates conclusively how Judge Nuffer erred in that he (1) improperly ignored and disregarded Judge Laycock's prior rulings on "futility" and "bad faith"; (2) misconstrued the substance of the Greens' claim and conflated Judge Sam's Order dismissing a Lanham Act claim; (3) improperly applied non-binding case law that was later in time than the Amended Complaint to conclude that the Greens' claim was "frivolous" and "not a reasonable extension or modification of the law" when filed; and (4) relied on outdated case law to conclude erroneously that sanctions were "mandatory."

---

[2] *Been v. O.K. Industries, Inc.*, 495 F.3d 1217, 1224-25 (10th Cir. 2007).
[3] *Rimbert v. Eli Lilly and Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011).

Standard's opposition essentially concedes many of these points. But Standard tries to blame the Greens for the errors, relying heavily on logical fallacies, especially ad hominem and the strawman. In one instance, Standard asks this Court to assume that the Greens' attorney engaged in "misconduct," and that the Greens and their counsel "cannot misbehave and then use their own misconduct to veto judicial authority or manufacture grounds for recusal."[4] If that statement were at all accurate, it might be worth the time to parse and distinguish it. But the Motion began with a simple point: counsel filed the unfair competition claim at issue *only after getting leave* from Judge Laycock – Judge Laycock having ruled that the claim was not futile[5] or filed in bad faith.[6] Standard's opposition never explains how it was not clear error for Judge Nuffer to simply ignore and disregard that procedural history when he sanctioned the Greens' counsel. Instead, Standard argues that the time has passed for any other judge to correct the errors Judge Nuffer made because "the Greens have already had their day in court."[7]

No. The Greens look forward to their day in court, where they can have their claims fairly adjudicated on the merits. But until that day, the plain language of Rule 54(b) expressly contradicts Standard's argument, explaining that "***any order or other decision***, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties … ***may be revised at any time*** before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b) (emphasis added). The

---

[4] Docket No. 530 at 2 (p.ii).
[5] *See* excerpt of the 9/5/2014 Hearing in State Court Action, filed as Docket No. 504-1 in this action, at 71:18-23 (emphasis added).
[6] *See* Docket No. 264-13 (9/17/2014 Order in State Court Action Denying Defendants' Motion for Summary Judgment and Granting Plaintiff's Motion for Leave to Amend) at 2, ¶ 4.
[7] Docket No. 530 at 16 (p.3).

Greens respectfully request that this Court consider this motion on its merits, with the other motion to reconsider,[8] correct Judge Nuffer's errors, and give the Greens their day in court.

## II.   Standard's Reliance on Judge Nuffer's Prior Rulings Is Misplaced.

Standard's arguments about this Motion being the fifth "failed attempt" to seek reconsideration of the Sanctions Order are false and misleading. The suggestion that this Court can disregard the Greens' arguments because Judge Nuffer previously rejected them is putting the cart before the horse. The docket shows how Standard has obtained a number of favorable rulings from Judge Nuffer based on similarly invalid and unsound arguments. Indeed, in making assertions about the number of "opportunities" or "failed attempts" that the Greens have had or made to address these issues, Standard is relying exclusively on Judge Nuffer's rulings. As with other arguments, this one is circular as well. "The law of the case doctrine does not bind a judge to following rulings in the same case by another judge of coordinate jurisdiction as long as prejudice does not ensue to the party seeking the benefit of the doctrine."[9]

Standard tries to turn the tables by accusing the Greens of "irony and hypocrisy" in how their motion allegedly "castigate[s] Chief Judge Nuffer for allegedly 'reconsidering' Judge Laycock's orders … [and] gutting the doctrine [of law of the case] altogether."[10] But there is a key distinction that Standard's opposition fails to appreciate. Namely, Judge Nuffer never really "reconsidered" Judge Laycock's prior rulings as much as he simply ignored and disregarded

---

[8] Docket No. 504.
[9] *Rimbert*, 647 F.3d at 1251 (quoting *United States v. Johnson*, 12 F.3d 1540, 1544 (10th Cir. 1993)). The motion explained how the Tenth Circuit recently vacated a ruling where Judge Nuffer had relied on law of the case in refusing to revisit a non-final summary judgment order. *See Arlin Geophysical v. United States*, --- Fed. App'x ---, 2017 WL 3530880, at *7 (10th Cir. Aug. 17, 2017).
[10] Docket No. 530 at 18 (p.5).

