JAMES T. BURTON (11875)
*jburton@kmclaw.com*
JOSHUA S. RUPP (12647)
*jrupp@kmclaw.com*
RYAN R. BECKSTROM (14593)
*rbeckstrom@kmclaw.com*
**KIRTON │ McCONKIE**
Key Bank Tower
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

*Counsel for Standard Plumbing Supply Company, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARTH O. GREEN ENTERS., INC., *et al.*, <br><br> Counterclaim Defendants, <br><br> v. <br><br> RANDALL HARWARD, *et al.*, <br><br> Counterclaim Plaintiffs. | Case No. 2:15-cv-00556-DAK-EJF <br><br> **STANDARD PLUMBING SUPPLY COMPANY, INC.'S MEMORANDUM IN OPPOSITION TO EXPEDITED SHORT FORM MOTION FOR PROTECTIVE ORDER** <br><br> Honorable Judge Dale A. Kimball <br> Honorable Magistrate Judge Evelyn J. Furse |

Standard Plumbing Supply Company, Inc. ("Standard") opposes Garth O. Green Enterprises, Inc. et al.'s (collectively, the "Greens") Motion for Protective Order.[1]

## I.      The Greens Lack Standing to Object to the Third-Party Subpoenas

The motion, while improperly styled as seeking a "protective order," truthfully seeks to either quash or modify five third-party deposition subpoenas (the "Subpoenas") properly issued

---

[1] Docket no. 544.

under Rule 45.[2] But "a party does not have standing to object to [a] third party subpoena unless the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested."[3] The motion fails to even suggest "a personal right to be protected" or that the third-party witnesses are shielded from testifying *in toto* by a "privilege."[4] Where the Greens "bear[] the burden of persuasion on a motion to quash"[5] and have failed to demonstrate standing, the motion should be denied irrespective of its merit.[6] This is particularly true where the motion vaguely suggests, but fails to substantiate, an alleged undue burden[7]—an argument the Greens unequivocally lack standing to advance on behalf of the Third Parties.[8]

II.     **The Motion Fails to Substantiate a Basis to Quash or Modify Under Rule 45**

Even assuming the Greens have standing (which they do not), the motion fails to articulate, let alone meet, *even one* ground for quashing or modifying a subpoena under Rule 45(d)(3).[9] Again, where the Greens "bear[] the burden of persuasion"[10] and have failed to articulate a cognizable basis for quashing or modifying the Subpoenas, the motion should be denied.[11]

---

[2] *See* deposition Subpoenas properly issued and served on Lori Green Yardley, Wendy Green, Phillip J. Green, Jeffery G. Green, and Bradley G. Green (collectively, the "Third Parties") pursuant to Federal Rule of Civil Procedure 45, collectively attached hereto as **Exhibit "A"**.

[3] *Nunes v. Rushton*, No. 2:14-CV-627-TC-DBP, 2015 WL 3537018, at *3 n.5 (D. Utah June 4, 2015) (unpublished) (quoting *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999) (internal quotation marks omitted)).

[4] *See Hertenstein*, 189 F.R.D. at 635.

[5] *Zoobuh, Inc. v. Rainbow Int'l Corp.*, No. 2:14-CV-00477-DN, 2015 WL 2093292, at *2 (D. Utah May 5, 2015) (unpublished).

[6] *See Hertenstein*, 189 F.R.D. at 635.

[7] *See* docket no. 544 at 3 ("Standard should not be permitted to cost the litigants time and money in deposing the Green Family in St. George, Utah.").

[8] *See Zoobuh*, 2015 WL 2093292, at *2 ("Even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden.")

[9] *See* Fed. R. Civ. P. 45(d)(3)(A)-(B) (requiring that a subpoena be quashed or modified where the subpoena imposes an unreasonable time for compliance, requires compliance beyond geographic limitations imposed under the Rule, requires the disclosure of privileged information, or creates an undue burden; authorizing modification where the subpoena requires the disclosure of confidential information or the disclosure of expert opinions); *see also Nunes*, 2015 WL 3537018, at *3-4.

[10] *Zoobuh*, 2015 WL 2093292, at *2.

[11] *See id.* at *2-3.

### III.        The Motion Should be Denied on its Merit; Fact Discovery Remains Open

Even assuming the Court reaches the merits of the motion (which it should not), the motion should still be denied. The motion's central premise—that discovery is closed or limited[12]—is inaccurate. On the contrary, owing in part to the Greens' serial motions to dismiss and other discovery abuses, fact discovery has been extended on an open-ended basis on four prior occasions.[13] The Greens joined in the first three extension requests.[14] And the fourth open-ended extension was granted over the Greens' objection.[15] And on June 21, 2017, the Court acknowledged the parties competing views on extending discovery a fifth time but postponed a final decision until the Greens' second motion to dismiss and other discovery disputes were ready for resolution.[16] Nevertheless, discovery has remained open during the interim and has never been limited in any respect.[17] Moreover, the Greens' second motion to dismiss has now been denied,[18] the Greens have answered Standard's counterclaims,[19] and the discovery disputes pending on June 21, 2017 have either been resolved or submitted for decision.[20] Simply stated, discovery remains open. Indeed, while arguing that "discovery has expired,"[21] the Greens are currently planning to depose Richard Reese and have agreed to depositions of Garth and Michael Green.[22] Discovery is open; there is no basis for precluding Standard from deposing the Third Parties or otherwise postponing the subpoenaed depositions.[23] The motion should be denied.

---

[12] *See* docket no. 544, *passim*.
[13] *See* docket nos. 148, 230, 325 & 389.
[14] *See* docket nos. 141, 219 & 304.
[15] *Compare* docket no. 389 (granting Standard's request to extend discovery on an open-ended basis), *with* docket nos. 374 & 377 (the Greens' failed efforts to seek artificial limits on discovery).
[16] *See, e.g.,* docket nos. 491 & 508 (incorporated herein by this reference).
[17] *See id.*
[18] *See* docket no. 482.
[19] *See* docket no. 486.
[20] *See, e.g.,* docket nos. 491 & 508.
[21] *See* docket no. 544-6 at 1.
[22] *See, e.g.,* email correspondence attached hereto as **Exhibit "B"** at 1-2.
[23] Notably, while not discussed in the motion itself, the Greens have suggested that the mere filing of their motion results in an automatic stay of the subpoenaed depositions. (*See* Ex. B at 3 (discussing "the deadline for the automatic stay")). But DUCivR 26-2(b) only applies to depositions which have been "noticed," not subpoenas. Indeed, DUCivR 26-2(b) only applies to proper motions for a protective order under Rule 26, not a Rule 45 motion

DATED this 14th day of December, 2017.

                                          Respectfully submitted,
                                          **KIRTON | McCONKIE**

                                          By: */s/ James T. Burton*
                                                James T. Burton
                                                Joshua S. Rupp
                                                Ryan R. Beckstrom
                                          *Counsel for Standard Plumbing Supply Company, Inc.*

---

to quash masquerading as a motion for protective order. As the Subpoenas have been properly issued pursuant to Rule 45, the Third Parties are obligated to appear and be deposed irrespective of the pendency of the motion or the day on which is was filed. In other words, absent a timely and procedurally sound motion to quash the Subpoenas, the Third Parties cannot simply disregard the Subpoenas on the basis of the Greens' procedurally unsound motion.

4821-1852-1176

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December, 2017, I caused a copy of the foregoing to be filed using the Court's CM/ECF electronic filing system, which provides service to all counsel of record.

/s/ James T. Burton