IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| GARTH O. GREEN ENTERPRISES et al., <br><br> Plaintiffs, <br><br> v. <br><br> STANDARD PLUMBING et al., <br><br> Defendants. | **ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION, OR ALTERNATIVELY, FOR A STAY OF PROCEEDINGS** <br><br> Case No. 2:15-cv-556-RJS-EJF <br><br> Judge Robert J. Shelby <br> Magistrate Judge Evelyn J. Furse |

Plaintiffs Garth O. Green Enterprises, Garth Green, and Michael Green (the Greens) filed a Motion for Reconsideration, or Alternatively, for a Stay of Proceedings,[1] urging the court to reconsider a prior order from Judge Nuffer granting Standard's Motion for Partial Summary Judgment (the Docket 152 Order).[2] The court DENIES the Motion.

Under Federal Rule of Civil Procedure 54(b), a judge may revisit any decision that adjudicates fewer than all the claims of all the parties. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[3] A motion to reconsider is inappropriate if it "merely advances new arguments, or supporting facts which were available at the time of the original motion."[4]

---

[1] Dkt. 504.

[2] Dkt. 152.

[3] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[4] *Id.*

All of the Greens' claims were presented in both their arguments for the Motion for Partial Summary Judgment and their motion to alter that judgment, or were otherwise available for the Greens to assert in those briefs.  Additionally, the Greens point to no change in the controlling law or new evidence previously unavailable that would justify reconsideration of the Docket 152 Order.[5]  The Greens have also not shown that the Docket 152 Order was clearly erroneous.  For this reason, the court will not reanalyze the Greens' arguments.

The Greens also seek a stay of the case pending the outcome of the Utah Supreme Court's decision on whether tortious interference with contractual relations requires improper means.

In deciding whether to grant a stay, the court looks at three factors: "(1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship."[6]

Based on the factors listed above, the court finds that a stay is not warranted.  Judicial economy would best be served by moving forward with this case.  This case has been pending for more than two years, and waiting for a decision about the certified question could take months or even years, which would unduly prejudice Standard.  Additionally, the Greens have not shown that a stay would avoid confusion and inconsistent results.  If the Utah Supreme Court decides the certified question in a manner contrary to Judge Nuffer's opinion, the Greens are free

---

[5] The Greens point out that a subsequent case from the District of Utah has led to a different conclusion on whether tortious interference with contractual law requires improper means.  *See Advanced Recovery Sys., LLC v. Am. Agencies*, LLC, 2:13-cv-283, 2017 WL 680391 (D. Utah Feb. 21, 2017) (holding that "under well-established Utah law, a claim of tortious interference with contract does not require proof of improper means").  However, a "decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."  *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (citation omitted).  Thus, the ruling in *Advanced Recovery Systems* is not a change in controlling law.

[6] *UBS Bank USA v. Hawit*, No. 2:09-CV-00032, 2009 WL 2366046, at *2 (D. Utah July 31, 2009) (citation omitted).

to seek reconsideration on the basis of that change in controlling law.  Until then, the court will not stay the case based on speculation concerning how the state court may rule.

For the reasons stated above, the court DENIES the Greens' Motion for Reconsideration, or Alternatively, for a Stay of Proceedings.[7]

SO ORDERED this 15th day of December, 2017.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[7] Dkt. 504.