IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| GARTH O. GREEN ENTERPRISES et al., <br><br> Plaintiffs, <br><br> v. <br><br> STANDARD PLUMBING et al., <br><br> Defendants. | **ORDER ON MOTION TO STRIKE** <br><br> Case No. 2:15-cv-556-RJS-EJF <br><br> Judge Robert J. Shelby <br> Magistrate Judge Evelyn J. Furse |

Plaintiffs Garth O. Green Enterprises, Garth Green, and Michael Green (the Greens) filed an Answer to a Counterclaim from Defendant Standard Plumbing (Standard).[1] Standard filed a Motion to Strike Select Portions of the Greens' Answer to Counterclaim,[2] urging the court to strike parts that (1) deny the court has jurisdiction or proper venue, (2) affirmatively allege issues in the admissions and denials, (3) allege affirmative defenses that Standard claims are insufficient, and (4) deny facts that have already been decided by the court. The court GRANTS in part and DENIES in part the Motion to Strike.

A court may grant a motion to strike where a pleading presents "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[3] Motions to strike are disfavored, and allegations will not be stricken as immaterial unless "they have no possible bearing on the controversy."[4]

The court will address each of Standard's arguments in turn.

---

[1] Dkt. 486.

[2] Dkt. 498.

[3] Fed. R. Civ. P. 12(f).

[4] *Waterton Polymer Prods. USA, LLC v. EdiZONE, LLC*, No. 2:12-cv-17, 2012 WL 4024626, at *1 (D. Utah Sept. 12, 2012) (citation omitted).

### I.  Jurisdiction and venue

Standard argues that because the Greens have never moved to dismiss on the basis of jurisdiction or venue, they have waived the argument and the court should strike the denials.

Personal jurisdiction and venue can be waived if a party does not raise them in a motion under Rule 12 of the Federal Rules of Civil Procedure.[5]  Subject matter jurisdiction, on the other hand, cannot be waived, and the court may address it at any stage of the proceedings.[6]

The Greens did not raise personal jurisdiction or venue in a Rule 12 motion and thus have waived the defenses.  Standard's motion to strike is therefore well-taken as to these portions.  In contrast, to the extent the Greens' denial was directed to subject matter jurisdiction, it is not waived and the court will not strike the denial.

### II.  Affirmative allegations

Standard also argues that the Greens' affirmative allegations go beyond what Rule 8 allows for denials and are therefore impertinent.[7]  Rule 8 provides that a party must state its defenses "in short and plain terms" and either admit or deny the allegations against it.[8]  Any denials must "fairly respond to the substance of the allegation."[9]  Nothing in Rule 8 allows for affirmative allegations in addition to denials.  The Greens' allegations are not necessary to fairly respond to Standard's allegations because the Greens could still admit, deny, or deny in part the allegations in the Counterclaim without making affirmative allegations of their own.  The

---

[5] Fed. R. Civ. P. 12(h)(1).

[6] Fed. R. Civ. P. 12(h)(3).

[7] Standard also argues the affirmative allegations are redundant and immaterial by nature of being nearly identical to the claims the Greens allege in their Amended Complaint and by alleging facts that have already been decided in Standard's favor by the Docket 152 Order.  Because the court determines that Rule 8 does not allow affirmative allegations in denials, it is not necessary to reach these arguments.

[8] Fed. R. Civ. P. 8(b)(1)(A).

[9] Fed. R. Civ. P. 8(b)(2).

affirmative allegations are impertinent.  For these reasons, the court will strike the affirmative allegation portions of the Greens' Answer to paragraphs 23–24, 41, 44–45, 48–52, 73–74, 84, 93, 113–14, 118, and 155.

### III. Affirmative defenses

Standard also urges the court to strike several of the Greens' affirmative defenses, arguing they do not meet pleading standards and that they have already been rejected by the court.

In pleading affirmative defenses, a party need only meet the "liberal pleading rules established by the Federal Rules of Civil Procedure."[10]  Even "a simple statement that a complaint 'fails to state a claim' is sufficient to plead an affirmative defense under the federal rules."[11]

Under this standard, the Greens have sufficiently pleaded their affirmative defenses. Although the affirmative defenses do not contain detailed allegations, they are sufficient to give Standard notice of the additional issues that might be raised at trial.

Apart from the sufficiency arguments, Standard argues the court should strike five of the Greens' affirmative defenses because they have already been rejected by previous orders.  The Greens argue that it is proper to reallege affirmative defenses that have already been stricken because district courts "remain free to reconsider their earlier interlocutory orders."[12]

Under Federal Rule of Civil Procedure 54(b), an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and

---

[10] *Creative Consumer Concepts, Inc. v. Kreisler,* 563 F.3d 1070, 1076 (10th Cir.2009) (citation omitted).

[11] *Tiscareno v. Frasier*, No. 2:07-cv-336, 2012 WL 1377886, at *15 (D. Utah Apr. 19, 2012).

[12] Dkt. 506, at 9.

liabilities." A motion to reconsider is proper "where the court has misapprehended the facts, a party's position, or the controlling law."[13]

If the Greens wanted the court to reconsider the merits of their affirmative defenses, they should have raised the arguments in a motion to reconsider rather than simply realleging them in different forms. The Greens have not made any showing that the court has misapprehended the facts, the Greens' position, or the controlling law. Therefore, the court will not revisit affirmative defenses that it has already rejected.

In this case, the court already rejected the first three affirmative defenses on August 30, 2017, after a hearing.[14] The court also rejected the seventh and ninth affirmative defenses on March 29, 2017.[15] Because these issues have already been adjudicated, the court finds the affirmative defenses are immaterial and have no bearing on the controversy before the court. Thus, the court strikes the first, second, third, seventh, and ninth affirmative defenses.

### IV. Factual allegations

Standard also argues the court should strike parts of the Greens' denials that are at odds with previous orders of the court.

The Greens denied the allegation in paragraph 57 of Standard's Counterclaim, which states, "Standard Plumbing has owned and operated Sprinkler World since January 2013."[16] Standard argues that the Greens' only basis for this denial is the argument that Harward Irrigation had a prior agreement with the Greens. Because the Docket 152 Order rejected that conclusion,

---

[13] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[14] Dkt. 482.

[15] Dkt. 287 at 25–26.

[16] Dkt. 52 at 24.

Standard argues that the underlying denial of Standard's ownership of Sprinkler World must necessarily fail.[17]

The Docket 152 Order does not specifically address ownership of Sprinkler World. Although the court's conclusions seem to assume Standard's ownership of Sprinkler World, the Greens' denial is not directly contrary to the court's prior order. Because the court will resolve any doubt about whether the denial is impertinent, immaterial or redundant in favor of the denial,[18] the Greens' denial of paragraph 57 does not merit the drastic remedy of striking.

The Defendants' Motion to Strike Select Portions of the Greens' Answer to Counterclaim[19] is GRANTED in part and DENIED in part.

SO ORDERED this 15th day of December, 2017.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[17] Standard also argues the Greens' response to paragraph 118 contradicts a previous order of the court. Because the court struck the language at issue above, it is not necessary to analyze whether the answer was precluded by an order.

[18] *See Hark'n Techs., Ltd. v. Greater Performance, Inc.*, No. 1:06-CV-77, 2007 WL 2007579, at *1 (D. Utah July 6, 2007).

[19] Dkt. 498.