Joshua S. Ostler (14277)
NELSON JONES, PLLC
8941 S. 700 E., Ste. 203
Sandy, UT 84070
(801) 981-8779
josh@nelsonjoneslegal.com
*Attorneys for Garth O. Green Enterprises, Inc.,
Garth Green and Michael Green*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARTH O. GREEN ENTERPRISES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> RANDALL HARWARD, et al; <br><br> Defendants. | **EX PARTE MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO STANDARD PLUMBING SUPPLY COMPANY, INC.'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DECLARATORY JUDGMENT CLAIMS** <br><br> Case No. 2:15-cv-00556-RJS <br><br> Judge Robert J. Shelby |

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Plaintiffs Garth O. Green Enterprises, Inc., Garth Green and Michael Green (the "Greens"), by and through counsel, respectfully move the Court, ex parte, for an extension of time to respond to Standard Plumbing Supply Company, Inc.'s currently pending Renewed Motion for Partial Summary Judgment.[1]

**PRECISE RELIEF REQUESTED AND GROUNDS FOR RELIEF**

By this Motion, the Greens request an enlargement of time of twenty-one (21) days following the completion of the deposition of Richard Reese ("Reese") for the Greens to file

---

[1] Docket No. 539.

their response to Standard's MPSJ. Alternatively, the Greens request an enlargement of time of twenty-one (21) days from the current December 29, 2017 due date, or until January 19, 2018, by which to file their response. The requested relief is authorized by Rule 6(b) of the Federal Rules of Civil Procedure, as well as this Court's "inherent authority to manage [its] dockets and courtrooms with a view toward the efficient and expedient resolution of cases."[2]

## STATEMENT OF RELEVANT FACTS

1.    As the title of the MPSJ indicates, the MPSJ is a "renewed" motion.[3] Standard's original motion for partial summary judgment (the "Original MPSJ") was filed on April 20, 2017.[4]

2.    After the Original MPSJ was filed, the Greens moved for an enlargement of time of seventeen (17) days from the deposition of Reese by which to file their opposition.[5]

3.    As "good cause" for their requested extension, the Greens argued that the Original MPSJ "was premature," that Reese "is a critical fact witness," and that "allowing the Greens to take Reese's deposition prior to having to file their opposition memorandum will eliminate the need for a Rule 56(d) motion."[6]

4.    In response, Standard filed a comprehensive opposition memorandum, arguing that the Greens' request was "yet another attempt…to infuse delay into this matter" and that

---

[2] *Dietz v. Bouldin*, -- U.S. ----, 136 S.Ct. 1885, 1892 (2016).
[3] *See* Docket No. 539.
[4] Docket No. 338.
[5] *See* Docket No. 347.
[6] *Id*. at 7, ¶ 15.

2

"[t]here is no good cause for delaying the Greens' opposition to the pending summary judgment motion".[7]

5. The Greens filed a reply memorandum,[8] and the Court ultimately granted the Greens' motion over Standard's objections, ordering that "[t]he response…shall be due 17 days after the completion of the deposition of Richard Reese."[9]

6. The Greens previously noticed the deposition of Reese for May 11, 2017. Standard moved for a protective order,[10] which was denied as moot at a hearing held May 10, 2017.[11]

7. On June 20, 2017, Standard filed a second motion for a protective order with respect to Reese's deposition.[12] The second motion was denied at a hearing held June 28, 2017.[13] The Court's written order denying the second motion for a protective order was entered on July 7, 2017.[14]

8. Most recently, the parties agreed that Reese would be deposed on or about December 5, 2017. However, that date was vacated due to a conflict in Reese's or his counsel's schedule. Reese is currently scheduled for deposition on January 31, 2018.

9. The circumstances underlying the Greens' prior motion for an enlargement of time, Docket No. 347, have not changed. In particular, Standard's MPSJ was filed prior to the

---

[7] Docket No. 349.
[8] Docket No. 356.
[9] *See* Docket No. 366.
[10] *See* Docket No. 350.
[11] *See* Docket No. 371.
[12] *See* Docket No. 423.
[13] *See* Docket No. 434.
[14] *See* Docket No. 440.

close of fact discovery, Reese is still a critical fact witness, and allowing the deposition of Reese will obviate the need for a Rule 56(d) motion.

10. With respect to the Greens' alternative request for a 21-day extension of time, Standard's MPSJ was filed on December 1, 2017.[15]

11. When the MPSJ was filed, counsel was in the middle of trial preparation and significant motion practice in the case of *State v. Worlton*, Case No. 151600009 (Utah 6th Dist.), which was scheduled to go to trial on December 13, 2017. The trial date was vacated on or about December 7, 2017, but there are still several motions pending that have required counsel's attention.

