JAMES T. BURTON (11875)
*jburton@kmclaw.com*
JOSHUA S. RUPP (12647)
*jrupp@kmclaw.com*
RYAN R. BECKSTROM (14593)
*rbeckstrom@kmclaw.com*
**KIRTON | McCONKIE**
Key Bank Tower
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

*Counsel for Standard Plumbing
Supply Company, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARTH O. GREEN ENTERS., INC., *et al.*,<br><br>Counterclaim Defendants,<br><br>v.<br><br>RANDALL HARWARD, *et al.*,<br><br>Counterclaim Plaintiffs. | Case No. 2:15-cv-00556-RJS-EJF<br><br>**STANDARD PLUMBING SUPPLY COMPANY, INC.'S MOTION FOR REASONABLE EXPENSES INCURRED IN MAKING OR DEFENDING DISCOVERY MOTIONS**<br><br>Honorable Judge Robert J. Shelby<br>Honorable Magistrate Judge Evelyn J. Furse |

Pursuant to Federal Rules of Civil Procedure 7(b) and 37(a)(5) and DUCivR 7-1, Standard Plumbing Supply Company, Inc. ("Standard"), by and through undersigned counsel, hereby respectfully files this Motion for Reasonable Expenses Incurred in Making or Defending Discovery Motions (the "Motion"). A memorandum in support of the instant Motion is set forth below pursuant to DUCivR 7-1(a)(1).

## STATEMENT OF PRECISE RELIEF SOUGHT AND GROUNDS THEREFOR

By the instant Motion, Standard respectfully requests entry of an order holding that Standard is entitled to an award of its reasonable expenses, including attorneys' fees, incurred in connection with either preparing and filing or defending several discovery motions itemized below. And, in the event that the Court grants the instant Motion with respect to one or more of the discovery motions identified below, Standard respectfully requests that the Court set a briefing schedule for a motion for determination of the appropriate amount to be awarded to Standard. Such relief is mandatory under Federal Rule of Civil Procedure 37(a)(5) where Standard has prevailed, in full or in part, on several discovery motions necessitated by Plaintiffs Garth O. Green Enterprises, Inc., Garth O. Green, and Michael Green (collectively, the "Greens").

## INTRODUCTION AND STATEMENT OF RELEVANT FACTS

During the course of this action, the Greens' discovery conduct has forced Standard to raise or defend a number of discovery disputes with the Court.[1] Indeed, irrespective of Standard's repeated efforts to meet and confer in good faith on the front end in the hopes of avoiding motion practice, the Greens have routinely refused to comply with basic discovery obligations. For example, among other requests, Standard requested that the Greens produce documents and information concerning their settlement negotiations with Harward Irrigation Systems, Inc. ("Harward").[2] The Greens refused.[3] The parties subsequently engaged in serial written correspondence and two meet and confer efforts but to no avail.[4] Indeed, even after Standard twice provided the Greens with extensive controlling authority demonstrating the propriety of Standard's discovery requests,[5] the Greens refused to produce the relevant

---

[1] *See* docket nos. 220, 274, 293, 306, 318, 348, 350, 353, 383, 400, 401, 403, 424, 427, 465 & 516.
[2] *See, e.g.,* docket no. 401, *passim.*
[3] *See id.*
[4] *See id.*
[5] *See* docket nos. 401-8 & 401-9; *see also* docket no. 401-10.

2

information thus necessitating a motion to compel.[6] Standard's motion to compel was successful, with the Court holding as follows:

> The settlement negotiations occurred pursuant to a bankruptcy, were not confidential, and were subject to public inquiry. The discovery sought is not voluminous and is proportional to the needs of the counterclaims.[7]

The Greens subsequently produced nearly 6,000 additional pages of documents along with various supplemental written discovery responses pursuant to Court order.[8]

By way of another example, Standard requested complete discovery responses from Garth O. Green Enterprises, Inc., Garth O. Green, and Michael Green.[9] The Greens, however, provided partial responses solely on behalf of Garth O. Green Enterprises, Inc. and refused to provide initial responses or supplemental responses from Messrs. Green.[10] Again Standard addressed this deficiency in written correspondence and via a meet and confer.[11] Nevertheless, the Greens refusal persisted, thus necessitating another motion to compel.[12] That motion was successful as well.[13]

As yet another example, following the deposition of Michael Green, wherein Michael Green waived attorney-client privilege, if any, with respect to the reasons for which the Greens' former counsel (Adam Dunn) withdrew from representation, Standard sought to obtain complete documents, information and testimony concerning Mr. Dunn's withdrawal.[14] Irrespective of Standard's meet and confer efforts, the Greens refused to provide the requested discovery and Standard was forced to bring a motion to find that Michael Green had indeed waived privilege

---

[6] *See* docket no. 401, *passim*.
[7] *See* docket no. 438.
[8] *See, e.g.,* July 21, 2017 production letter, attached hereto as **Exhibit "1"**.
[9] *See* docket no. 400, *passim*.
[10] *See id.*
[11] *See* docket nos. 400-6 & 400-7.
[12] *See* docket no. 400, *passim*.
[13] *See* docket no. 439; *see also* Ex. 1.
[14] *See* docket no. 220, *passim*.

