# Exhibit 2

# Joshua S. Rupp

| | |
|---|---|
| **From:** | Joshua S. Rupp |
| **Sent:** | Tuesday, December 05, 2017 4:52 PM |
| **To:** | Josh |
| **Cc:** | James Burton; Sherry Glendening; Heather Mills |
| **Subject:** | [Modified]Re: Standard's request for a meet and confer |

Thanks, Josh. We will proceed with filing our motion for fees. We had hoped to avoid the cost of doing so and reach a reasonable settlement of this issue with the Greens. But as the Greens have refused to engage with respect to even one of the enumerated motions, we will proceed with the filing of a motion and seek all of the fees to which Standard is entitled, including the fees necessitated by the instant motion for fees itself. Please let us know if the Greens will reconsider.

Regards,
Josh


**Joshua S. Rupp**
Attorney
o  801-328-3600
d  801-323-5989

On Dec 5, 2017, at 6:47 PM, Josh <josh@nelsonjoneslegal.com> wrote:

> Josh,
>
> In response to Mr. Burton's original email on November 28th, it is the Greens' position that your clients are not entitled to fees on any of the enumerated docket entries. I invite you to reconsider your contemplated motion. The enumerated docket entries are either not contemplated by Rule 37, or the Greens' position(s) were substantially justified or otherwise exempt from Rule 37's fees provision. If you are not willing to reconsider, then we look forward to your motion. The Greens will seek their own fees and costs in defending against the motion, as allowed by the rule.
>
> Thanks,
>
> Joshua S. Ostler
> Nelson Jones, PLLC
> 8941 S. 700 E., Ste. 203
> Sandy, Utah 84070
> T: (801) 981-8779
> F: (801) 505-0360
> www.nelsonjoneslegal.com
>
> CONFIDENTIALITY/PRIVILEGE NOTICE
> This communication and any attachment(s) are confidential and may be privileged. If you are not the intended recipient, or a person responsible for delivery to the intended recipient, please notify Nelson Jones, PLLC immediately by reply email or by calling (801) 981-8779. Please then delete this communication in its entirety without using, copying, or distributing the same. Thank you.
>
>
> On Dec 1, 2017, at 3:17 PM, Josh <josh@nelsonjoneslegal.com> wrote:

1

Josh,

I appreciate the December 5th deadline. I requested until December 8th. I don't know why three days makes a difference, but I'll see what I can do.

As far as your characterization of the history of this case, I disagree with it, but I understand that you have qualified your recitation as "Standard's contentions". Not looking to argue anything here, just to the extent you are claiming that any of your recitation was established in our telephone call, that is not my recollection.

I also disagree with your claim that the Greens have conceded that Docket Nos. 400 and 401 fall within the ambit of Rule 37. I explained on the phone that I had not yet gone back to review those motions but was simply relying on the description that Mr. Burton gave them in his original email. Perhaps they do fall within Rule 37's ambit, but until I go back and review them, the Greens haven't conceded anything in that respect.

With respect to whether meet and confer is a requirement, I have not gone back and searched the rules on that issue in any depth. I recall explaining that based on a cursory review of Rule 37, it appeared that our meet and confer was a courtesy and not a requirement, but I reserve the right to raise the issue further if my cursory review of the rule was incorrect.

Thanks for the email.

Joshua S. Ostler
Nelson Jones, PLLC
8941 S. 700 E., Ste. 203
Sandy, Utah 84070
T: (801) 981-8779
F: (801) 505-0360
www.nelsonjoneslegal.com

CONFIDENTIALITY/PRIVILEGE NOTICE
This communication and any attachment(s) are confidential and may be privileged. If you are not the intended recipient, or a person responsible for delivery to the intended recipient, please notify Nelson Jones, PLLC immediately by reply email or by calling (801) 981-8779. Please then delete this communication in its entirety without using, copying, or distributing the same. Thank you.

On Dec 1, 2017, at 2:52 PM, Joshua S. Rupp <jrupp@kmclaw.com> wrote:

Josh:

Thank you for speaking with me yesterday in detail concerning the matters outlined below. The purpose of this correspondence is to generally summarize our discussion. Please let me know if your recollection differs from mine.

