Joshua S. Ostler (14277)
NELSON JONES, PLLC
8941 S. 700 E., Ste. 203
Sandy, UT 84070
(801) 981-8779
josh@nelsonjoneslegal.com
*Attorneys for Garth O. Green Enterprises, Inc.,*
*Garth Green and Michael Green*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARTH O. GREEN ENTERPRISES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> RANDALL HARWARD, et al; <br><br> Defendants. | **MEMORANDUM IN OPPOSITION TO STANDARD PLUMBING SUPPLY COMPANY, INC.'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD** <br><br> Case No. 2:15-cv-00556-RJS <br><br> Judge Robert J. Shelby |

Plaintiffs Garth O. Green Enterprises, Inc., Garth Green and Michael Green (the "Greens"), by and through counsel, hereby submit this memorandum in opposition to Standard Plumbing Supply Company, Inc.'s ("Standard") Motion for Leave to Supplement the Record ("Motion to Supplement").[1] Standard's Motion to Supplement should be denied for at least the following reasons: (1) Standard's Motion is moot; (2) Standard's Motion is not supported by any legal authority; and (3) Standard's Motion lacks merit.

---

[1] Docket No. 549.

**STATEMENT OF RELEVANT FACTS**

1. On November 15, 2017, counsel for Standard emailed counsel for the Greens threatening to seek sanctions against the Greens and their counsel if the Motion to Reconsider Judge Nuffer's January 18, 2017 Sanctions Order [Doc. 161] (the "524 Motion")[2] was not withdrawn.

2. In response, undersigned counsel stated that Standard's threat, which was only the latest in a pattern, was not well taken. In particular, undersigned counsel explained how the 524 Motion was specific to the Greens' prior counsel, Marcus Mumford, and how the 524 Motion did not lack a good faith basis.[3]

3. Notwithstanding undersigned counsel's requests for an explanation as to how the 524 Motion was brought in bad faith, counsel for Standard responded twenty minutes later, simply stating "[o]ur position remains the same," without any explanation.[4]

4. On November 22, 2017, Standard filed its opposition to the 524 Motion ("524 Opposition") as well as its own Motion for Costs, Expenses and Attorneys' Fees ("Motion for Fees").[5]

5. In its 524 Opposition and Motion for Fees, Standard did not construe the 524 Motion as being made on behalf of Mr. Mumford. Indeed, Standard's 524 Opposition states that Standard is opposing "[the Greens'] Motion to Reconsider the Honorable Chief Judge David

---

[2] Docket No. 524.
[3] *See* Docket No. 549-1.
[4] *Id*.
[5] Docket No. 531.

Nuffer's January 18, 2017 Sanctions Order".[6] The 524 Opposition then repeatedly refers to "the Greens' 5th Motion for Reconsideration" while also criticizing the Greens *ad nauseam*.[7]

6.  Likewise, Standard's Motion for Fees was brought against the Greens and their counsel.[8] It refers repeatedly to the "Greens' Reconsideration Motions" and also criticizes the Greens *ad nauseam*.[9]

7.  Having been attacked incessantly in both Standard's 524 Opposition and Motion for Fees, and because Standard construed the 524 Motion as being made by the Greens, the Greens were forced to submit a reply in support of the 524 Motion.[10]

8.  Standard then filed the instant Motion to Supplement.[11] Contrary to its prior position, that the 524 Motion was *the Greens'* "5th Motion for Reconsideration" and the latest in a series of *the Greens'* "Reconsideration Motions," Standard now refers to the 524 Motion as "the Mumford Motion" and "Marcus R. Mumford's *personal* Motion to Reconsider".[12]

9.  In its Motion to Supplement, Standard suggests that it was somehow improper for the Greens and their undersigned counsel to file a reply in support of the 524 Motion, without any acknowledgment of how Standard's 524 Opposition and Motion for Fees levied personal and incessant attacks on the Greens and their counsel and specifically construed the 524 Motion as being made on behalf of the Greens and their counsel.

---

[6] Docket No. 530 at 1.
[7] *See generally id*.
[8] *See* Docket No. 531 at 1.
[9] *See generally id*.
[10] Docket No. 546.
[11] Docket No. 549.
[12] *See generally id*.

10. On December 19, 2017, the Court denied the 524 Motion.[13]

11. Because the Motion to Supplement, by its express terms, seeks only to "supplement the record with respect to [the 524 Motion]",[14] counsel for the Greens inquired of counsel for Standard whether Standard would withdraw the Motion to Supplement now that it appears to be moot. Counsel for Standard refused, stating "[w]e believe that record (sic) needs to fully include your initial disclaimer of the motion for reconsideration and then the subsequent reply in support of the same motion."

