Joshua S. Ostler (14277)
NELSON JONES, PLLC
8941 S. 700 E., Ste. 203
Sandy, UT 84070
(801) 981-8779
josh@nelsonjoneslegal.com
*Attorney for Garth O. Green Enterprises, Inc.,
Garth Green and Michael Green*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARTH O. GREEN ENTERPRISES, INC., et al.,<br><br>　　　Plaintiffs,<br><br>v.<br><br>RANDALL HARWARD, et al,<br><br>　　　Defendants. | **EX PARTE MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO STANDARD PLUMBING SUPPLY COMPANY, INC.'S MOTION FOR COSTS, EXPENSES AND ATTORNEYS' FEES**<br><br>Case No. 2:15-cv-00556-RJS-EJF<br><br>District Judge Robert J. Shelby<br>Magistrate Judge Evelyn J. Furse |

　　　Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Plaintiffs Garth O. Green Enterprises, Inc., Garth Green and Michael Green (the "Greens") and their counsel (collectively the "Responding Parties"), hereby move the Court, ex parte, for an extension of time in which to respond to Standard Plumbing Supply Company, Inc.'s Motion for Costs, Expenses and Attorneys' Fees (the "Motion for Fees").[1] Specifically, the Responding Parties request a 6-day enlargement of time (only 3 business days), or up to and including January 2, 2018. As grounds for the requested relief, Rule 6(b) states that "the court may, for good cause, extend the time: (A)

---

[1] Docket No. 531.

with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."[2]

## STATEMENT OF RELEVANT FACTS

1. Standard Plumbing Supply Company, Inc. ("Standard") filed its Motion for Fees on November 22, 2017.[3]

2. On November 29, 2017, the Responding Parties moved the Court for a 21-day enlargement of time (the "First Motion to Extend"), which the Court granted.[4]

3. The First Motion to Extend was based on the following: (1) Marcus Mumford's withdrawal from the case on November 28, 2017; (2) additional motions to compel and/or for sanctions that Standard was threatening to file; (3) the simultaneous filing of Standard's opposition to the motion to reconsider Judge Nuffer's January 18, 2017 sanctions order; and (4) undersigned counsel's engagement in a state criminal case, that was scheduled to go to trial on December 13, 2017.[5]

4. Since the First Motion to Extend was filed, there have been several developments in this case alone, necessitating the instant motion.

5. On December 1, 2017, Standard filed its Motion for Partial Summary Judgment.[6] The Greens' opposition is currently due on January 12, 2017.[7] Given the dispositive nature of the motion, as well as the fact that undersigned counsel has had little to no involvement with the

---

[2] Fed. R. Civ. P. 6(b)(1).
[3] Docket No. 531.
[4] Docket Nos. 536 & 538.
[5] *See* Docket No. 536 at 8.
[6] Docket No. 539.
[7] Docket No. 556.

discovery phase of this case, counsel has had to devote significant time and attention to the motion since it was filed.

6. On December 5, 2017, Standard informed undersigned counsel that it had served deposition subpoenas on the Greens' immediate family members, nothwithstanding this Court's June 21, 2017 order withholding its ruling on the scope of remaining fact discovery that would be permitted. This issue required significant time and attention, and ultimately resulted in the filing of the Greens' motion for protective order on December 7, 2017,[8] which is currently pending.

7. On December 12, 2017, Standard filed its Motion for Leave to Supplement the Record.[9] The Greens timely filed their response yesterday, December 26, 2017.[10] The Greens' response required further time and attention to be diverted from Standard's Motion for Fees.

8. On December 15, 2017, Judge Shelby vacated his recusal in this case.[11] Judge Shelby then issued three separate orders from December 15th to December 19th, two of which bear directly on the Greens' response to the Motion for Fees, and all of which required significant time and attention to matters of case status and strategy.[12]

9. On December 21, 2017, Standard filed its Motion for Reasonable Expenses Incurred.[13] Standard's motion seeks fees and costs with respect to some sixteen (16) different matters, only a few with which undersigned counsel had any involvement. Standard first

---

[8] Docket No. 544.
[9] Docket No. 549.
[10] Docket No. 561.
[11] *See* Docket No. 551.
[12] *See* Docket Nos. 552, 553 & 556.
[13] Docket No. 559.

threatened to make its motion on November 28, 2017, and undersigned counsel has spent significant time and attention addressing the matter in past days and weeks.

10. On December 22, 2017, Standard filed its Motion for Discovery Status Conference,[14] requiring further time and attention to be diverted from the response to Standard's Motion for Fees.

11. In addition to the foregoing docket entries and the associated time and attention required of each, on November 30, 2017, counsel for Standard sent an email demanding that documents the Greens produced in "redacted" form be produced "unredacted." That issue was resolved on or about December 5, 2017, without court intervention. But it still required time and attention to be diverted from other matters in this case, including Standard's Motion for Fees.

12. In addition to this case, counsel previously alerted the Court to his involvement in the State criminal case, *State v. Worlton*, Case No. 151600009 (Utah 6th Dist.), which was scheduled to begin trial on December 13, 2017. The trial date has now been continued, but since the First Motion to Extend was filed on November 29, 2017, there were several developments in the *Worlton* case that required and continue to require counsel's time and attention.

