JAMES T. BURTON (11875)
*jburton@kmclaw.com*
JOSHUA S. RUPP (12647)
*jrupp@kmclaw.com*
RYAN R. BECKSTROM (14593)
*rbeckstrom@kmclaw.com*
**KIRTON │ McCONKIE**
Key Bank Tower
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

*Counsel for Standard Plumbing
Supply Company, Inc.*

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| GARTH O. GREEN ENTERS., INC., *et al.*, <br><br> Counterclaim Defendants, <br><br> v. <br><br> RANDALL HARWARD, *et al.*, <br><br> Counterclaim Plaintiffs. | Case No. 2:15-cv-00556-RJS-EJF <br><br> **STANDARD PLUMBING SUPPLY COMPANY, INC.'S MEMORANDUM IN OPPOSITION TO EX PARTE MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO STANDARD'S MOTION FOR COSTS, EXPENSES AND ATTORNEYS' FEES** <br><br> Honorable Judge Robert J. Shelby <br> Honorable Magistrate Judge Evelyn J. Furse |

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and DUCivR 7-1(b), Standard Plumbing Supply Company, Inc. ("Standard"), by and through undersigned counsel, hereby respectfully files this Memorandum in Opposition to Garth O. Green Enterprises, Inc., Garth O. Green, and Michael Green's (collectively the "Greens") [*Second*] Motion for Extension of Time

4843-7689-1481

(the "Second Extension Request")[1] to File Response to Standard's Motion for Costs, Expenses and Attorneys' Fees (the "Fee Motion").[2]

## INTRODUCTION AND STATEMENT OF RELEVANT FACTS

Standard's Fee Motion was filed over a month ago, on November 22, 2017.[3] While accusing Standard of seeking to indefinitely delay this case,[4] the Greens sought a first extension of time to respond to the Fee Motion on November 29, 2017 (the "First Extension Request").[5] The Greens' First Extension Request sought relief in the form of one of three alternatives: (1) postponing the Greens' response until this case comes to a conclusion; (2) postponing the Greens' response until Judge Shelby could rule on the Greens' now-denied motions for reconsideration;[6] and (3) a 21-day extension "beyond the [then-]current December 6, 2017 deadline…."[7] The Court granted the Greens' third alternative, implicitly denying the first two alternatives.[8] Accordingly, in addition to the standard two weeks allotted under DUCivR 7-1, the Greens were granted three additional weeks, affording the Greens a total of five full weeks to respond to the Fee Motion.[9]

Notably, the bases for the Greens' First Extension Request included (1) Marcus Mumford's withdrawal from representation, (2) other pending matters in this case, and (3) a busy docket elsewhere, including the *State v. Worlton* case scheduled for trial on December 13-15, 2017.[10] Despite having five full weeks to prepare their opposition, and having known about today's deadline since December 1, 2017—nearly four weeks—the Greens waited until the day of their Court-ordered deadline to request yet another extension of time to respond to Standard's

---

[1] Docket no. 562.
[2] Docket no. 531.
[3] *Id.*
[4] *E.g.,* docket no. 536 at 6.
[5] Docket no. 536.
[6] *See* docket nos. 552 & 558.
[7] Docket no. 536 at 2.
[8] Docket no. 538.
[9] *See id.*
[10] *See* docket no. 536 at 8.

4843-7689-1481

Fee Motion.[11] In doing so, the Greens initially failed to provide any explanation for why additional time was necessary.[12] And when pressed for such an explanation, the Greens merely responded with the identical grounds used to support their First Extension Request.[13] Specifically, the Greens again referred to (1) Mr. Mumford's withdrawal from representation, (2) other pending matters in this case, and (3) a busy docket elsewhere, including the *State v. Worlton* case.[14] With respect to the *Worlton* case, however, the Greens have repeatedly acknowledged that "[t]he trial date was vacated on or about December 7, 2017…," some *three weeks ago*.[15] Regardless, the Greens provided no basis for a second extension beyond the reasons used to support the three-week extension of time already granted by the Court.[16]

Notwithstanding the foregoing, Standard offered to stipulate to a one-day extension of until December 28, 2017, for the Greens' opposition to the Fee Motion.[17] Standard also requested an additional explanation for the Greens' Second Extension Request in view of the foregoing.[18] Rather than offer any additional explanation or accept Standard's offer of a one-day extension, however, the Greens elected to proceed with the instant Second Extension Request owing to an alleged absence of prejudice to Standard.[19] Indeed, even after Standard provided an explanation of the prejudice to Standard flowing from the Greens' chronic extension requests,[20] the Greens filed the Second Extension Request without responding to Standard's good faith inquiry.[21]

