Joshua S. Ostler (14277)
NELSON JONES, PLLC
8941 S. 700 E., Ste. 203
Sandy, UT 84070
(801) 981-8779
josh@nelsonjoneslegal.com
*Attorney for Garth O. Green Enterprises, Inc.,*
*Garth Green and Michael Green*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARTH O. GREEN ENTERPRISES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> RANDALL HARWARD, et al, <br><br> Defendants. | **EX PARTE MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO STANDARD PLUMBING SUPPLY COMPANY, INC.'S MOTION FOR REASONABLE EXPENSES INCURRED IN MAKING OR DEFENDING DISCOVERY MOTIONS** <br><br> Case No. 2:15-cv-00556-RJS-EJF <br><br> District Judge Robert J. Shelby <br> Magistrate Judge Evelyn J. Furse |

Plaintiffs Garth O. Green Enterprises, Inc., Garth Green and Michael Green (the "Greens"), by and through counsel, hereby move the Court, ex parte, for an extension of time in which to respond to Standard Plumbing Supply Company, Inc.'s Motion for Reasonable Expenses Incurred in Making or Defending Discovery Motions (the "Rule 37 Motion").[1]

## PRECISE RELIEF REQUESTED

By this motion, the Greens seek an order from the Court granting an extension of time to file their opposition to Standard Plumbing Supply Company, Inc.'s ("Standard") recently filed

---

[1] Docket No. 559.

Rule 37 Motion. Specifically, the Greens request that an extension of time be granted pursuant to one of the following alternatives:

1.      The entry of an order postponing the response deadline until the litigation on the merits has concluded.

2.      The entry of an order postponing the response deadline until 14 days after the conclusion of fact and expert discovery.

3.      The entry of an order granting the Greens 15 days beyond the current January 4, 2018 deadline, or until January 19, 2018, to oppose the Rule 37 Motion.

The above-requested relief is authorized by Rule 6(b), Federal Rules of Civil Procedure, and this Court's inherent authority to stay proceedings and control the cases on its docket.

## STATEMENT OF RELEVANT FACTS

1.      Standard previously filed a Motion for Attorney Fees and Memorandum in Support Against Plaintiffs and Plaintiffs' Counsel, in which Standard requested its attorneys' fees and costs for the entire litigation.[2]

2.      On June 20, 2017, Judge Shelby, acting *sua sponte*, dismissed Standard's motion "without prejudice to Standard refiling its Motion at the conclusion of proceedings, at which point the court will be able to better determine whether the conduct in this case warrants an award of attorneys' fees."[3]

3.      Standard then filed a similar Motion for Costs, Expenses and Attorneys' Fees on

---

[2] Docket No. 172.
[3] Docket No. 421.

November 22, 2017.[4]

4.      Standard then filed the instant Rule 37 Motion on December 21, 2017.[5]

5.      The Court previously ruled that fact discovery would be extended, but the scope of the extension has not yet been determined.[6] Additionally, expert discovery has not yet taken place.

6.      Like Standard, the Greens have successfully made or defended several discovery-related motions.[7]

7.      The Rule 37 Motion seeks fees and costs related to some sixteen (16) different discovery disputes.[8]

8.      The Greens' current counsel had little to no involvement with the motions underlying the Rule 37 Motion. The underlying motions and disputes were primarily handled by the Greens' former counsel.

9.      Because the Greens' response to the Rule 37 Motion may require them to demonstrate "substantial justification" and/or that "other circumstances make an award of expenses unjust,"[9] undersigned counsel has sought assistance from the Greens' former counsel. However, Elaine Monson in particular has not been available recently, and undersigned counsel will not be able to meet with her until January 8, 2018 at the earliest.

---

[4] Docket No. 531.
[5] Docket No. 559.
[6] *See* Docket No. 428.
[7] *See, e.g.*, Docket Nos. 312, 313, 314, 351, 440.
[8] *See* Docket No. 559 at 4-5.
[9] *See* Fed. R. Civ. P. 37(a)(5)(A).

**ARGUMENT**

**I.     Standard's Rule 37 Motion Should Be Stayed Until the Litigation Has Concluded Because It Has No Bearing on the Merits of the Case and Litigating Fees Motions in Piecemeal Fashion Is Not Consistent With Judicial Economy.**

Currently pending before the Court is at least the third motion for attorneys' fees filed by Standard this year. Judge Shelby, acting *sua sponte*, previously dismissed Standard's first motion for attorneys' fees without prejudice to refiling at the conclusion of the litigation.[10] As Judge Shelby acknowledged, courts have deferred ruling on motions for attorneys' fees until after the disposition of an appeal, which the Greens fully intend to pursue in this case.[11] Here, the same result is warranted.

As the Supreme Court has stated: "[i]nterrupting the proceedings on the merits to conduct sanctions hearings may serve only to reward a party seeking delay."[12] Standard's Rule 37 Motion has nothing to do with the merits of this case and, like its other motions for attorneys' fees, is an "interruption to the proceedings." It makes no sense from an economical standpoint to force the Greens to continue to litigate attorneys' fees issues in piecemeal fashion. The Court should stay consideration of the Rule 37 Motion until after the litigation has concluded so that the parties and the Court can focus on the merits of this case, including a pending motion for summary judgment, upcoming fact and expert discovery, and other issues actually related to the merits.

