Joshua S. Ostler (14277)
NELSON JONES, PLLC
8941 S. 700 E., Ste. 203
Sandy, UT 84070
(801) 981-8779
josh@nelsonjoneslegal.com
*Attorneys for Garth O. Green Enterprises, Inc.,
Garth Green and Michael Green*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARTH O. GREEN ENTERPRISES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> RANDALL HARWARD, et al; <br><br> Defendants. | **RESPONSE TO STANDARD PLUMBING SUPPLY COMPANY, INC.'S MOTION FOR DISCOVERY STATUS CONFERENCE** <br><br> Case No. 2:15-cv-00556-RJS <br><br> Judge Robert J. Shelby |

Plaintiffs Garth O. Green Enterprises, Inc., Garth Green and Michael Green (the "Greens"), by and through counsel, hereby submit this response to Standard Plumbing Supply Company, Inc.'s ("Standard") Motion for Discovery Status Conference (the "Motion").[1] The Greens are not opposed to the relief requested by Standard's Motion but respond to address Standard's wholly unnecessary mischaracterizations of certain of the Greens' pending motions.

First, for no apparent reason, Standard refers to Docket No. 461 as the Greens' "so-called motion in limine."[2] Inasmuch as Standard is continuing to claim that the Greens' motion is not a

---

[1] Docket No. 560.
[2] *Id*. at 2.

motion in limine, or is otherwise improper, this issue was already addressed at length.[3] Simply stated, the Greens' motion in limine is entirely consistent with Magistrate Judge Furse's prior instructions at hearings held earlier this year.

Second, for no apparent reason, Standard refers to Docket No. 544, entitled *Expedited Short Form Motion for Protective Order*, as the Greens' "motion to avoid third-party subpoenas,"[4] as if to make it seem like the Greens have done something wrong. The Greens made their Motion for Protective Order to hold the parties to Magistrate Judge Furse's prior order at the July 21, 2017 hearing, that the scope of remaining discovery would be stayed pending resolution of the Greens' currently-pending motion in limine. For Standard to purposefully mischaracterize the Motion for Protective Order is wholly unnecessary to its Motion.

Finally, for no apparent reason, Standard claims that the Greens' "495 and 544 motions are unnecessary".[5] Aside from the fact that this statement serves no purpose in advancing Standard's Motion, the statement is false. The 495 and 544 motions were made precisely because Standard has ignored Magistrate Judge Furse's orders following the June 21, 2017 hearing. Where Magistrate Judge Furse specifically ordered that briefing on the scope of discovery would be stayed pending resolution of the Greens' currently-pending motion in limine, Standard proceeded to brief the scope of discovery. And where the scope of discovery has not yet been determined, Standard is seeking to move forward with multiple depositions that it may not

---

[3] *See* Docket No. 488 at 3-4.
[4] Docket No. 560 at 3.
[5] *Id*.

ultimately be authorized to take, which would result in unnecessary expenditures of time and resources to the Greens.

It should also be noted that Standard's 491 motion, though fully briefed, is not ripe for resolution. As Magistrate Judge Furse ordered at the June 21, 2017 hearing, the Greens should also be allowed to brief the scope of discovery. Unlike Standard, the Greens are adhering to the Court's instructions at the June 21, 2017 hearing and so have not yet filed their own motion.

Again, the Greens are not opposed to the relief requested by Standard. But it is wholly unnecessary for Standard to relabel motions or claim that they are "unnecessary" in order to try and cast the Greens in a negative light, especially in the context of a simple motion for a status conference.

DATE: December 29, 2017.

NELSON JONES, PLLC

/s/ Joshua S. Ostler
Joshua S. Ostler
*Attorney for Garth O. Green Enterprises, Inc., Garth Green and Michael Green*

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2017, I filed the foregoing RESPONSE TO STANDARD PLUMBING SUPPLY COMPANY, INC.'S MOTION FOR DISCOVERY STATUS CONFERENCE with the Clerk of the Court using the ECF filing system, which sent notice of electronic filing to all electronic filing users in this case.

/s/ Joshua S. Ostler
Joshua S. Ostler