JAMES T. BURTON (11875)
*jburton@kmclaw.com*
JOSHUA S. RUPP (12647)
*jrupp@kmclaw.com*
RYAN R. BECKSTROM (14593)
*rbeckstrom@kmclaw.com*
**KIRTON | McCONKIE**
Key Bank Tower
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

*Counsel for Standard Plumbing
Supply Company, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARTH O. GREEN ENTERS., INC., *et al.*, <br><br> Counterclaim Defendants, <br><br> v. <br><br> RANDALL HARWARD, *et al.*, <br><br> Counterclaim Plaintiffs. | Case No. 2:15-cv-00556-RJS-EJF <br><br> **STANDARD PLUMBING SUPPLY COMPANY, INC.'S EXPEDITED SHORT FORM DISCOVERY MOTION FOR FINDING OF A PRIVILEGE WAIVER** <br><br> Honorable Judge Robert J. Shelby <br> Honorable Magistrate Judge Evelyn J. Furse |

Pursuant to DUCivR 37-1, Standard respectfully moves the Court to find a subject-matter waiver as to all otherwise privileged communications between Marcus Mumford and the Greens concerning Standard's motion for Rule 11 sanctions against the Greens and their counsel.[1]

The attorney-client "privilege must be strictly constructed and accepted only to the very limited extent that permitting a refusal to testify … has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth."[2] To this end, "it has

---

[1] Docket no. 57 *et seq.* (the "Rule 11 Motion").
[2] *In re Grand Jury Proceedings*, 616 F.3d 1172, 1183 (10th Cir. 2010) (internal quotation marks and alterations

been widely held that voluntary disclosure of the content of a privileged attorney communication constitutes **waiver of the privilege as to all other such communications on the same subject**."[3] Moreover, fairness forbids the attorney-client privilege from simultaneously being "used as a shield and a sword."[4]

The Greens have voluntarily waived the attorney-client privilege with respect to all of Mr. Mumford's communications concerning the Rule 11 Motion. Specifically, Bradley Green was deposed on January 4, 2018.[5] During the deposition, Bradley Green testified, *inter alia*, that Mr. Mumford told him the following concerning the Rule 11 Motion:

- "[Mr. Mumford] said that the motion … did not scare him, that it scared Adam [Dunn] and it was for [Mr. Dunn] to decide and [Mr. Mumford] would not judge him for it;"[6]

- Based on what Bradley Green observed/overheard, he "would presume that [the Greens] had some understanding" of Mr. Dunn's concerns and Mr. Mumford's position with respect to the Rule 11 Motion, including "that Adam Dunn was concerned about it and [Mr. Mumford] wasn't…;"[7]

- "[Mr. Mumford] did not like the misuse of Rule 11 and sent a letter to several members of [Kirton McConkie] indicating such;"[8] and

- "[Mr. Mumford] said that he was not scared, and if [Mr. Dunn] was … that was

---

omitted); *see also Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981)("Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed.").

[3] *Weil*, 647 F.2d at 24 (internal citations omitted; emphasis added)); *see In re Grand Jury Proceedings*, 616 F.3d at 1184 ("Because confidentiality is the key to maintaining the attorney-client privilege, a party waives the privilege when he voluntarily discloses to a third party material or information that he later claims is protected."); *Anaya v. CBS Broad., Inc.*, No. CIV 06-476 JB KBM, 2007 WL 2219394, at *6 (D.N.M. Apr. 30, 2007) ("[T]here is substantial case law supporting the position that as a matter of law, any voluntary waiver of confidential communications **waives the privilege as to all confidential communications regarding the same subject matter**." (internal alteration and quotation marks omitted; emphasis added)).

[4] *New Phoenix Sunrise Corp. v. C.I.R.*, 408 F. App'x 908, 919 (6th Cir. 2010) (internal quotation marks omitted); *see In re Grand Jury Proceedings*, 616 F.3d at 1185 n.24 (same); *In re Commercial Fin. Servs., Inc.*, 247 B.R. 828, 846 (Bankr. N.D. Okla. 2000) ("The policy underlying the subject matter waiver doctrine is one of fairness.").

[5] *See* rough depo. tr. of Bradley Green dated Jan. 4, 2018, relevant portions attached as **"Exhibit 1"** (Bradley Green is currently an owner of Garth O. Green Enterprises, Inc.).

[6] *Id.* at 138:25 – 139:5.

[7] *Id.* at 142:15 – 143:8.

[8] *Id.* at 145:7-23.

his problem, that was on him …."[9]

This constitutes a waiver of the attorney-client privilege with respect to Mr. Mumford's communications concerning the Rule 11 Motion. Simply put, Bradley Green's voluntary deposition testimony concerning Mr. Mumford's communicated opinions about the Rule 11 Motion waived any applicable privilege. Indeed, where the privilege is "strictly construed" owing to its tendency to inhibit the Court's truth-finding function, Bradley Green's voluntary disclosure of the content of otherwise privileged communications constitutes a waiver on the entire subject of Mr. Mumford's advice concerning the Rule 11 Motion.[10] Moreover, as the Court has already repeatedly recognized,[11] the Greens and their counsels' sanctionable conduct is directly relevant to Standard's abuse of process claim. At a minimum, the Greens cannot be allowed to rely on Mr. Mumford's advice on the Rule 11 Motion as a sword while precluding discovery thereon under the shield of privilege. Accordingly, the Court should grant the instant motion and permit Standard to conduct discovery of the Greens concerning Mr. Mumford's advice on the Rule 11 Motion.

DATED this 8th day of January, 2018.

Respectfully submitted,

**KIRTON │ MCCONKIE**

By: */s/ James T. Burton*
James T. Burton
Joshua S. Rupp
Ryan R. Beckstrom
*Counsel for Standard Plumbing Supply Company, Inc.*

---

[9] *Id.* at 148:1-9.
[10] *See Weil*, 647 F.2d at 24 (internal citations omitted; emphasis added)); *In re Grand Jury Proceedings*, 616 F.3d at 1184; *Anaya*, 2007 WL 2219394, at *6 ("[T]here is substantial case law supporting the position that as a matter of law, any voluntary waiver of confidential communications waives the privilege as to all confidential communications regarding the same subject matter." (internal alteration and quotation marks omitted)).
[11] *See* docket nos. 240, 313, 315, 458 & 526.

## MEET AND CONFER CERTIFICATION

The parties met and conferred concerning the relief sought herein on at least January 3-4, 2018 during the course of various third party depositions. The participants in the meet and confer included James T. Burton on behalf of Standard and Joshua S. Ostler behalf of the Greens.

*/s/ James T. Burton*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of January, 2018, I caused a copy of the foregoing to be filed using the Court's electronic filing system which provides service to all counsel of record.

/s/ James T. Burton
James T. Burton

4835-8235-1962, v. 1