# Exhibit D

FILED
United States Court of Appeals
Tenth Circuit

December 16, 2016

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UTAH REPUBLICAN PARTY,

    Plaintiff - Appellant,

and

UTAH DEMOCRATIC PARTY,

    Plaintiff Intervenor,

v.

SPENCER J. COX, in his official capacity as Lieutenant Governor of Utah,

    Defendant - Appellee.

No. 16-4091

---

### ORDER

Before **BACHARACH** and **PHILLIPS**, Circuit Judges.

    This matter is before the court on the appellant's Motion to Accept Late Brief (the "Motion"). The appellant's opening brief was filed electronically one day after the deadline expired. The Motion asks the court to accept the late opening brief for filing. Three significant procedural problems exist, however, which we address in turn below.

    First, the Motion itself does not satisfy the court's rules for motions. Specifically, the Motion does not state the opposing party's position on the relief requested as required by Tenth Circuit Rule 27.1. The Motion could be denied solely on this basis.

Second, the appellant's opening brief was submitted electronically on December 13, 2016. The appendix was submitted electronically the day before. The hard copies of the brief should have been delivered to the court within two business days. 10th Cir. R. 31.5; CM/ECF User's Manual at 18. The court still has not received the hard copies of the brief. Again, the appellant's failure to comply with the court's rules is a substantial enough ground to deny the Motion.

Third, and more troubling than either of the issue described above, is the timing of the Motion. In order to appreciate the significance of this matter, we briefly provide a timeline of events leading up to the filing of the Motion. The opening brief was originally due September 27, 2016. The appellant requested and was granted an extension of time to file the opening brief until October 27, 2016. The appellant then requested a 96-day extension of time to file the opening brief, or until January 31, 2017. At the direction of the court, the appellant was granted a portion of the requested extension. We allowed 30 additional days to file the opening brief, which pushed the filing deadline to November 28, 2016. The court advised that no additional extensions of time to file the opening brief would be granted.

On November 28, 2016, the appellant electronically filed a four volume appendix. No opening brief was submitted with the appendix, however. Two days later, having received no opening brief, the court issued a deficiency notice to the appellant regarding the missing brief. The court *sua sponte* granted 10 additional days to file the opening brief. The opening brief was due December 12, 2016.

With the additional time provided by operation of the deficiency notice and an intervening weekend, the appellant had *14 additional days* beyond the final extension deadline to file the opening brief. But even with all of this additional time, the appellant still did not file the opening brief on the due date. The brief was due December 12, 2016, but was not filed until the morning of December 13, 2016. Compounding the problem further is the fact that the Motion was not filed until December 14, 2016, two days after the deadline set in the deficiency notice expired.

With the multitude of procedural problems in this appeal, we are having trouble excusing the appellant's untimely submission of the opening brief. Nevertheless, we will grant the Motion on the following conditions:

1. The hard copies of the appellant's opening brief must be received by the court no later than the close of business, December 20, 2016.
2. The opening brief, both the electronic and hard copy versions, must comply with all applicable Federal Rules of Appellate Procedure and Tenth Circuit Rules.

If the appellant fails to comply with the provisions of this order, the court may in its discretion dismiss this particular appeal without further notice. 10th Cir. R. 42.1.

The appellee should note that no deadline has been set for the answer brief at this time. The court will notify the parties of the due date for the answer brief by separate order at a later date.

Finally, in light of the procedural issues described above, the appellant's counsel is advised that the judges assigned to decide this appeal on the merits may wish to address

in greater depth counsel's noncompliance with the court's rules. The court's consideration of the matter may include whether to impose sanctions on counsel and/or whether to refer counsel to the court's attorney disciplinary panel.

>
> Entered for the Court
> ELISABETH A. SHUMAKER, Clerk
>
> *Lara Smith*
>
> by: Lara Smith
>     Counsel to the Clerk