Joshua S. Ostler (14277)
NELSON JONES, PLLC
8941 S. 700 E., Ste. 203
Sandy, UT 84070
(801) 981-8779
josh@nelsonjoneslegal.com
*Attorney for Garth O. Green Enterprises, Inc.,*
*Garth Green and Michael Green*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARTH O. GREEN ENTERPRISES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> RANDALL HARWARD, et al, <br><br> Defendants. | **MOTION FOR EXTENSION OF TIME TO RESPOND TO STANDARD PLUMBING SUPPLY COMPANY, INC.'S SHORT FORM DISCOVERY MOTION FOR A FINDING OF NO PRIVILEGE [DKT 577]** <br><br> Case No. 2:15-cv-00556-RJS-EJF <br><br> District Judge Robert J. Shelby <br> Magistrate Judge Evelyn J. Furse |

Plaintiffs Garth O. Green Enterprises, Inc., Garth Green and Michael Green (the "Greens"), respectfully submit this Motion for Extension of Time and to Respond to Standard Plubming Supply Company, Inc.'s ("Standard") Short Form Discovery Motion for a Finding of No Privilege (the "Motion").

**PRECISE RELIEF REQUESTED AND GROUNDS FOR RELIEF**

By this motion, the Greens respectfully request that the Court extend the time to respond to Standard's Motion by one (1) day, until today, January 12, 2018. As grounds for the requested relief, Rule 6(b) of the Federal Rules of Civil Procedure states that "the court may, for good

cause, extend the time: … (B) on motion made after the time has expired if the party failed to act because of excusable neglect."[1]

## STATEMENT OF RELEVANT FACTS

1. Standard Plumbing Supply Company, Inc. ("Standard") filed its Motion late in the evening on January 4, 2018.[2]

2. Counsel for the Greens was aware that he had "five business days" to respond.[3]

3. However, counsel inadvertently believed that the "five business day" deadline was January 12, 2018. Counsel did not realize his inadvertence until this morning, when he was surprised to see that Standard had filed a request to submit for decision at 1:54 a.m. Counsel's inadvertence and failure to catch his mistake earlier was likely due to at least the following circumstances.

4. On January 4, 2018, counsel for the Greens had just returned from several days of depositions in St. George and did not see Standard's Motion until the following day, January 5, 2018.

5. Upon returning from the St. George depositions, counsel had several other priorities in this case, including, filing a motion to enlarge time on January 5, 2018,[4] responding to Standard's outstanding motion for partial summary judgment,[5] which is due today, and responding to Standard's motion for reasonable expenses incurred in making or defending

---

[1] Fed. R. Civ. P. 6(b)(1).
[2] Docket No. 577.
[3] DUCivR 37-1(a)(6).
[4] Docket No. 578.
[5] Docket No. 539.

discovery motions,[6] which is due on January 16, 2018.

6. Counsel intended all along to timely respond to Standard's Motion, but he honestly believed, albeit mistakenly, that the deadline was January 12, 2018, and thus gave priority to responding to Standard's motion for partial summary judgment.

7. Counsel even recalls that at the hearing before Judge Shelby yesterday, he represented to the Court and opposing counsel that he had an opposition to summary judgment, as well as a motion related to privilege, due today, January 12, 2018.

8. When Standard filed three separate short form discovery motions in the past week,[7] including the Motion at issue, it knew that counsel for the Greens was in the middle of preparing oppositions to significant substantive motions.

9. Prior to filing its request to submit at approximately 2:00 a.m. this morning, counsel for Standard never extended any professional courtesy to undersigned counsel, for instance, inquiring as to whether the Greens intended to oppose Standard's Motion or whether they needed an additional day (something counsel has seen and done in several other cases).

10. This is particularly troubling in light of the fact that counsel for Standard has previously been referred to The Professionalism Counseling Board,[8] and given the tenor of the hearing before Judge Shelby yesterday, in which Judge Shelby essentially recognized how this case has been unnecessarily litigious at times.

