Joshua S. Ostler (14277)
NELSON JONES, PLLC
8941 S. 700 E., Ste. 203
Sandy, UT 84070
(801) 981-8779
josh@nelsonjoneslegal.com
*Attorney for Garth O. Green Enterprises, Inc.,*
*Garth Green and Michael Green*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| GARTH O. GREEN ENTERPRISES, INC., et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>RANDALL HARWARD, et al,<br><br>        Defendants. | **MEMORANDUM IN OPPOSITION TO MOTION FOR REASONABLE EXPENSES INCURRED IN MAKING OR DEFENDING DISCOVERY MOTIONS [DOC. 559]**<br><br>Case No. 2:15-cv-00556-RJS-EJF<br><br>District Judge Robert J. Shelby<br>Magistrate Judge Evelyn J. Furse |

---

        Plaintiffs Garth O. Green Enterprises, Inc., Garth Green and Michael Green (the

"Greens"), by and through counsel, hereby submit this memorandum in opposition to Standard

Plumbing Supply Company, Inc.'s ("Standard") Motion for Reasonable Expenses Incurred in

Making or Defending Discovery Motions (the "Motion").[1] Standard's Motion should be denied.

---

[1] Docket No. 559.

## INTRODUCTION

Approximately eight hours after Mr. Mumford withdrew from this case, counsel for the Greens received an email from Standard claiming entitlement to fees on a host of motions and threatening to make a motion unless the Greens agreed to reimburse Standard in some unidentified amount. The parties spoke telephonically on November 30, not December 1 as Standard claims.[2] Standard could not explain how the motions it identified fell within the scope of Rule 37, and Standard refused to offer any explanation on why the Greens' positions were not substantially justified, instead claiming it was not their burden. Even though Standard sought a rushed meet and confer after its November 28, 2017 email, it now tries to fault the Greens' counsel as being "not prepared" for the parties' discussion.[3] Yet, when counsel asked for sufficient time to review the numerous motion papers, Standard was not willing to cooperate. And Standard knows that of the 16 Discovery Motions, counsel for the Greens was involved, if at all, on only one of them. Ultimatley, Standard filed its Motion on December 21, 2017.

Standard's Motion is unusually silent on the substance of the several Discovery Motions and underlying communications and proceedings. This is likely because even a cursory review of the motions papers, hearing transcripts, and court orders shows how Standard's Motion fails on numerous fronts. In addition to being untimely, the Motion seeks fees for (1) matters beyond the scope of Rule 37's fee-shifting provisions, (2) matters on which Standard did not prevail, (3) matters that were not preceded by a meet and confer, and (4) matters in which the Greens' positions were substantially justified. Standard's Motion should be denied in its entirety.

---

[2] *See* Docket No. 559 at 6.
[3] *See id.*

## ARGUMENT

**I.     THE DISCOVERY MOTIONS ARE BEYOND THE SCOPE OF RULE 37(a).**

Rule 37(a) only applies to "Specific Motions," including motions "to compel disclosure" and "a discovery response."[4] In the Tenth Circuit, "[a]bsent a clearly expressed legislative intent to the contrary, we will deem the plain language of a statute conclusive and look no further into its meaning."[5] Courts consistently interpret Rule 37(a) according to its plain language.

In *Perfect Surgical Techniques, Inc.*, the court relied on the "precise language" of Rule 37(a) in denying a motion for expenses incurred.[6] As the district court explained, "Rule 37(a)(3) sets forth a list of 'Specific Motions' to which the rule applies".[7] The "equivalent to a discovery device" is not sufficient.[8] In *Pain Center of SE Indiana, LLC*, the court denied a Rule 37(a)(5) motion because the plaintiffs "fail[ed] to point to a motion to compel."[9] As the court explained, "[a]ccording to the plain language of Rule 37(a), the fee-shifting provision…may only be invoked after a party has filed one of the specific motions listed within the rule (e.g., motion to compel disclosure, motion to compel discovery response)."[10] In *Ross-Hime Designs, Inc.*, the court recognized how "Rule 37(a)(5)(A) only applies if the Court grants a party's *motion to compel* in full" and "Rule 37(a)(5)(A) governs cases where a *motion to compel* is either granted