4

them. He failed to respect mandates that a federal court should "preserve the effectiveness of state court orders after removal,"[11] "tak[ing] the case in its current posture and treats prior-entered orders as its own."[12] In so doing, Judge Nuffer committed the same error that the Tenth Circuit corrected in *Palzer*, where it vacated the district court's judgment for having "manifest[ly] disregard[ed] … the state court's" prior rulings.[13] Furthermore, even if Judge Nuffer can be said to have "reconsidered" Judge Laycock's rulings, he never gave the Greens notice or an opportunity to be heard, as required by the Tenth Circuit.[14]

Standard is further mistaken in repeatedly referring to the Greens' motion as the "5th Motion for Reconsideration," and the Court should not allow Standard to misdirect from the Greens' substantive arguments on that basis. The so-called "first failed attempt," Docket No. 167, was a motion to reconsider Judge Nuffer's December 27, 2016 ruling, Docket No. 152, <u>not</u> the Sanctions Order. Reconsideration of the Sanctions Order is not precluded simply because reconsideration of an entirely separate order was denied.

The so-called "second failed attempt," Docket No. 182, was a brief opposing Standard's motion for a calculation of the appropriate fee award. And Standard's argument is inconsistent on this point, as it argues in one breath that it would have been inappropriate to "relitigate or seek modification" the Sanctions Order at that time while also blaming the Greens for not taking more advantage of the "opportunity" presented to attack the Sanctions Order ruling.[15] In any event, Docket No. 182 is irrelevant to the facts and arguments presented in this Motion showing

---

[11] *Granny Goose Foods v. Brotherhood of Teamsters, No. 70*, 415 U.S. 423, 436-37 (1974).
[12] *Nieto v. University of N.M.*, 727 F. Supp.2d 1176, 1189 (D.N.M. 2010) (citing *Granny Goose*).
[13] *Palzer v. Cox Oklahoma Telecom, LLC*, 671 Fed.Appx. 1026, 1028 (10th Cir. 2016).
[14] *See Rimbert*, 647 F.3d at 1251.
[15] See Docket No. 530 at 6-8 (pp.vi-viii).

that the Sanctions Order was erroneous.

The so-called "third failed attempt," Docket No. 340, was captioned as a "Motion For Rule 54(b) Certification Of Memorandum Decision (Dkt. #152)." Standard's opposition misleadingly suggests that Judge Shelby somehow rejected, at a June 16, 2017 hearing, the arguments made in this Motion. That is simply not true. And it is misleading to suggest that Judge Shelby was directing his comments about the law of the case to the Greens' suggestion that Judge Shelby "may be inclined to relook at the motion to alter or amend."[16] The excerpted transcript that Standard attached to its opposition omitted the discussion that immediately preceded some of Judge Shelby's comments about "law of the case."[17] The full exchange is attached as Exhibit 1, showing how Judge Shelby was responding to an argument that Standard's counsel had just made regarding subject matter jurisdiction, in particular, suggesting that Judge Shelby did not need to make an independent assessment of the federal court's subject matter jurisdiction because "the same analysis and reasoning that lead to Judge Nuffer's denial of the motion to remand applies now."[18]

Simply, Judge Shelby's statements from the June 16th hearing are either supportive or inapposite to the issues presented in the current Motion in that they are either consistent with the "law of the case" doctrine as stated in *Been* and/or prudential in that he was not going to preview his order to a motion that was not pending. In fact, that is what Judge Shelby later said in that hearing:

I'm not barring anyone here from filing whatever motions they think are

---

[16] Id. at 8 (p.viii).
[17] Docket No. 530-1 at 36:1-10.
[18] See attached Exhibit 1 (the full 6/16/2017 Hearing Transcript) at 35:19-21.

otherwise proper and appropriate under the rules. And if a motion is filed, we'll take it up and I'll deal with it as it's filed. I think it would be inappropriate for me to signal any kind of response to a motion as you're describing it and especially without the other side having an opportunity to respond.