12. Even without engagement in other litigation, in this matter alone, counsel has had to devote significant time and effort to matters other than Standard's MPSJ. As the Court is aware, prior lead counsel, Marcus Mumford, withdrew from this case approximately two and a half weeks ago,[16] leaving undersigned counsel as the sole attorney of record. In addition to the additional time and effort necessitated by Mr. Mumford's withdrawal, since Standard's MPSJ was filed, counsel has had to meet and confer with counsel for Standard on several issues, and several issues are outstanding, requiring counsel's time and attention. For example, on December 7, 2017, counsel had to file a motion for protective order regarding Standard's scheduled depositions of the Greens' family members.[17] The depositions are currently scheduled for January 3-5, 2018. On December 8, 2017, counsel filed the reply in support of the motion to set

---

[15] Docket No. 539.
[16] Docket No. 535.
[17] Docket No. 544.

aside Judge Nuffer's sanctions order.[18] On December 12, 2017, Standard filed a motion for leave to supplement the record.[19] The Greens' response is due December 26, 2017. Also, the Greens' opposition to Standard's motion for attorney fees is due on December 27, 2017.[20] The deadline to oppose the motion for attorney fees was already extended previously by the Court.[21]

13. In addition to work engagements, the Greens and their counsel have several personal obligations due to the upcoming Christmas and New Year's holidays, further limiting their ability to prepare a response to Standard's MPSJ by the December 29, 2017 deadline.

14. This Court's prior order dismissing Standard's Original MPSJ *without prejudice* to refiling stated that Standard could refile its Original MPSJ "if and when Plaintiffs answer Standard's counterclaims".[22] The Greens filed their Answer on September 14, 2017.[23] Standard did not file its renewed motion until over two and a half months later, on December 1, 2017.[24]

## ARGUMENT

**I.   Consistent with Prior Orders, the Court Should Extend the Deadline to Oppose Standard's MPSJ Until Twenty-One (21) Days After Reese's Deposition.**

The need to extend the time to respond to Standard's MPSJ until *after* Reese's deposition was already fully briefed and decided by the Court.[25] The Greens hereby incorporate their previous arguments in this respect.[26] Circumstances have not changed since the May 10, 2017

---

[18] Docket No. 546.
[19] Docket No. 549.
[20] Docket No. 538.
[21] *Id*.
[22] Docket No. 422.
[23] Docket No. 486.
[24] Docket No. 539.
[25] *See* Docket Nos. 347, 349, 356, & 366.
[26] *See* Docket Nos. 347 & 356.

Order granting the Greens' requested extension. Standard's MPSJ is again filed before the close of fact discovery, and Reese is still a critical fact witness who should be deposed prior to requiring the Greens to oppose Standard's MPSJ. As before, good cause exists for the requested extension of time.

## II.     Alternatively, the Greens Should Be Granted a 21-day Extension of Time in Which to Oppose Standard's MPSJ.

Rule 6(b) permits the Court to extend time "for good cause."[27] "This liberal standard is met by a mere showing of good faith or lack of prejudice to the adverse party."[28] Here, there is good cause for the requested 21-day extension of time for the reasons explained above. In sum, the Greens' prior lead counsel withdrew from this case only a few days before Standard's MPSJ was filed. Since Standard's MPSJ, counsel for the Greens has been heavily engaged in other litigation, including in other cases as well as this case. Further, the deadline for the Greens' response currently falls right in the middle of the Christmas and New Year's holidays. The Greens' request is made in good faith and no discernible prejudice will result to Standard, especially where Standard could have brought its renewed motion as early as September 14, 2017, but did not do so until December 1, 2017.

## CONCLUSION

For the reasons explained above, the Court should grant the Greens' Motion, extending the time to respond to Standard's MPSJ until 21 days after Reese's deposition. Alternatively, the

---

[27] Fed. R. Civ. P. 6(b)(1).
[28] *U.S. v. Real Property located at Layton, Utah 84040*, No. 1:07-cv-6-TS, 2010 WL 2787859, at *2 (D. Utah July 14, 2010) (citation omitted).

6

Greens should be granted a 21-day extension of time, or up to and including January 19, 2018, by which to respond.

A proposed order is attached.

DATE: December 15, 2017.

                                                            NELSON JONES, PLLC

                                                            /s/ Joshua S. Ostler
                                                            Joshua S. Ostler
                                                            *Attorney for Garth O. Green Enterprises,*
                                                            *Inc., Garth Green and Michael Green*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2017, I filed the foregoing EX PARTE MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO STANDARD PLUMBING SUPPLY COMPANY, INC.'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DECLARATORY JUDGMENT CLAIMS with the Clerk of the Court using the ECF filing system, which sent notice of electronic filing to all electronic filing users in this case.

/s/ Joshua S. Ostler
Joshua S. Ostler