3

and to compel production of the documents, information and testimony at issue.[15] That motion was also granted.[16] Nevertheless, the Greens objected to the Court's order and even moved to quash the deposition of Adam Dunn.[17] Indeed, even after the Greens' motion to quash was denied and their objection to the Court's order was overruled, the Greens unsuccessfully moved for reconsideration and a stay of those orders.[18] Moreover, after Mr. Dunn was finally deposed, Garth Green further waived privilege with respect to the reasons for Mr. Dunn's withdrawal.[19] Nevertheless, irrespective of Standard's efforts to yet again meet and confer, the Greens refused to acknowledge Garth Green's waiver thus necessitating yet another successful motion to compel.[20] Even now, however—after these issues have been briefed and heard repeatedly—the Greens have lodged an objection to the Court's order concerning Garth Green's waiver.[21]

By way of summary, to date Standard has been successful in preparing and filing (or defending) at least the following discovery motions:

- **220** (Standard's motion for a finding of privilege waiver with respect to the withdrawal of Adam Dunn);

- **274** (Standard's motion for protective order concerning discovery of Standard's financial information);

- **293** (Standard's memorandum in opposition to the Greens' motion to force the deposition of Gary Glaittli);

- **306** (Standard's memorandum in opposition to the Greens' motion to quash the Dunn subpoena);

- **318** (Standard's motion to stay the deposition of Richard Reese);

- **348** (Standard's proposed order overruling the Greens' objection to the Adam Dunn withdrawal order);

---

[15] *See id.*
[16] *See* docket nos. 240 & 313; *see also* docket no. 315.
[17] *See* docket nos. 295 & 337.
[18] *See* docket nos. 470-472 & 474.
[19] *See* docket nos. 516 & 526.
[20] *See id.*
[21] *See* docket no. 534.

4

- **350** (Standard's motion for protective order concerning the deposition of Richard Reese);

- **353** (Standard's motion to extend fact discovery);

- **383** (Standard's memorandum in opposition to the Greens' motion to limit fact discovery);

- **400** (Standard's motion to compel the production of complete discovery responses from all of the Green parties);

- **401** (Standard's motion to compel settlement negotiation documents);

- **403** (Standard's motion for a discovery status conference concerning the Greens' compliance with the Court's April 6, 2017 instruction);

- **424** (Standard's motion to maintain the AEO designation on its financial information);

- **427** (Standard's motion to exclude improper audio recordings);

- **465** (Standard's proposed order overruling the Greens' objection to the AEO maintenance order); and

- **516** (Standard's motion for a finding of a privilege waiver dispute regarding Garth Green's knowledge of Adam's Dunn's withdrawal).

Notably, beyond initial and/or opposition briefing on the above-referenced matters (collectively, the "Discovery Motions"), certain Discovery Motions required reply briefs, review of the Greens' opposition or other memoranda, extensive oral argument and preparation for the same, and review of the Greens' efforts to seek reconsideration of certain orders.[22]

Having successfully either brought or defended each of the above-identified Discovery Motions, and being entitled to its reasonable expenses in connection therewith,[23] Standard sought to resolve any dispute regarding such expenses informally and without involving the Court.[24] Specifically, Standard outlined its position for the Greens, in writing, and invited further

---

[22] *See* docket nos. 233, 235, 240, 290, 291, 298, 299, 324, 337, 371, 374, 377, 378, 381, 385, 406, 407, 408, 413, 410, 428, 433, 435, 445, 455, 456, 457, 470, 471, 472, 523 & 534.
[23] *See* FED. R. CIV. P. 37(a)(5) *et seq.*
[24] *See* correspondence dated Nov. 28, 2017 – Dec. 5, 2017, attached hereto as **Exhibit "2"**.

4839-3973-1033

discussion of the same.[25] Following various written exchanges, the parties discussed the premise of this Motion on December 1, 2017.[26] Despite having provided the Greens with an extensive written explanation ahead of time, the Greens had not reviewed any of the above-identified Discovery Motions and were otherwise not prepared for the parties' December 1st discussion.[27] Instead, the Greens generically recited and relied on the "exceptions" to Rule 37(a)(5) and other objections without substantiating even one of the exceptions or objections.[28] Despite being unprepared for the parties' conference call, however, the Greens agreed to review the above-identified Discovery Motions, review the relevant rules, and determine which motions they would agree fall within the ambit of Rule 37(a)(5) in order to facilitate the informal resolution of Standard's entitlement to expenses.[29] Notwithstanding their ostensible subsequent review, the Greens refused to acknowledge Standard's entitlement to any fees, again reciting the generic exceptions to Rule 37(a)(5) without substantiating the Greens' alleged qualification for even one of those exceptions.

In view of the foregoing, as with all of the above-identified Discovery Motions, Standard has been forced to bring the instant Motion notwithstanding Standard's efforts to work informally with the Greens without involving the Court.