To begin with, we discussed the so-called exceptions to Rule 37's mandatory fee award provision. As discussed during our call, it is certainly the Greens' prerogative to allege that one or more of the Rule 37(a)(5)(A)(i)-(iii) exceptions (the "Exceptions") preclude an award of fees. However, as we established on the phone, it is the Greens' burden to prove that one or more of the Exceptions apply and to substantiate the Greens' alleged qualification for any such Exception. Put otherwise, Standard has no obligation to disprove the Exceptions. Nevertheless, as discussed on the phone, the Greens have yet to provide a substantive explanation vis-à-vis even one of the Exceptions, let alone to demonstrate satisfaction of one Exception or another. Indeed, it is our understanding that you have yet to review the

2

motions listed below (collectively, the "Motions") sufficient to determine whether the Greens believe one or more Exceptions either apply or can be shown.

As to your second inquiry, we also discussed Rule 37(a)(5)(A)'s application to granted discovery motions, Rule 37(a)(5)(B)'s application to denied discovery motions that were opposed, and Rule 37(a)(5)(B) and/or (C)'s application to partially granted discovery motions, including motions resulting in relief under Rule 26(c). As discussed during our call, it is Standard's contention that each of the enumerated Motions fall within the ambit of Rule 37(a)(5)(A), (B) and/or (C). For example, the motions related to the withdrawal of Adam Dunn, while styled as short form discovery motions seeking a finding of attorney-client privilege waiver, clearly resulted in orders compelling the production of documents from the Greens and the Dunn Law Firm as well as deposition testimony from Garth Green, Mike Green, and Adam Dunn. As Standard initially sought to avoid motion practice with respect to the attorney-client privilege waiver issue but was rebuffed, Standard deserves to be compensated for the unnecessary time spent litigating the same. This is equally true of the Greens' subsequent repeated efforts to avoid the Court's waiver findings—efforts which continue down to the present time. Simply stated, while the Greens are free to avoid discovery as they see fit, the Greens are not at liberty to control the consequences of those decisions or foist those consequences on Standard. Beyond the serial attorney-client privilege waiver memoranda, we understand the Greens to have conceded that the 400 and 401 Motions squarely fall within the purview of Rule 37(a)(5)(A). And the Greens' discovery motions listed below—which Standard successfully opposed—fall squarely within the purview of Rule 37(a)(5)(B). And finally, various motions seeking relief in the form of a protective order also fall under Rule 37(a)(5)(A), (B), and/or (C). We understand that the Greens nominally dispute at least some of these contentions; nevertheless, it is our understanding that you have yet to review the Motions sufficient to determine which Motions the Greens concede fall under one or more subsections of Rule 37(a)(5) and which ones, allegedly, do not.

Finally, we discussed the meet and confer obligations under both Rule 37 and its local counterpart. As we established on the phone, those obligations facially apply only to discovery motions, not a request for fees under Rule 37(a)(5)(A)-(C) *after* the underlying discovery motions have already been resolved. To this end, as discussed on the phone, Standard's request to discuss these matters merely reflect professional courtesy as a meet and confer is not a condition precedent to moving the Court for an award of fees.

In view of the foregoing, we are willing to afford the Greens until Tuesday, December 5, 2017 to review the Motions and inform us as to which Motions the Greens concede entitle Standard to an award of its attorneys' fees and which Motions, in the Greens' view, do not. With respect to the Motions on which the Greens concede, we look forward to further discussion concerning the amount the Greens are willing to pay. If we can reach subsequent agreement as to the amount, great. If not, we will pursue such relief from the Court. With respect to the Motions on which the Greens do not conceded, on the other hand, we will move the Court for both a finding of entitlement to fees as well as the amount.

If we do not hear from you on or before Tuesday, December 5, 2017, we will assume the Greens are unwilling to concede as to any of the Motions and we will simply seek complete relief from the Court. We look forward to receiving your response.