12. In support of its Motion to Supplement, Standard only invokes "the Court's inherent authority and DUCivR 7-1(b)(2)(B)."[15]

13. DUCivR 7-1(b)(2)(B) is entitled "Length of Opposition and Reply Memoranda Filed Regarding Motions Made Pursuant to Rule 56 of the Federal Rules of Civil Procedure" and reads in full as follows: "Memoranda filed pursuant to Fed. R. Civ. P. 56 are governed by DUCivR 56-1(g)."

---

[13] Docket No. 558.
[14] Docket No. 549 at 1-2.
[15] Docket No. 549 at 2.

# ARGUMENT

**I.     Standard's Request that the Court Consider Additional Evidence in Ruling on the 524 Motion Is Now Moot Because the Court Already Denied the 524 Motion.**

In its "Statement of Precise Relief Sought," Standard asks the Court for "leave to supplement the record with respect to attorney Marcus R. Mumford's personal Motion to Reconsider Judge Nuffer's January 18, 2017 Sanctions Order [Doc. 161]".[16] Elsewhere, Standard states that "the Court should consider Mr. Ostler's November 15, 2017 Email in ruling on the Mumford Motion as well as other matters pending before the Court."[17] Standard never explains what the "other matters" are. In light of the foregoing, there can be no dispute that Standard's Motion to Supplement is moot. Indeed, the Court cannot now "consider Mr. Ostler's November 15, 2017 Email in ruling on the Mumford Motion" where the Court has already ruled on the "Mumford Motion." Without more, Standard's Motion to Supplement should be denied as moot.

**II.    Contrary to Local Rules, Standard's Motion Does <u>Not</u> "Cite Applicable Rules, Statutes, Case Law, or Other Authority Justifying the Relief Sought".**

Under the Local Rules, "all motions *must* state grounds for the request and cite applicable rules, statutes, case law, or other authority justifying the relief sought".[18] Standard's Motion to Supplement fails to clear this most basic hurdle. As authority for its Motion to Supplement, Standard only invokes "the Court's inherent authority and DUCivR 7-1(b)(2)(B)."[19] Neither basis supports Standard's Motion to Supplement.

---

[16] Docket No. 549 at
[17] *Id*. at 7.
[18] DUCivR 7-1(a)(2) (emphasis added).
[19] Docket No. 549 at 2.

5

With respect to the Court's inherent authority, Standard only cites to the Supreme Court's decision in *Landis v. North American Co.*,[20] a case having nothing to do with a court's authority to order supplementation of the record. In *Landis*, the Court clearly stated the issue as follows: "The controversy hinges upon the power of a court to stay proceedings in one suit until the decision of another, and upon the propriety of using such a power in a given situation."[21] Standard has provided no explanation for how a court's inherent power to stay proceedings means that the Court also has power to order supplementation of the record. And while the Court no doubt has authority to "control the disposition of the causes on its docket," Standard offers no explanation of how supplementing the record in this instance will serve the interests of "economy of time and effort for [the Court], for counsel, and for litigants."[22] Simply stated, Standard's citation to *Landis*, taken out of context, and without any explanation, does not satisfy DUCivR 7-1(a)(2)'s requirements.

With respect to DUCivR 7-1(b)(2)(B), it has nothing to do with Standard's Motion to Supplement. Rather, the cited rule deals exclusively with the length of memoranda opposing summary judgment and states in full: "Memoranda filed pursuant to Fed. R. Civ. P. 56 are governed by DUCivR 56-1(g)."[23] Surely DUCivR 7-1(b)(2)(B) cannot serve as the basis for Standard's Motion to Supplement. And even if Standard's citation to this particular rule was the result of neglect, counsel is unaware of any other local rule that supports Standard's Motion to Supplement the record with additional evidence.

---

[20] *Id.* at 7.
[21] *Landis v. North American Co.*, 299 U.S. 248, 249 (1936).
[22] *Id.* at 254.
[23] DUCivR 7-1(b)(2)(B).

Even if the Court does have authority to supplement the record, Standard has not cited any such authority or explained how that authority is properly exercised here. It should not fall to the Court or the Greens to "cite applicable rules, statutes, case law, or other authority justifying the relief sought" on behalf of Standard.[24] That burden belongs to Standard alone. Having failed to carry its most basic burden in requesting relief from the Court, Standard's Motion to Supplement should be denied.

### III.     Standard's Motion to Supplement Is Without Merit and Is Sanctionable.

Standard's Motion to Supplement is sanctionable for several reasons. First, as explained above, Standard's Motion to Supplement was clearly mooted when the Court denied the 524 Motion on December 19, 2017. Notwithstanding the Court's Order, Standard refused to withdraw the motion, forcing the Greens and their counsel to waste time and resources in filing the instant opposition.

Second, as explained above, Standard's Motion to Supplement is not supported by any relevant law or authority. The *Landis* decision and DUCivR 7-1(b)(2)(B), upon which Standard relies, clearly do not apply. Thus, Standard's Motion to Supplement is brought in violation of at least DUCivR 7-1(a)(2).