13. On November 29, 2017, the State of Utah opposed a motion to quash subpoena. Counsel drafted and filed a reply on December 6, 2017. On November 30, 2017, the State of Utah opposed a motion in limine with respect to Rule 404(b) evidence. Counsel drafted and filed a reply on December 7, 2017. On December 6, 2017, a motion to quash subpoena was filed. Counsel drafted and filed an opposition on December 20, 2017. On December 8, 2017, a separate

---

[14] Docket No. 560.

motion to quash subpoena was filed. Counsel drafted and filed an opposition on December 21, 2017. On December 11, 2017, a third motion to quash a subpoena was filed. Counsel has since devoted time and attention to a response, which is due next week. On December 13, 2017, the State of Utah filed a motion for a surreply brief. Counsel has devoted significant time and attention to drafting an opposition, which is due today, December 27, 2017. Finally, the State of Utah filed a request for discovery on December 14, 2017. Counsel has had to spend time and attention responding to the request.

14.   In addition to this case and the *Worlton* case, counsel has been engaged in the matter of *Richmond v. Harrison*, No. 2:17-cv-880-DN (D. Utah) since the First Motion to Extend was filed. In particular, on December 6, 2017, a memorandum in opposition to a motion for leave to amend complaint was filed, essentially arguing that amendment would be futile and not survive a Rule 12(b)(6) motion to dismiss. Counsel devoted significant time and attention to the matter and filed a reply on December 14, 2017.

15.   Finally, in addition to engagement in this case and other litigation, the deadline to respond to the Motion for Fees falls in the middle of the holiday season. The Motion for Fees seeks fees and costs with respect to at least six (6) different motions.[15] But undersigned counsel was only ever involved with the final two, Docket Nos. 504 and 524. Accordingly, undersigned counsel has been in contact with the Greens' prior counsel who drafted and filed the other motions in order to get their assistance in addressing Standard's claim that they previously acted in bad faith. But due to the holiday season, and varying periods of unavailability on the part of

---

[15] Docket 531 at ii.

undersigned counsel and the Greens' prior counsel, it has been difficult to communicate and coordinate these efforts.

16. In light of the foregoing, the Responding Parties are requesting 3 additional business days, or 6 total calendar days, by which to respond to Standard's Motion for Fees.

17. Undersigned counsel previously sought a stipulation to the requested extension from counsel for Standard. Standard refused to stipulate to any extension of time beyond tomorrow, December 28, 2017, necessitating the instant motion.

## ARGUMENT

I. **Good Cause Exists for an Enlargement of Time of 3 Business Days to Oppose Standard's Motion for Fees.**

Rule 6(b) permits the Court to extend time to do an act "for good cause" when a motion is made "before the original time or its extension expires."[16] The Responding Parties' response is currently due today, December 27, 2017.[17] Thus, this motion is made "before the original time or its extension expires." Good cause exists for the requested extension.

The "liberal" good cause standard "is met by a mere showing of good faith or lack of prejudice to the adverse party."[18] As detailed in the statement of facts above, since Standard's Motion for Fees was filed on November 22, 2017 and since the Responding Parties' First Motion to Extend was filed on November 29, 2017, undersigned counsel has been heavily engaged in several matters related to this case alone, in addition to heavy engagement in other litigation. In

---

[16] Fed. R. Civ. P. 6(b)(1).
[17] *See* Docket No. 538.
[18] *U.S. v. Real Property located in Layton, Utah 84040*, No. 1:07-cv-6-TS, 2010 WL 2787859, at *2 (D. Utah July 14, 2010) (citation omitted).

6

addition, due to the holidays, the Greens and their current and former counsel have had difficulty coordinating and finalizing their opposition to the Motion for Fees. This is more than enough to satisfy the liberal good cause standard.

To further put the matter in context, undersigned counsel, though previously employed as an associate of Marcus Mumford, had little to no involvement in the discovery phase of this case or the several motions that underly Standard's Motion for Fees, as well as other pending motions currently before the Court. In the hours and days following Mr. Mumford's withdrawal from this case, Standard began piling on with emails and motions that require intimate familiarity with discovery and other aspects of this case in which undersigned counsel was never directly involved. Undersigned counsel has been working to respond to Standard's pile on in due course and to familiarize himself with those aspects of the case in which he was not previously involved, but surely the Court can appreciate how extensions of time, including the instant request, have been warranted under the circumstances. In light of the foregoing, the Responding Parties' request should be granted, especially where there is no discernible prejudice that could result to Standard from an additional extension of 3 business days.

## II. Standard's Refusal to Stipulate to an Extension of Time Is Contrary to the Utah Standards of Professionalism and Civility.