---

[11] *See* docket no. 562-1 at 4.
[12] *See id.*
[13] *See id.* at 3-4.
[14] *See id.*
[15] *E.g.,* docket no. 554 at 4 (filed on Dec. 15, 2017).
[16] *See* docket no. 562-1 at 3-4.
[17] *See id.* at 2-3.
[18] *See id.*
[19] *See id.*
[20] *See id.* at 1; *see also, e.g.,* docket nos. 13, 29, 76, 90, 91, 95, 124, 125, 153, 154, 175, 176, 192, 199, 252, 255, 259, 280, 333, 347, 349, 441, 460, 495, 501, 536, 542, 554, 555, 556 & 562 (documenting the Greens' extensive and abusive extension requests throughout this litigation).
[21] *See* docket no. 562-1 at 1.

4843-7689-1481

## ARGUMENT

**I.   THE GREENS' SECOND EXTENSION REQUEST SHOULD BE DENIED AS CONTRARY TO THE PRIOR ORDER OF THIS COURT**

As a threshold matter, the Greens' Second Extension Request was filed in contravention of the Court's prior Order granting the Greens a 21-day extension while simultaneously rejecting the Greens' alternative requests for time beyond 21 additional days.[22] Specifically, on December 1, 2017, the Court allowed the Greens 21 additional days to respond to Standard's Fee Motion, up to and including today, December 27, 2017.[23] In doing so, the Court implicitly rejected the Greens' two alternative proposals for even more additional time to respond.[24] Nevertheless, irrespective of the Court's prior Order and without seeking reconsideration of the same based on a cognizable basis for reconsideration, the Greens waited until today—their existing Court-ordered five-week deadline—to move for yet additional time.[25] On this basis alone, the Greens' Second Extension Request should be denied. The Court has already ordered a three-week extension of time and that Order stands absent reconsideration.

**II.  THE GREENS' SECOND EXTENSION REQUEST SHOULD BE DENIED AS DEVOID OF GOOD CAUSE**

Even if the Greens' Second Extension Request is considered irrespective of the Court's existing Order, it should be denied for lack of good cause. Federal Rule of Civil Procedure 6(b) governs extensions of time.[26] Importantly, "extension[s] can only be granted for good cause regardless of when the extension was requested."[27] And, while Rule 6(b) is "liberally construed to advance the goal of trying each case on the merits," enlargements of time are "by no means a

---

[22] *Compare* docket no. 562, *with* docket nos. 536 & 538.
[23] Docket no. 538.
[24] *See id.*
[25] Docket no. 562.
[26] FED. R. CIV. P. 6(b).
[27] *Utah Republican Party v. Herbert*, No. 16-4058, 2017 WL 460987, at *2 (10th Cir. Feb. 3, 2017) (unpublished) ("Rule 6(b)(1) … requires good cause for all extensions.")

4843-7689-1481

matter of right."[28] To this end, the Tenth Circuit has recognized that "[g]ood cause requires a greater showing than excusable neglect."[29] Indeed, "good cause," while not cabined by a "rigid or all-encompassing definition … is usually occasioned by something that is not within the control of the movant."[30] In other words, the "good cause" standard "requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[31] And context is important in determining diligence—genuine emergencies at the tail end of the compliance period will not excuse an earlier lack of diligence and preparation.[32] "The lesson to the federal plaintiff's lawyer is not to take any chances."[33] Moreover, professional engagement "in other matters is not sufficient, as a matter of law, to show … good cause…."[34]

In view of the foregoing, the Greens' Second Extension Request should be denied. Specifically, despite consuming some eleven pages, the Greens' Second Extension Request merely catalogues the Greens' counsel's other professional engagements.[35] But such engagements are "most certainly i[n]sufficient to show good cause…."[36] This is equally true of the Greens' counsel's unsupported and questionable suggestion that he has had "little to no involvement" in this case despite being a former associate of Mr. Mumford (former lead counsel for the Greens) for several years.[37] Regardless, fatally missing from the Greens' Second Extension Request, is *any* explanation of the Greens' diligence in attempting to meet today's Court-ordered deadline over the past five weeks.[38] As the Tenth Circuit has observed, the