---

[10] *See* Docket No. 421.
[11] *Id*. at 2 n.8.
[12] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 56 (1991).

II.   **Standard's Rule 37 Motion Should Be Stayed Until After Fact and Expert Discovery Have Concluded and the Parties' Rule 37(a)(5) Claims Can Be Litigated Simultaneously, Instead of Piecemeal.**

In the event the Court is unwilling to stay the Rule 37 Motion pending the conclusion of litigation, it should at least stay the Rule 37 Motion until after fact and expert discovery have concluded. Standard's Rule 37 Motion, by its own terms, seeks "Reasonable Expenses Incurred in Making or Defending Discovery Motions".[13] The Greens disagree with the scope of the motions for which Standard is seeking its expenses under Rule 37(a)(5), but in the event the scope of Rule 37(a)(5) reaches as far as Standard wants it to, then the Greens will be entitled to their own reasonable expenses incurred, or at least an apportionment of their expenses for those motions that have been granted or denied in part.[14] Furthermore, where fact and expert discovery are yet to be concluded, there may still be discovery disputes, entitling one side or the other to additional reasonable expenses under Rule 37(a)(5).

It makes no sense from a judicial economy standpoint, or any other standpoint for that matter, to litigate the issue of Rule 37(a)(5) expenses in piecemeal fashion. Indeed, assuming *arguendo* that Standard's Rule 37 Motion is granted in full or in part, any award of attorneys' fees might later be offset by a Rule 37(a)(5) motion made by the Greens. Or, assuming that later discovery disputes arise, the parties may be forced to relitigate Rule 37(a)(5) issues. The sensible approach in this instance is to stay Standard's Rule 37 Motion pending the close of fact and expert discovery. That way, the parties can bring all of their respective Rule 37(a)(5) claims before the Court at once, rather than in piecemeal fashion.

---

[13] Docket No. 559.
[14] *See* Fed. R. Civ. P. 37(a)(5)(C).

### III.     Good Cause Exists for an Extension of Time of 15 Days.

In the event the Court is unwilling to stay consideration of Standard's most recent motion for attorneys' fees, an extension of 15 days, or until January 19, 2018, is warranted. Rule 6(b) permits the Court to extend time to do an act "for good cause" when a motion is made "before the original time or its extension expires."[15] The Greens' response is currently due January 4, 2018. Thus, this motion is made "before the original time or its extension expires." Good cause exists for the requested extension.

The "liberal" good cause standard "is met by a mere showing of good faith or lack of prejudice to the adverse party."[16] Standard's Rule 37 Motion was filed on December 21, 2017, right before the Christmas holiday. In addition to constraints on the Greens and their counsel stemming from the holiday season, Standard's Rule 37 Motion was filed at the same time that a separate motion for fees is pending, as well as a motion for partial summary judgment, a motion to supplement the record, and at the same time that Standard has noticed depositions for January 3-5.[17] In other words, there are several matters, some actually bearing upon the merits of the case, that are pending and also require counsel's attention.

In addition, and as noted in the statement of facts above, the motions underlying the Rule 37 Motion were primarily handled by the Greens' former counsel. Because the Greens' response will likely require argument about whether the Greens' positions were "substantially justified" or

---

[15] Fed. R. Civ. P. 6(b)(1).
[16] *U.S. v. Real Property located in Layton, Utah 84040*, No. 1:07-cv-6-TS, 2010 WL 2787859, at *2 (D. Utah July 14, 2010) (citation omitted).
[17] The Greens have filed a motion for protective order with regard to the subpoenas, which has still not been decided. *See* Docket No. 544.

whether "other circumstances make an award of expenses unjust,"[18] undersigned counsel is seeking assistance from the Greens' former counsel. But due to scheduling conflicts, counsel will not be able to meet until January 8, 2018 at the earliest.

In light of the foregoing, there is good cause to grant a 15-day enlargement of time. The Greens do no believe that any prejudice to Standard will result from the requested extension.

## CONCLUSION

The Rule 37 Motion is at least the third attempt by Standard to litigate the tangential issue of attorneys' fees in the middle of this litigation. For the reasons explained above, and as previoulys acknowledged by Judge Shelby, issues of attorneys' fees are best reserved for the conclusion of the litigation on the merits. Alternatively, because fact and expert discovery have not yet concluded, the Court should stay consideration of discovery-related attorneys' fees so that the issue can be litigated once, and not in piecemeal fashion. Finally, in the event the Court is unwilling to stay consideration of Standard's Rule 37 Motion, a 15-day extension of time is warranted under the circumstances.

A proposed order is attached.

DATE: December 29, 2017.

/s/ Joshua S. Ostler
Joshua S. Ostler
*Counsel for Plaintiffs*

---

[18] Fed. R. Civ. P. 37(a)(5).

7

**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2017, I filed a true and correct copy of the foregoing EX PARTE MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO STANDARD PLUMBING SUPPLY COMPANY, INC.'S MOTION FOR REASONABLE EXPENSES INCURRED IN MAKING OR DEFENDING DISCOVERY MOTIONS with the Clerk of Court using the CM/ECF system, which sent electronic notification to all counsel of record.

/s/ Joshua S. Ostler
Joshua S. Ostler