---

[6] Docket No. 559.
[7] Docket Nos. 577, 581 & 585.
[8] Docket No. 454.

## ARGUMENT

I. **THE COURT SHOULD EXTEND TIME FOR THE GREENS TO RESPOND TO STANDARD'S MOTION.**

Under Rule 6(b), the Court may extend time "for good cause" and "on motion made after the time has expired if the party failed to act because of excusable neglect."[9] Motions made under Rule 6(b)(1) should be liberally construed.[10] The Supreme Court has explained that "'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."[11] More specifically:

> There is, of course, a range of possible explanations for a party's failure to comply with a court-ordered filing deadline. At one end of the spectrum, a party may be prevented from complying by forces beyond its control, such as by an act of God or unforeseeable human intervention. At the other, a party simply may choose to flout a deadline. In between lie cases where a party may *choose* to miss a deadline although for a very good reason, such as to render first aid to an accident victim discovered on the way to the courthouse, as well as cases where a party misses a deadline through inadvertence, miscalculation, or negligence.[12]

The Greens' failure to meet the January 11, 2018 deadline is nowhere near that end of the spectrum where parties "choose to flout a deadline". Rather, the Greens' failure was the result of excusable neglect and there is good cause to extend time. Under Rule 6(b), the time to respond to Standard's Motion should be enlarged by one day, until January 12, 2018.

The *Pioneer* case teaches that the determination of what constitutes excusable neglect "is

---

[9] Fed. R. Civ. P. 6(b)(1).
[10] *See, e.g.*, *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016) ("[Rule 6(b)(1)] should be liberally construed…"); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) ("[Rule 6(b)(1)]…is to be liberally construed…"); *Hanson v. City of Oklahoma City*, 37 F.3d 1509 (Table), 1994 WL 551336, at *2 (10th Cir. 1994) ("we are cognizant that courts often review Rule 6(b)(1) motions 'liberally'").
[11] *Pioneer Inv. Servs. Co. v. Brunswick Associated Ltd. Partnership*, 507 U.S. 380, 392 (1993).
[12] *Id.* at 387-88.

at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[13] Factors the Court should consider include: (1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.[14] These factors weigh in the Greens' favor.

First, there is no prejudice to Standard, much less the "danger" of prejudice. Standard is not entitled to file a reply memorandum, and Standard will have a week to review the Greens' opposition before the currently scheduled January 19, 2018 hearing. It should be noted that before Standard filed additional short form discovery motions, the Court had actually scheduled a hearing for today, January 12, 2018. Meaning that Standard would have had only one day from the January 11, 2018 deadline to review the Greens' response. This factor weighs heavily in the Greens' favor.

Second, the length of the delay in this instance is minimal, just one day. This clearly weighs in favor of excusable neglect.[15] And there is no impact on judicial proceedings. While a hearing is scheduled for January 19, 2018, the Greens' response will be filed a week in advance. And, as noted above, the Court had even previously contemplated holding a hearing on Standard's Motion just one day after the Greens' response was supposed to be filed. Just as in the

---

[13] *Pioneer*, 507 U.S. at 395.
[14] *See id*.
[15] *See, e.g.*, *Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998) (where response was received "one day after the fifteen-day response required…No prejudice to defendants could have resulted from this delay, nor could it have caused interference with the judicial process"); *Ahanchian*, 624 F.3d at 1262 (excusable neglect where "the length of the delay was a mere three days"); *Kerr v. Dillard Stores Servs, Inc.*, Civil Action No. 07-2604, 2009 WL 385863, at *1 n.1 (D. Kan. Feb. 17, 2009) (excusable neglect where "the length of plaintiff's delay was less than 24 hours"); *Fernandes v. Craine*, 538 F. App'x 274, 275 (4th Cir. 2013) (excusable neglect where fee requested was filed "one day too late").

*Murray* case, such a short delay "could [not] have caused interference with the judicial process."[16] This factor weighs in the Greens' favor.