---

[4] Fed. R. Civ. P. 37(a)(3).
[5] *United States v. Cowan*, 116 F.3d 1360, 1361 (10th Cir. 1997).
[6] *Perfect Surgical Techniques, Inc. v. Olympus America, Inc.*, 2014 WL 1095591, at *3 (N.D. Cal. Mar. 14, 2014) (unpublished).
[7] *Id.*
[8] *Id.*
[9] *Pain Center of SE Indiana, LLC v. Origin Healthcare Solutions, LLC*, 2015 WL 5775455, at *1 (S.D. Ind. Sep. 30, 2015) (unpublished).
[10] *Id.*

in full or where the discovery sought in the motion is provided after the motion is filed."[11] Finally, in *Streeter v. Soo Line R.R.*, the court observed that "Plaintiff did not file a motion to compel, and thus Rule 37(a)(5)(B), which allows a court to award costs and fees to a party who successfully opposes a motion to compel, would not on its face seem to apply to the present situation."[12]

With the exception of the 400 and 401 Motions, Standard has not identified a single Discovery Motion that was, in substance or form, a motion to compel "disclosure" or "a discovery response."[13] In this respect, Standard's Motion must be denied.

## II.   STANDARD CANNOT RELY ON THIS COURT'S "INHERENT AUTHORITY."

Presumably aware of Rule 37(a)'s inapplicability, Standard tries to invoke this Court's "inherent authority."[14] But "the court ordinarily should rely on the Rules rather than the inherent power."[15] Indeed, the Tenth Circuit has refused to allow "inherent authority" to support a Rule 37 motion.[16] Because Rule 37(a)(5) only allows for an award of fees in limited circumstances, Standard cannot rely on "inherent authority" to go beyond those limitations.

## III.   STANDARD'S MOTION MUST BE DENIED INASMUCH AS IT IS UNTIMELY.

"Although Rule 37 does not establish 'any express time limits within which a motion to sanctions must be filed, unreasonable delay may render such a motion untimely."[17] "[A] motion

---

[11] *Ross-Hime Designs, Inc. v. United States*, 124 Fed. Cl. 69, 78 (Fed. Cl. 2015) (internal quotations and citation omitted) (emphasis added).
[12] *Streeter v. Soo Line R.R.*, 2008 WL 2937744, at *2 (E.D. Wis. July 23, 2008) (unpublished).
[13] Fed. R. Civ. P. 37(a)(3).
[14] Docket No. 559 at 6-7.
[15] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).
[16] *See Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1227-28 (10th Cir. 2015).
[17] *MGA Entertainment, Inc. v. National Products, Ltd.*, 2012 WL 4052023, at *4 (C.D. Cal. Sep. 14, 2012) (unpublished).

for Rule 37 sanctions should be promptly made, thereby allowing the judge to rule on the matter when it is still fresh in his mind."[18] Consistent with *MGA Entertainment*, the Tenth Circuit has recognized that "a Rule 37 motion for sanctions should be filed without unreasonable delay."[19] And with respect to unreasonable delay, the Court should consider prejudice.[20]

In *MGA Entertainment*, the district court denied the Rule 37 motion as untimely where the movant sat on the motion for "over six months"[21] and where "[t]he discovery period in this matter has been extended only in increments and the Parties have been on notice since the beginning of this year that the close of discovery was imminent."[22] Here, the majority of the Discovery Motions range in date from March 1, 2017 to August 2, 2017. The close of fact discovery was imminent in April 2017, May 2017, and June 2017. And then, though only requesting a 45-day extension of time in June and September 2017,[23] Standard sat on its motion for several months. In addition to the fact that the Discovery Motions are no longer "fresh" in the Court's or the parties' minds, Standard's delay has caused prejudice.