I will say that – well, *let me say this without signaling anything to any of the* *parties. I think the issue that from my perspective is we now have law of the case*. So insofar as someone is seeking some review or to revisit some issue that's the law of the case, ther are standards in case law that tell us when that's appropriate and under what circumstances. And I endeavor all the time in this job to follow the rules as the court of appeals tells me they are, so that's what I'll try to do.[19]

The full recitation of this exchange shows that Judge Shelby most assuredly did not "den[y]" at that June 16th hearing any "oral motion to re-raise the Greens' first motion for reconsideration," as Standard's opposition falsely asserts.[20] With this in mind, Standard's opposition is further in error to argue that the Greens' motion "must be denied."[21] As explained above, Standard wrongly argues that "reconsideration is only warranted when there has been an intervening change in the law, there is new evidence, or the challenged order is clearly erroneous."[22] The *Been* court has explaiend how such limits really only apply where a district court is departing "from an appellate court's earlier ruling."[23] But even more to the point, *Rimbert* teaches that "[t]he law of the case doctrine does not bind a judge to following rulings in the same case by another judge of coordinate jursidction as long as prejudice does not ensue to the party seeking

---

[19] Id. at 44:12-45:3 (emphasis added).
[20] Docket No. 530 at 14 (p.1).
[21] Docket No. 530 at 14 (p.1), 16 (p.3), 18 (p.5), and 23 (p.10).
[22] Id. at 17 (p.4).
[23] *Been*, 495 F.3d at 1225 n.4 (quoting *McIlravy v. Kerr-McGee Coal Corp*., 204 F.3d 1031, 1035 (10th Cir. 2000) ("This Court had recognized three 'exceptionally narrow' grounds supporting a district court's departure **from an appellate court's earlier ruling**: '(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice.'")). Finally, the so-called "fourth attempt to seek reconsideration" recited by Standard refers to the Greens' motion to reconsider filed in October 2017. Whether that motion is ultimately granted, Standard is wrong to argue that this motion should be denied simply because that motion is also pending.

the benefit of the doctrine."[24] In other words, the "law of the case" grounds do not apply here.

## III.   Standard's Arguments About the Timeliness of a Recusal Motion are Inapposite.

Standard's opposition spends an inordinate amount of time discussing the standards for

recusal, blaming the Greens for not seeking recusal earlier in the case, and arguing that it is now

too late for the Greens to raise matters related to Judge Nuffer.[25] But this is not a motion to

recuse. As of May 9, 2017, Judge Nuffer recused.[26] Whenever a judge is disqualified or recused,

the subsequent judge assigned must determine whether to vacate the court orders issued *prior to*

*recusal*.[27] Some courts have explained this procedure is required to "purge the perception of

partiality" from the case.[28] That is part of what the current Motion is requesting.[29] And Standard

is completely misconstruing the argument about matters raised in the complaint that Judge

Nuffer filed against the Greens' counsel. The fact that Judge Nuffer recused after filing the

complaint in May 2017, but that complaint raises matters that pre-date the Sanctions Order by

over a year, simply confirms the need to review Judge Nuffer's Sanctions Order as part of an

overall effort to purge the perception of partiality from this case.

---

[24] *Rimbert v. Eli Lilly and Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011).

[25] Docket No. 530 at 20-22 (pp.7-9).

[26] Docket No. 358.

[27] *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988); *see also Shell Oil Co. v. United States*, 672 F.3d 1283, 1290-91 (Fed. Cir. 2012) (vacating the district court's judgment, and orders it was based on, because the judge "should have recused himself" earlier); *United States v. O'Keefe*, 128 F.3d 885, 891 (5th Cir. 1997) (purposes of recusal statute include "protect[ing] the litigants' constitutional entitlement to an unbiased adjudication and the public's perception of the integrity of the judicial process"); *Rohrbach v. AT&T Nassau Metals Corp.*, 915 F. Supp. 712, 718 (M.D. Penn. 1996) (vacating prior judge's actions); *Chambers v. Kansas City Comm. College*, 2014 WL 326021, at *3 (D. Kan. 2014) (same).

[28] *Mangini v. United States*, 314 F.3d 1158, 1161 (9th Cir. 2003).

[29] Whether Judge Nuffer should have recused was addressed by Justice Kennedy's concurring opinion in *Liteky v. United States*, 510 U.S. 540, 563 (1994): judges do not always "heed the judicial oath and step down" in the face of a disqualifying predisposition or circumstance, whether "through obduracy, honest mistake, or simple inability to attain self-knowledge."

## IV.     Standard Again Misstates and Mischaracterizes Judge Sam's Order.

On at least two occasions, Standard falsely asserts that the unfair competition claim at issue "had been recognized as frivolous and devoid of merit by the Honorable District Court Judge David Sam before the Greens' Amended Complaint had been filed."[30] That is plainly not true. Judge Sam dismissed Standard's declaratory judgment action based on a "lack of subject matter jurisdiction [under federal trademark law] and a lack of justiciability," applying "the longstanding principle of justiciability [that] prohibits courts from issuing advisory opinions."[31]

To the extent his ruling said anying about the Greens' unfair competition claim, it was only to point out it was a state law claim.[32] Full stop. The Greens understand that Standard is arguing that the rest of Judge Sam's analysis should apply to preclude them from asserting the claim in this case. But they cannot misrepresent the facts to assert that Judge Sam had concluded that the claim was "frivolous and devoid of merit" when that was exactly what Judge Sam's Order did not say. One would think the seriousness of a motion raising Rule 11 issues would cause Standard to take great care in making factual representations to the Court. But the fact that Standard is so pervasive in stretching the truth should color the way the Court considers the rest of its opposition. And it also confirms the need to review matters related to the Sanction Order.