## ARGUMENT

This Court possesses the inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[30] Such authority

---

[25] *See id.* at 6-7. While Standard invited the Greens to "meet and confer" as a matter of professional courtesy and efficiency and in the hopes of avoiding motion practice before the Court, such a conference is not required to seek fees under Federal Rule of Civil Procedure 37(a)(5). *Compare* FED. R. CIV. P. 37(a)(5), *with* FED. R. CIV. P. 37(a)(1) & DUCIvR 37-1(a)(1).
[26] *See* Ex. 2 at 2-5.
[27] *See id.* at 2-3.
[28] *See id.*
[29] *See id.* at 2.
[30] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence,

includes the "court's ability to fashion an appropriate sanction for conduct which abuses the judicial process" and "to enter orders protecting the integrity of [judicial] proceedings."[31] Beyond the Court's inherent authority, however, Rule 37(a)(5)(A) provides for an award of attorneys' fees incurred in bringing a discovery motion that is later granted *or* results in the subsequent production of the discovery at issue unless one of Rule 37(a)(5)'s exceptions is proven.[32] Indeed, Rule 37 is mandatory in nature:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees.[33]

Likewise, under Rule 37(a)(5)(B), a party defending a discovery motion is entitled to "its reasonable expenses incurred in opposing the motion, including attorneys' fees," where the motion is denied or results in a protective order.[34] Simply stated, "a district court *must* award the prevailing party its reasonable expenses, including attorney's fees, unless one of the three [Rule 37(a)(5)] exceptions applies," for which the non-prevailing party bears the burden of proof.[35] And "[a]ttorney's fees incurred in preparing a request for expense shifting sanctions are also recoverable."[36]

---

respect, and decorum, in their presence, and submission to their lawful mandates" in order "to achieve the orderly and expeditious disposition of cases.").

[31] *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1255 (10th Cir. 2015) (internal citations and quotation marks omitted).

[32] *See* FED. R. CIV. P. 37(a)(5)(A); *see also* FED. R. CIV. P. 37(a)(5)(C).

[33] FED. R. CIV. P. 37(a)(5)(A) (emphasis added).

[34] FED. R. CIV. P. 37(a)(5)(B)

[35] 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 37.23[1] (3d ed. 2013) (emphasis in original) ("The presumption in favor of imposing expense shifting sanctions against a party who unsuccessfully litigates a motion to compel reflects the importance of using monetary sanctions to deter abusive or otherwise unjustifiable resort to the judiciary in the discovery process. Courts have long understood that the administration of justice will be gravely jeopardized unless the discovery and disclosure systems are largely self-executing."); *see also Underdog Trucking, LLC v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (2d Cir. 2011) (Rule 37(a)(5) "sets forth a rebuttable presumption in favor of awarding sanctions against a party that complies with discovery demands after the filing of a motion to compel."); *DeVaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (there is no requirement of bad faith before Rule 37(a)(5) sanctions may be awarded).

[36] 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 37.23[6] (3d ed. 2013).

As set forth in the Statement of Relevant Facts (the "Facts"), *supra*, Standard has successfully brought or defended each of the Discovery Motions itemized above. Just as important as prevailing on each of the Discovery Motions, Standard only brought or defended each Discovery Motion after first attempting in good faith to resolve the underlying issue(s) via serial meet and confers and detailed written correspondence. In fact, in many instances, Standard provided the Greens with binding authority clearly showing that Standard was entitled to the discovery at issue only to be rebuffed, without justification, by the Greens. The Greens' imprudence is evident in Standard's success on nearly all of the Discovery Motions. And the Greens' discovery abuses in the first instance were only exacerbated by subsequent and serial Rule 72 objections, motions to stay, and motions for reconsideration, all of which foisted additional burdens in time and expense on Standard and on the Court. Accordingly, pursuant to Rule 37(a)(5), Standard is entitled to the reasonable expenses, including attorneys' fees, incurred in connection with making or defending the Discovery Motions. This is particularly true where the Greens—the party bearing the burden of proof—have failed to substantiate even one of the Rule 37(a)(5) exceptions to date despite having multiple opportunities to do so before this Motion was ever filed. Indeed, as with each of the Discovery Motions, Standard sought in good faith to work with the Greens to resolve the instant Motion without having to litigate the same. The Greens' total refusal to meaningfully engage in that effort further evinces Standard's entitlement to an award of its expenses.

In sum, Standard respectfully submits that it is entitled to an award of its expenses, including attorneys' fees, incurred in connection with being forced to litigate the Discovery Motions, including the instant motion. To this end, Standard respectfully requests entry of an order holding that Standard is entitled to its reasonable expenses, including attorneys' fees, and setting a briefing schedule for a motion to determine the appropriate amount to be awarded.

DATED this 21st day of December, 2017.

4839-3973-1033

Respectfully submitted,
**KIRTON | McCONKIE**

By: */s/ James T. Burton*
    James T. Burton
    Joshua S. Rupp
    Ryan R. Beckstrom
*Counsel for Standard Plumbing Supply Company, Inc.*

4839-3973-1033

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2017, I caused a copy of the foregoing to be filed using the Court's CM/ECF electronic filing system, which provides service to all counsel of record.

/s/ James T. Burton

4839-3973-1033