Thanks,
Josh


**Joshua S. Rupp**
Attorney
o  801-328-3600

3

d 801-323-5989

**From:** James Burton
**Sent:** Thursday, November 30, 2017 12:48 PM
**To:** 'Josh'
**Cc:** Joshua S. Rupp; Heather Mills
**Subject:** RE: Standard's request for a meet and confer

Josh Rupp will call you at 1 pm.

Thanks,

James Burton

**From:** Josh [mailto:josh@nelsonjoneslegal.com]
**Sent:** Thursday, November 30, 2017 12:24 PM
**To:** James Burton
**Cc:** Joshua S. Rupp; Heather Mills
**Subject:** Re: Standard's request for a meet and confer

James,

Again, not trying to be difficult, but what are we supposed to meet and confer about? I wasn't interpreting Rule 37. I quoted the portion that you omitted, about when a court "must not order" attorney fees and asked for an explanation of why those exceptions do not apply. I also cited to the portion of the rule that enumerates the "Specific Motions" covered by Rule 37 and asked for an explanation of how the docket entries you cite constitute one of the enumerated "Specific Motions." When I raise issues and try to actually confer with you, you can't simply say "we disagree" and then call it a good faith meet and confer and proceed to file your motion.

So, are you going to provide those explanations over the phone? Or are you just going to say, "I disagree, I think Rule 37 covers all of the motions and I don't think any of them fall within Rule 37's exceptions, and I'm not going to provide you any explanation as to why I disagree." Because if that's the case, this is all just pretext and I'd rather not waste my or my clients' time.

Surely you can appreciate how the Greens are not willing to pay the tens or hundreds of thousands of dollars that you're likely seeking based upon an email that intentionally omits critical portions of Rule 37 and where you don't give any basis for your position other than to say "we disagree."

If you'll talk about the issues I've raised, then let's have a phone call. You can call me at 1:00 at the below number. But if you're just going to say "we disagree," then you might as well file your motion and you can expect that we will object to any certification you make about meeting and conferring in good faith.

Thanks,

Joshua S. Ostler
Nelson Jones, PLLC
8941 S. 700 E., Ste. 203
Sandy, Utah 84070
T: (801) 981-8779
F: (801) 505-0360

4

www.nelsonjoneslegal.com

CONFIDENTIALITY/PRIVILEGE NOTICE
This communication and any attachment(s) are confidential and may be privileged. If you are not the intended recipient, or a person responsible for delivery to the intended recipient, please notify Nelson Jones, PLLC immediately by reply email or by calling (801) 981-8779. Please then delete this communication in its entirety without using, copying, or distributing the same. Thank you.


On Nov 30, 2017, at 11:51 AM, James Burton <jburton@kmclaw.com> wrote:

Josh:

We disagree with your interpretation of Rule 37. That said, we are available today until about 2:00 pm to meet and confer or tomorrow any time before noon. Please let me know what works for you and I will initiate the call.

Best regards,

James Burton

**From:** Josh [mailto:josh@nelsonjoneslegal.com]
**Sent:** Wednesday, November 29, 2017 6:33 PM
**To:** James Burton
**Cc:** Joshua S. Rupp; Heather Mills
**Subject:** Re: Standard's request for a meet and confer

James,

As you are no doubt aware, you intentionally omitted a very important provision of Rule 37. After your "mandatory in nature" quotation, the Rule continues: "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). You have also confused the scope of Rule 37, which applies to motions to compel disclosure or motions to compel a discovery response. *See* Fed. R. Civ. P. 37(a)(3).

If you want to meet and confer *in good faith*, which Rule 37 requires, you need to explain why, in your view, Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii) does not apply. You also need to explain how any of the motions you refer to, aside from perhaps 400 & 401, even constitute one of the "Specific Motions" enumerated by Rule 37(a)(3).

Without an explanation of at least those issues, there is nothing to meet or confer about. And I would strongly disagree with any certification you make that you have tried to meet and confer in good faith based on this email exchange. Simply sending a threatening email that intentionally mischaracterizes the rule upon which it is based and then refusing to provide further explanation when issues are raised does not constitute good faith.

I look forward to some additional explanation on the above issues.