Third, Standard's Motion to Supplement reveals, yet again, how Standard is willing to change its position based on the exigencies of the moment. In its 524 Opposition and its Motion for Fees, Standard repeatedly refers to the "Greens' 5th Motion for Reconsideration" and "the Greens' Reconsideration Motions." The 524 Opposition and Motion for Fees are not confined to

---

[24] DUCivR 7-1(a)(2).

Mr. Mumford personally, but they attack the Greens and their counsel incessantly and continually suggest that the 524 Motion was brought by the Greens. Yet, because it now apparently serves Standard's purposes, the 524 Motion is no longer "the Greens' 5th Motion for Reconsideration" or one of "the Greens' Reconsideration Motions;" rather, the 524 Motion has now become "the Mumford Motion" and "attorney Marcus R. Mumford's personal Motion to Reconsider".[25] Surely the Court can see how Standard is playing games here, especially where this is only the latest in a pattern for Standard.

For example, one of Standard's first filings in this case was, in both form and substance, a "Motion for Summary Judgment."[26] But in order to avoid discovery, Standard claimed that its "Motion for Summary Judgment" was actually a motion to dismiss. The State court judge saw through Standard's game.[27] In another example, currently pending before the Court is Standard's "Motion for an Order to Show Cause Why Plaintiffs Garth O. Green and/or Michael Green *Should Not Be Held in Contempt*".[28] In that motion, Standard expressly asks for "a finding of contempt and appropriate sanctions".[29] Yet, when the Greens pointed out how Standard's motion "*does not even discuss the law on contempt*,"[30] Standard took the incredible position that it was never seeking a finding of contempt, but simply an order to show cause.[31] Standard was clearly talking out both sides of its mouth, as it is doing with the instant Motion to Supplement.

---

[25] Docket No. 549 at 1-2.
[26] *See* Docket No. 55.
[27] *See* Docket No. 504 at 5-6, ¶¶ 14-15.
[28] Docket No. 487 (emphasis added).
[29] Docket No. 487 at 13.
[30] Docket No. 496 at 15 (emphasis in original).
[31] *See* Docket No. 502 at 3.

Fourth, Standard's Motion to Supplement lacks any relevant basis whatsoever. Standard requests that the Court supplement the record with an email exchange between counsel for the parties. But Standard's Motion to Supplement never bothers to explain why. It appears that Standard's goal was never to supplement the record with evidence, but rather to supplement its own argument against the 524 Motion. Indeed, Standard's so-called "Statement of Relevant Facts" is anything but relevant. While Standard rehashes its arguments about the propriety of the Greens' unfair competition claim at length, Standard never recites any "facts" showing how the email exchange at issue will inform the Court's decision on the 524 Motion in any way. That is because the email exchange, especially the portion upon which Standard focuses, has nothing to do with the merits of the 524 Motion.

The 524 Motion made the following arguments:

1. "Judge Nuffer Erred in Disregarding the State Court's Prior Rulings";
2. "Judge Nuffer Erred in Imposing Rule 11 Sanctions Based on 'Existing Law'";
3. "Judge Nuffer Clearly Erred in Holding that Sanctions Were 'Mandatory'"; and
4. "The Sanctions Order Should Be Vacated Based on the Perception of Judicial Bias."[32]

In response, Standard made the following arguments:

1. "The 5th Motion for Reconsideration Should Be Denied for Revisiting Issues Already Addressed or Available Previously"; and

---

[32] *See* Docket No. 524 at 15-23.

    2.    "The 5th Motion for Reconsideration Should Be Denied Where It Does Not Show Clear Error."[33]

Nowhere, in any of the parties' arguments, is there any suggestion that the 524 Motion should be granted or denied based on who brought the motion. The email has no relevance to the merits of the 524 Motion. The Court should see Standard's Motion to Supplement for what it really is: an improper attempt to bolster its own 524 Opposition and Motion for Fees while also needlessly attacking the Greens and their counsel.

## CONCLUSION

For the reasons explained above, the Court should deny Standard's Motion to Supplement. The Motion to Supplement is moot and lacks any legal or factual foundation. For these reasons and others, the Motion to Supplement should not just be denied, but Standard's conduct in brining and maintaining its motion should be sanctioned as the Court deems appropriate.

DATE: December 26, 2017.

                                                                                  NELSON JONES, PLLC

                                                                                  /s/ Joshua S. Ostler
                                                                                  Joshua S. Ostler
                                                                                  *Attorney for Garth O. Green Enterprises,*
                                                                                  *Inc., Garth Green and Michael Green*

---

[33] Docket No. 530 at 1-3.

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2017, I filed the foregoing MEMORANDUM IN OPPOSITION TO STANDARD PLUMBING SUPPLY COMPANY, INC.'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD with the Clerk of the Court using the ECF filing system, which sent notice of electronic filing to all electronic filing users in this case.

/s/ Joshua S. Ostler
Joshua S. Ostler