Prior to making this motion, undersigned counsel sought a stipulation from Standard. The parties' email exchange is attached. As a basis for the stipulation, undersigned counsel referred to the grounds that have been further articulated in this motion. In response, counsel for Standard claimed that he was "struggling" with the requested extension "for several reasons." Undersigned counsel explained that the feigned "struggle" was unnecessary, especially in light

of counsel's ethical obligation to "agree to reasonable requests for extension of time and waiver of procedural formalities when doing so will not adversely affect their clients' legitiatme rights."[19]

In response, counsel for Standard only dug his heels in further, claiming prejudice based on an exaggerated and recycled narrative about some "pattern of delay and obfuscation" on the part of the Greens, even though the record shows that Standard is the one who has consistently obfuscated discovery and other matters in this case while also coordinating extensive forum-shopping efforts with its co-defendants, leading to years of delay.

With respect to the "several reasons" underlying Standard's "struggle," they are no reasons at all. Each is addressed in turn.

First, ignoring all of the matters that have developed since the First Motion to Extend was filed, counsel for Standard wrongly concluded that "many of the concerns you stated below were previously presented by you to Judge Furse". Second, Standard tries to find fault with the fact that this motion is being made on the day of the deadline, even though Rule 6(b) expressly allows for motions to be on the day of the deadline and even after the deadline. Undersigned counsel made every effort to have a response finalized by the December 27, 2017 deadline. When undersigned counsel knew for a certainty this morning that additional time would be needed, he immediately emailed counsel for Standard this morning. Third, Standard assumes, without any basis, that because undersigned counsel had previous involvement in this case, he has been "heavily involved." This is simply not true. The Greens previously had Steve Call and

---

[19] Utah R. Prof. & Civ. ¶ 14.

Elaine Monson of Ray Quinney & Nebeker, as well as Mr. Mumford representing them. Prior to entering an appearance following the withdrawal of Ray Quinney & Nebeker, undersigned counsel's involvement was very limited, including with respect to matters underlying the Motion for Fees. Finally, Standard seems to argue that because the December 27, 2017 deadline was set by the Court's order granting the First Motion to Extend, that the Greens need to make some showing akin to a Rule 54, 59 or 60 motion to reconsider. There is absolutely no legal foundation for Standard's position, and counsel for Standard provided none.

Rule 6(b) expressly contemplates that extensions of time will be sought from court orders extending the original time to act. Indeed, the rule states that a court may extend time to perform an act "with or without motion or notice if the court acts, or if a request is made, before the original time *or its extension expires*".[20] And just in case Standard tries to argue that the rule is only referring to stipulated extensions between the parties, the Local Rules are clear: "No stipulation between the parties modifying a prior order of the court or affecting the course of conduct of any civil proceeding will be effective until approved by the court."[21] In other words, an extension of time must always be pursuant to court order, and thus Rule 6(b), which applies to extending "the original time *or its extension*," governs the Greens' motion. Standard's suggestion that the Responding Parties should instead be making a motion to reconsider lacks any reasonable basis and only shows how Standard continues to conduct itself in bad faith when the Greens seek reasonable extensions of time.

Finally, counsel for Standard claims in his email response that "I think you can agree that

---

[20] Fed. R. Civ. P. 6(b)(1)(A).
[21] DUCivR 83-6.

I have been reasonable in giving you extensions since Marcus left the case and you assumed the role of lead counsel." This is false. Undersigned counsel is only aware of three instances where he has requested that Standard stipulate to an extension of time. With respect to a meet and confer issue, undersigned counsel requested until December 8, 2017 to fully address the issue in light of an upcoming final pretrial conference. Standard refused and said it would only give counsel until December 5, 2017. When undersigned counsel requested the same extension of time to respond to Standard's motion for partial summary judgment that Judge Parrish had already granted months ago, Standard filed a fierce opposition.[22] And when undersigned counsel requested an additional 3 business days to respond to Standard's Motion for Fees, Standard was only willing to give 1. Since Mr. Mumford's withdrawal, Standard has not been reasonable or accommodating at all. Rather, within hours and days of Mr. Mumford's withdrawal, Standard began piling on issues and motions in seeming contravention of Rule 13 of the Utah Rules of Professionalism and Civility: "Lawyers shall not knowingly file or serve motions, pleadings or other papers at a time calculated to unfairly limit other counsel's opportunity to respond or to take other unfair advantage of an opponent, or in a manner intended to take advantage of another lawyer's unavailability."

## CONCLUSION

The Responding Parties made a simple request: that Standard stipulate to an extension of time of 3 business days by which to respond to the Motion for Fees. Contrary to the Utah Rules of Professionalism and Civility, and without identifying any real adverse effect to Standard's

---

[22] *See* Docket Nos. 554 & 555.

legitimate rights, Standard has indicated that it will oppose the requested extension of time. Standard's refusal to stipulate to a short extension of time, especially under the circumstances described above, should not be condoned. The Responding Parties' request should be granted.

      A proposed order is attached.

      DATE: December 27, 2017.

/s/ Joshua S. Ostler
Joshua S. Ostler
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2017, I filed a true and correct copy of the foregoing EX PARTE MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO STANDARD PLUMBING SUPPLY COMPANY, INC.'S MOTION FOR COSTS, EXPENSES AND ATTORNEYS' FEES with the Clerk of Court using the CM/ECF system, which sent electronic notification to all counsel of record.

/s/ Joshua S. Ostler
Joshua S. Ostler