---

[28] *Id.* at *3 (internal quotation marks and citations omitted).
[29] *Id.* (internal quotation marks and citations omitted).
[30] *Id.* (internal quotation marks and citations omitted).
[31] *Id.* (internal quotation marks and citations omitted).
[32] *Id.*
[33] *Id.* (internal quotation marks and citations omitted).
[34] *Id.* (internal quotation marks and citations omitted).
[35] *See* docket no. 562, *passim*.
[36] *Utah Republican Party*, 2017 WL 460987, at *4.
[37] *See* docket no. 562 at 2, 3, 5 & 7.
[38] *Utah Republican Party*, 2017 WL 460987, at *4 ("Nor does he suggest that he made any effort, much less a diligent effort, to comply with the deadline, knowing that he would be engaged in other matters for at least a few days of the 14-day time period.").

4843-7689-1481

Greens' counsel's "decision to wait until the day the [response] was due to prepare and assemble the motion" is unavailing.[39] In other words, had the Greens' counsel "diligently attempted in the prior [five weeks] to … prepare the [response], the unavailability of his [former] co-counsel [and other scheduling issues] would not have necessitated an extension."[40] Simply stated, nothing within the Greens' Second Extension Request demonstrates good cause for an additional week of extra time after the Greens have already had five full weeks to prepare.

And, even if the Greens' counsel's other professional engagements were sufficient to demonstrate good cause (which they are not), the Greens' failure to provide any explanation or evidence of diligent preparation over the past five weeks is particularly fatal as the Greens' First Extension Request was already premised on the Greens' identical bases for relief.[41] In other words, the Greens were already allotted three additional weeks of time owing to (1) Mr. Mumford's withdrawal from representation, (2) other pending matters in this case, and (3) a busy docket elsewhere, including the *State v. Worlton* case.[42] As these concerns have already been fully accounted for by a lengthy three-week extension of time, there is no good cause for yet another week-long extension based on nothing more than recycled excuses. This is particularly true as at least some of the Greens' counsel's other engagements clearly ended weeks ago, such as the *Worlton* trial, which was vacated on December 7, 2017 but is still being used by the Greens to excuse their lack of diligence three weeks later.

Finally, aside from the fact that the Greens' Second Extension Request is devoid of good cause, Standard has been and continues to be prejudiced by the Greens chronic inability to prioritize this case and meet the deadlines imposed on all litigants under the local rules.[43] Indeed, the Fee Motion itself is based, in part, on the Greens penchant for serially delaying resolution of

---

[39] *See id.* at *3.
[40] *See id.*
[41] *Compare* docket no. 536, *with* docket no. 562-1 at 3-4.
[42] *See Compare* docket nos. 536 & 538.
[43] *See, e.g.,* docket nos. 91, 154, 176, 199, 259, 349, 501, 555, etc.

4843-7689-1481

simple and straightforward matters.[44] Regardless, "a good cause analysis does not require application of the *Pioneer* factors," including the danger of prejudice to Standard.[45] In other words, the Greens' Second Extension Request must be evaluated on the Greens' diligence irrespective of the resulting prejudice to Standard. The Greens have apparently squandered the five weeks allotted by the Court.  Consequently, the Second Extension Request must fail from an absence of good cause even if the Court were to conclude that the Greens' various efforts to endlessly delay resolution of this matter are somehow not prejudicial to Standard.[46]

In view of the forgoing, the Greens' Second Extension Request should be denied. At best, the Greens should merely be afforded a one-day extension of time (of until December 28, 2017), as already offered by Standard.[47] The Greens have had five weeks to prepare their response to the Fee Motion and should be required to comply with the Court's existing order setting today as the deadline.

DATED this 27th day of December, 2017.

> Respectfully submitted,
> **KIRTON | McCONKIE**
>
> By: */s/ James T. Burton*
>     James T. Burton
>     Joshua S. Rupp
>     Ryan R. Beckstrom
> *Counsel for Standard Plumbing Supply*
> *Company, Inc.*

---

[44] *See* docket no. 531.
[45] *Utah Republican Party*, 2017 WL 460987, at *3 n.2.
[46] *See* FED. R. CIV. P. 1 (requiring that Rule 6 be construed and applied "to secure the just, speedy, and inexpensive determination of [this] action….").
[47] *See* docket no. 562-1.

4843-7689-1481

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December, 2017, I caused a copy of the foregoing to be filed using the Court's CM/ECF electronic filing system, which provides service to all counsel of record.

/s/ James T. Burton

4843-7689-1481