Third, the reason for the delay is on that end of the spectrum involving circumstances beyond a party's control, or at least where the deadline was missed "for a very good reason."[17] As explained above, Standard's Motion was filed knowing that counsel for the Greens was in the middle of opposing substantial motions, including Standard's motion for partial summary judgment and Standard's motion for reasonable expenses incurred. It was beyond the Greens' control that, while these deadlines were fast approaching, Standard would file several short form discovery motions, including the Motion at issue. In any event, the Greens had a "very good reason" for missing the January 11, 2018 deadline given the circumstances and counsel's inadvertence regarding the deadline.

As recognized in the Tenth Circuit, "courts are more forgiving of missed dealdines caused by clerical calendaring errors, mathematical miscalculations of deadlines and mishandling of documents."[18] In *Scott*, the court found excusable neglect where "PMSI employees mishandled the order to show cause".[19] Elsewhere, courts have found excusable neglect where "counsel was inundated with work matters that resulted in an inadvertent failure to calendar the deadline",[20] and where a missed deadline based on a malfunctioning calendar system was "completely unintentional and not contumacious in nature[ and] when the mistake

---

[16] *Murray*, 132 F.3d at 611.
[17] *Pioneer*, 507 U.S. at 387-88.
[18] *Scott v. Power Plant Maintenance Specialists, Inc.*, 2010 WL 1881058, at *3 (D. Kan. May 10, 2010) (citing authorities).
[19] *Id*. at *4.
[20] *Conkling v. Tri-State Careflight, Inc.*, 2016 WL 9819532, at *3 (D.N.M. Aug. 3, 2016).

was discovered, counsel acted promptly."[21] As with the foregoing cases, the reason for the delay prong weighs in the Greens' favor. This is especially true when the Court construes Rule 6(b)(1) liberally, as it must.

Fourth, the Greens have acted in good faith. Counsel always intended to file the Greens' response by the deadline but made an inadvertent mistake in calendaring. As soon as the mistake was discovered, the Greens acted promptly to file this motion and their response will be filed today as well. The Greens have acted in good faith.

Finally, in addition to the foregoing factors, the Court can consider all relevant circumstances. The Greens believe it to be significant that, knowing of their obligations to oppose Standard's motions for partial summary judgment and for reasonable expenses incurred, Standard filed three expedited motions in the span of a few days. And then, rather than extend some form of professional courtesy, such as inquiring as to whether the Greens intended to oppose the Motion and offering a short extension (something undersigned counsel has seen and done several times in other cases), counsel for Standard was waiting to pounce at 2:00 a.m. in the morning in order to prevail procedurally rather than on the merits.

And the merits of Standard's Motion are important and should be considered. As will be more fully detailed in the Greens' forthcoming response, the parties absolutely did not meet and confer on this issue; the Greens and their counsel were berated by counsel for Standard who then left the conference room to call the court before allowing anyone else to speak. And, contrary to

---

[21] *Office of Professional Employees Intern. Union, Local No. 320 v. International Broth. of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers*, 1989 WL 84555, at *1 (D. Kan. July 18, 1989).

Standard's assertions in its Motion, all of the deponents from last week ultimately testified that they had no knowledge of the reasons for Mr. Mumford's withdrawal from this case, meaning there could have been no waiver and/or that Standard was not blocked from discovering any information on the topic.

## CONCLUSION

As demonstrated above, the Greens' failure to respond to Standard's Motion by the January 11, 2018 deadline was the result of excusable neglect. The Court should extend the time for the Greens to respond until January 12, 2018.

A proposed order is attached.

DATE: January 12, 2018.

/s/ Joshua S. Ostler
Joshua S. Ostler
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2018, I filed a true and correct copy of the foregoing MOTION FOR EXTENSION OF TIME TO RESPOND TO STANDARD PLUMBING SUPPLY COMPANY, INC.'S SHORT FORM DISCOVERY MOTION FOR A FINDING OF NO PRIVILEGE [DKT 577] with the Clerk of Court using the CM/ECF system, which sent electronic notification to all counsel of record.

/s/ Joshua S. Ostler
Joshua S. Ostler