Standard filed its Motion, it seems deliberately, after Elaine Monson, Steve Call, and Marcus Mumford withdrew from the case. Indeed, even though Rule 37(a)(5)(A) permits recovery against a party's "attorney," the Motion is limited to the Greens, likely because Standard did not want prior counsel to respond. This has caused substantial prejudice.

The exceptions to Rule 37 require that the Greens show substantial justification or other

---

[18] *Mercy v. County of Suffolk, New York*, 748 F.2d 52, 56 (2d Cir. 1984).
[19] *Lancaster v. Independent School Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998).
[20] *See id.* (no unreasonable delay because "plaintiff has not alleged prejudice").
[21] *MGA Entertainment, Inc.*, 2012 WL 4052023, at *5.
[22] *Id.*
[23] Docket No. 491.

circumstances that would make an award of expenses unjust. But the Greens' current counsel did not participate in the Discovery Motions (with the exception of the 516 Motion), did not attend the hearings, meet and confers, or depositions, was not included on the email communications, and did not otherwise participate in any matters that would inform the question of "substantial justification." Counsel has had to spend an inordinate amount of time parsing through hearing transcripts and small 500-word short form discovery motions trying to divine what the parties' substantive positions were, whether they were justified, and whether there are other circumstances to consider. And while prior counsel have given some cooperation, the issues are not "fresh" in their minds and they are under no obligation to defend the Greens here.

There is no explanation for Standard's delay and Standard should not be allowed to capitalize on the resulting prejudice to the Greens and their current counsel. Perhaps with the exception of the 516 Motion, which is not covered by Rule 37, Standard's Motion is untimely.

## IV.     STANDARD DID NOT PREVAIL ON SEVERAL DISCOVERY MOTIONS.

Standard's Motion invokes Rule 37(a)(5)(A) and (B). But, "Rule 37(a)(5)(A) only applies if the Court grants a party's motion to compel in full".[24] Standard did not prevail, or at least not "in full," on at least the following Discovery Motions: (1) 220 Motion; (2) 274 Motion; (3) 293 Opposition; (4) 318 Motion; (5) 348 Proposed Order; (6) 350 Motion; (7) 403 Motion; (8) 424 Motion; (9) 427 Motion; and (10) 465 Proposed Order. Either Standard's requested relief was granted in part, or not at all, or Standard's motion was actually denied. Standard cannot recover its fees for presenting arguments or requesting relief that the Court ultimately rejects.

---

[24] *Ross-Hime*, 124 Fed. Cl. at 78 (internal quotations and citation omitted).

## V.     STANDARD DID NOT MEET AND CONFER IN SEVERAL INSTANCES.

"[T]he court must not order…payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action".[25] Standard claims that it "only brought or defended each Discovery Motion after first attempting in good faith to resolve the underlying issue(s) via serial meet and confers and detailed written correspondence."[26] The available record reveals the opposite.

The 318 Motion was made orally at the April 6, 2017 hearing. Counsel is not aware of any advance meet and confer. The 348 and 465 Proposed Orders do not contain any certification that the parties met and conferred.[27] The 403 Motion never indicates that the parties met and conferred with respect to the requested relief, i.e. a status conference. The 424 Motion, while containing a meet and confer certification, is not much of a certification at all. Rather than request a meet and confer on the exact issues raised in the 424 Motion, it appears that Standard satisfied itself that meet and confers on other issues were sufficient. Remarkably, anticipating a dispute, Standard tries to blame the Greens for not requesting "a follow up meet and confer".[28] But as the movant, it is Standard's burden to ensure that a good faith meet and confer occurs.[29]

## VI.    THE GREENS' POSITIONS WERE SUBSTANTIALLY JUSTIFIED.

"Substantial justification" is "a less stringent standard characterized as 'not justifiable to

---

[25] Fed. R. Civ. P. 37(a)(5)(A)(i).
[26] Docket No. 559.
[27] Obviously a proposed order will not contain a meet and confer certification, but this highlights the problem with Standard's inclusion of proposed orders. First, Standard itself claims that it met and conferred with respect to each "Discovery Motion," which includes the 348 and 465 Proposed Orders. *See* Docket No. 559 at 8. This is obviously not true. Second, Rule 37(a)(5), by its terms, only applies to motions where a meet and confer is a prerequisite. A proposed order is obviously outside the scope of Rule 37's fee-shifting provisions.
[28] Docket No. 424 at 5.
[29] Fed. R. Civ. P. 37(a)(1)("referring to "the movant").