## V.     Judge Nuffer's Erroneous "Mandatory" Ruling Was Not Harmless.

Standard essentially argues "harmless error," but it fails to provide any authority for the argument because there is none. Indeed, the Supreme Court held the opposite in *Cooter & Gell v.*

---

[30] Docket No. 530 at 2 (p.ii) and 4 (p.iv).
[31] *See Standard Plumbing Supply Co., Inc. v. Garth O. Green Enterprises, Inc*., Case No. 2:14-cv-00238 DS (D. Utah), Docket 32 at 2-5, attached as Exhibit 2.
[32] Id. at 2-3.

*Hartmarx Corporation*, where it acknowledged that Rule 11 orders should be reviewed on appeal for an abuse of discretion, but held that "[a] district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence."[33] That is what the Greens established in their motion on this point: Judge Nuffer based his ruling on an erroneous view of the law as to whether sanctions were "mandatory." By arguing that "law of the case" precludes any review of the Sanctions Order, Standard is simply inviting further error on this point. In *Lester v. City of Lafayette*, the Tenth Circuit applied *Cooter & Gell* to reverse an award of attorney fees that had been based "on an erroneous view of the law" regarding the "law of the case" doctrine.[34]

In another case, *Knipe v. Skinner*, a district court imposed Rule 11 sanctions under the pre-amendment version of Rule 11, wherein sanctions were mandatory.[35] On appeal, the Second Circuit found that, under the pre-amendment version of Rule 11, the district court did not abuse its discretion.[36] However, the *Knipe* court still remanded the case "so that the district court may exercise its discretion whether to impose sanctions as provided in the 1993 amendments to Rule 11."[37] As the *Knipe* court concluded: "a just and practicable application of the amended Rule 11 requires that the district court be afforded an opportunity to exercise its discretion whether to impose sanctions under the amended version."[38] Simply stated, the *Knipe* court rejected Standard's "harmless error" argument by implication. The *Knipe* court could have determined on

---

[33] *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 405 (1990).
[34] *Lester v. City of Lafayette, Colo.*, 639 F. App'x 538, 541-42 (10th Cir. 2016).
[35] *See Knipe v. Skinner*, 19 F.3d 72, 74 (2d Cir. 1994).
[36] *See id.*
[37] *Id.*
[38] *Id.* at 78.

appeal that because the district court had already imposed Rule 11 sanctions, there was no use in revisiting the issue. But the *Knipe* court held the opposite and the matter was remanded.

Finally, Standard's harmless error argument is contrary to Fed. R. Civ. P. 61, which only contemplates a "harmless error" analysis in trial rulings "admitting or excluding evidence" or where the error does not "affect any party's substantial rights." Judge Nuffer's errors in concluding that sanctions were mandatory, and ultimately barring the Greens' counsel for failing to pay the entirety of the sanctions award in the time period imposed by the Sanctions Order clearly prejudiced the Greens' rights. At its core, Standard is inappropriately asking this Court to predict and apply the law as it supposes Judge Nuffer would have done. But the Motion is asking something entirely different: correct Judge Nuffer's errors and apply the law appropriately to conclude that sanctions were not warranted in the first place.

## CONCLUSION

This matter is a simple one. The Greens' unfair competition claim was only filed *after* assurances from Judge Laycock that the claim was not "futile" or filed "in bad faith." Judge Nuffer disregarded relevant procedural history and otherwise misapplied the law in imposing sanctions. Under Rule 54(b), his Sanctions Order should be reconsidered.

DATE: December 8, 2017.

/s/ Joshua S. Ostler
Joshua S. Ostler
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2017, I filed the foregoing REPLY IN SUPPORT OF MOTION TO RECONSIDER JUDGE NUFFER'S JANUARY 18, 2017 SANCTIONS ORDER [DOC. 161] with the Clerk of Court using the CM/ECF system, which served electronic notification on all counsel of record.

/s/ Joshua S. Ostler
Joshua S. Ostler