Thank you,

Joshua S. Ostler
Nelson Jones, PLLC
8941 S. 700 E., Ste. 203
Sandy, Utah 84070
T: (801) 981-8779
F: (801) 505-0360
www.nelsonjoneslegal.com

CONFIDENTIALITY/PRIVILEGE NOTICE
This communication and any attachment(s) are confidential and may be privileged. If you are not the intended recipient, or a person responsible for delivery to the intended recipient, please notify Nelson Jones, PLLC immediately by reply email or by calling (801) 981-8779. Please then delete this communication in its entirety without using, copying, or distributing the same. Thank you.

On Nov 28, 2017, at 6:18 PM, James Burton <jburton@kmclaw.com> wrote:

Josh:

As you are likely aware, Federal Rule of Civil Procedure 37 provides for an award of attorneys' fees incurred in bringing a discovery motion that is later granted or results in the subsequent production of the discovery at issue. *See* Fed. R. Civ. P. 37(a)(5). Indeed, Rule 37 is mandatory in nature: "[i]f the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." *Id.* (emphasis added).

As you are also aware, Standard has been forced to raise a number of discovery disputes via motion despite attempts to avoid motion practice through preliminary meet and confer efforts. More importantly, Standard has been successful on its discovery motions. These include at least the following docket entries:

- **220** (Standard's motion for a finding of privilege waiver with respect to the withdrawal of Adam Dunn);
- **274** (Standard's motion for protective order concerning discovery of Standard's financial information);
- **293** (Standard's memorandum in opposition to the Greens' motion to force the deposition of Gary Glaittli);
- **306** (Standard's memorandum in opposition to the Greens' motion to quash the Dunn subpoena);
- **318** (Standard's motion to stay the deposition of Richard Reese);
- **348** (Standard's proposed order overruling the Greens' objection to the Adam Dunn withdrawal order);
- **350** (Standard's motion for protective order concerning the deposition of Richard Reese);
- **353** (Standard's motion to extend fact discovery);
- **383** (Standard's memorandum in opposition to the Greens' motion to limit fact discovery);
- **400** (Standard's motion to compel the production of complete discovery responses from all of the Green parties);
- **401** (Standard's motion to compel settlement negotiation documents);
- **403** (Standard's motion for a discovery status conference concerning the Greens' compliance with the Court's April 6, 2017 instruction);
- **424** (Standard's motion to maintain the AEO designation on its financial information);
- **427** (Standard's motion to exclude improper audio recordings);

- **465** (Standard's proposed order overruling the Greens' objection to the AEO maintenance order); and
- **516** (Standard's motion for a finding of a privilege waiver dispute regarding Garth Green's knowledge of Adam's Dunn's withdrawal).

Beyond initial and/or opposition briefing on the above-referenced matters, certain motions required reply briefs, review of the Greens' opposition or other memoranda, extensive oral argument and preparation for the same, and review of the Greens' efforts to seek reconsideration of certain orders. (*See* docket nos. 233, 235, 240, 290, 291, 298, 299, 324, 337, 371, 374, 377, 378, 381, 385, 406, 407, 408, 413, 410, 428, 433, 435, 445, 455, 456, 457, 470, 471, 472, 523 & 534.)

In view of the foregoing, and pursuant to Federal Rule of Civil Procedure 37 and DUCivR 37-1, Standard intends to move the Court for an award of all of its attorneys' fees incurred in connection with the foregoing discovery disputes. To this end, we request a meet and confer preparatory to the filing of a motion for Standard's attorneys' fees. More specifically, it is our hope that the parties can reach an agreement as to the amount the Greens will reimburse Standard for the attorneys' fees incurred in connection with the foregoing discovery disputes without necessitating further motion practice on this issue. Accordingly, please let us know when you are available to meet and confer.

We look forward to your prompt response.

Best regards,

James Burton

---

James T. Burton
**Kirton McConkie**
Key Bank Tower
36 South State Street, 19th Floor
Salt Lake City, UT  84111
Direct: (801) 323-5998
Office: (801) 328-3600
Fax: (801) 212-2138
email: jburton@kmclaw.com