7

a high degree, but justified to a degree that could satisfy a reasonable person."[30] "Substantial justification" is satisfied where the issues present "novel facts and new legal questions on which there has been little published authority for guidance."[31] Or where there is "a good faith dispute concerning a discovery question".[32] With respect to Standard's Discovery Motions, the Greens' positions were substantially justified. The Greens hereby incorporate the briefing and oral arguments on the numerous Discovery Motions, including the Greens' Rule 72 objections, by this reference.[33] The briefing and arguments speak for themselves and the Greens will not rehash them here, but a few important points are addressed below.

With respect to the 220 Motion, it was not granted in full.[34] And Judge Shelby acknowledged how underlying issues were "a matter of debate" and how neither Judge Furse "nor the parties found any on-point authority".[35] Likewise, the 274 Motion was not granted in full. Where Standard wanted a broader limit on disclosure of its financial information, the Court intstead acknowledged that "defense counsel has to be allowed to inquire into what their defense might be as to those -- as to that material."[36] The 306 Opposition, like the 220 Motion, involved an acknowledgement by the Court that "there is not case law directly on point."[37] Finally, the 427 Motion was not granted in full. Rather than "prospectively exclude" the audio recording "in toto," the Court acknowledged how the contents of the audio recording may become relevant and

---

[30] *Sun River*, 800 F.3d at 1227 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).
[31] *Cont'l Cas. Co. v. St. Paul Surplus Lines Ins. Co.*, 265 F.R.D. 510, 531 (E.D. Cal. 2010).
[32] *Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981).
[33] *See* Docket Nos. 235, 268, 295, 298, 321, 337, 345, 362, 374, 377, 397, 406, 407, 410, 433, 435, 446, 452, 455, 467, 476, & 523.
[34] *See* Docket No. 313.
[35] Docket No. 458 at 5.
[36] Docket No. 345 at 50:1-5.
[37] *Id*. at 114.

provided a mechanism whereby the Greens can obtain leave to refer to the audio recording.[38]

With respect to the 293 Opposition, the Court did not deny the Greens any relief based on Standard's 293 Opposition. In fact, the Court rejected Standard's "improper subpoena" arguments: "the written discovery cutoff would not apply in this case" and "I do not see the subpoena as late."[39] Likewise, with respect to the 318 Motion, it was denied on the merits.[40] Judge Furse only stayed the deposition of Richard Reese to give Standard time to object to her ruling and because she had also permitted a stay of the Adam Dunn deposition.[41] And with respect to the 350 Motion, it was specifically denied.[42] And the deposition was not continued based on anything argued by Standard. Rather, the parties agreed to a continuance because Mr. Mumford had been temporarily removed from the case.

With respect to the 348 and 465 Proposed Orders, in addition to merely being proposed orders and not containing a meet and confer certification, the Court did not actually enter the proposed orders submitted by Standard. Rather, Judge Shelby entered his own written orders, in the one instance recognizing that underlying issues were "matters of debate" and that there was a lack of "on-point authority."[43]

With respect to the 353 Motion and related 383 Opposition, the Greens were substantially justified in disputing Standard's "diligence," which is required by Rule 16(b)(4).[44] This is

---

[38] Docket No. 442.
[39] Docket No. 301 at 35:11-36:3.
[40] Docket No. 345 at 57:17-24 ("I'm going to deny the motion…since the deposition has been noticed, I'm going to let that go forward.")
[41] *Id.* at 119-20; Docket No. 319 (only granting 318 Motion "until period to object to Order ECF No. 312 has expired").
[42] Docket No. 371
[43] Docket No. 458 at 5.
[44] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

especially true where the fact discovery deadline had already been extended several times,
Standard failing for several months to finish its discovery.

With respect to the 400 Motion, the issue was not whether the Greens had failed to make
any disclosure at all, but there was a legitimate dispute about whether the Greens should be
required to produce the documents of GW Green, a non-party. As the Greens argued, GW Green
had been dismissed from the case, and there was a dispute about the relevance of the documents
and whether Standard was actually advancing its own claims, as opposed to the claims of the
Harward Defendants.[45] Following the June 14, 2017 hearing, the Court took the matter under
advisement.[46] Further, the Greens were challenging relevance and proportionality, which they
were entitled to do, especially given the amount and cost of discovery up to that point.

With respect to the 401 Motion, there was a legitimate dispute about whether a settlement
privilege applied and whether Standard should be allowed more discovery on the issue, even
though it previously participated in full discovery and a trial in the Bankruptcy Court.[47]
Importantly, in support of its position, Standard relied on an opinion from Judge Furse: "[b]ased
on this Court's consideration of the above factors, the Court declines to recognize a federal
settlement privilege *under the facts of this case*."[48] The Greens were substantially justified in
attempting to distinguish the facts of *their* case, such that a settlement privilege could apply. This
is especially true where the *Hydro* case relied upon by Standard recognized that "[n]o consensus

---

[45] *See* Docket No. 406.
[46] Docket No. 475 at 34:19-22.
[47] *See* Docket No. 407.
[48] *Hydro Eng'g, Inc. v. Petter Investments, Inc.*, No. 2:11-CV-00139-RJS, 2013 WL 6635163, at *3 (D. Utah Dec. 17, 2013) (emphasis added) (unpublished).

exists" and that "courts have reached 'widely divergent conclusions.'"[49] And as with the 400

Motion, the Greens had a legitimate and substantial justification for challenging relevance and

proportionality given the amount and cost of discovery to that point.

With respect to the 403 Motion, it merely requested a status conference. And the Greens

did not oppose the requested status conference, but only responded to correct the many

misstatements of fact contained therein.[50]

With respect to the 424 Motion,  the Court acknowledged  that "[i]n many cases I will not

allow an attoney's eyes only designation on financial information" and also, "as counsel for

Standard has pointed out, there will likely come a time where this will need to be disclosed to the

clients."[51] The Greens were substantially justified, especially where counsel for Standard

acknowledged that at some point, the information would likely be disclosed. The Greens'

position on this issue, supported by ample authorities, was more fully set forth in their July 14,

2017 Objection.[52]

The Greens' positions, which are more fully articulated in extensive motion papers and

hearing transcripts, were substantially justified. And in any event, where Standard's Discovery

Motions are beyond the scope of Rule 37, where Standard did not even prevail on many of its

Discovery Motions, where Standard did not meet and confer in several instances, where

Standard's delay in bringing its Motion has resulted in prejudice to the Greens and their counsel,

"other circumstances make an award of expenses unjust."[53]

---

[49] *Id*. at *2.
[50] *See* Docket No. 410.
[51] Docket No. 467 at 79-80.
[52] Docket No. 455.
[53] Fed. R. Civ. P. 37(a)(5)(A)(iii).

DATE: January 18, 2018.

/s/ Joshua S. Ostler
Joshua S. Ostler
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2018, I filed a true and correct copy of the foregoing

MEMORANDUM IN OPPOSITION TO MOTION FOR REASONABLE EXPENSES

INCURRED IN MAKING OR DEFENDING DISCOVERY MOTIONS [DOC. 559] with the

Clerk of Court using the CM/ECF system, which sent electronic notification to all counsel of

record.

/s/ Joshua S. Ostler
Joshua S. Ostler

13